CARDENAS ISLAM & ASSOCIATES, PLLC
Attorneys for the Petitioner
175-61 Hillside Avenue, Suite 302
Jamaica, New York 11432
Telephone 347-809-7810

Barak Cardenas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

BRONX MIRACLE GOSPEL TABERNACLE WORD
OF FAITH MINISTRIES, INC. F/K/A                       Chapter 11
BRONX MIRCALE GOSPEL TABERNACLE, INC.         Case 19-12447(SMB)

                                            Petitioner.
-------------------------------------------------------------------X

## LIMITED OPPOSITION TO NOTICE OF PRESENTMENT

Bronx Miracle Tabernacle Word of Faith Ministries, Inc. f/k/a Bronx Miracle Gospel Tabernacle, Inc. ("Bronx Miracle"), by and through its undersigned counsel, pursuant to Local Rule 9074-1 and the chamber's rules of the Honorable Judge Stuart M. Bernstein, objects to the Newell Funding, LLC's ("Newell") Notice of Presentment as both unauthorized and defective. However, except as limited the opposition contained herein, the Debtor consents order proposed by Newell with the modifications enumerated below.

### Relevant Factual Background

On September 9, 2019, Newell filed an Ex Parte Motion of Newell Funding, LLC For Entry of An Order Pursuant to Bankruptcy Rule 2004 (Doc 25) ("2004 Motion"). The First 2004 Motion did not provide the Debtor with a time upon which said motion would be presented to the Court. On September 11, 2019, Newell filed a Notice of Presentment for an order permitting which referenced the First 2004 Motion of the debtor (Doc 26) ("Notice of Presentment"). Newell's

counsel represented, in an email on September 13, 2019, that the Notice of Presentment was filed at the direction of the Court. However, despite Newell's counsel's representation, Newell's counsel did not indicate that Judge Bernstein issued an order allowing it to deviate from Local Rule 9074-1 and his chamber rules. Further, no order permitting such deviation appears on the docket or has been otherwise forwarded to counsel for the Debtor. On September 13, 2019, after the time for objection had passed, Newell sought an order of the Court on its Notice of Presentment. On September 16, 2019, the Court issued an order seeking an opposition, if desired, to the proposed order from the Notice of Presentment.

## Argument

Despite claiming to have complied with the rules of this Court, Newell's Notice of Presentment does not. It is unauthorized and violates the debtor's due process right of notice and opportunity to respond as shown below.

### The Notice of Presentment Violates Local Rule 9074-1(b)(1)

The Notice of Presentment violates Local Rule 9074-1(b)(1) as Newell is fully aware that based upon the representations made by Newell in the Motion for 2004 Examination that the Notice of Presentment would be opposed. In Paragraph 10 and 11 of the Motion for 2004 Examination, Newell statements mislead. The property is insured. A copy of the insurance was presented to the US Trustee during its Initial Debtor Interview. The addition of the large creditor resulted from entities that Newell are familiar with which relate to the original transaction. The Debtor simply did not completely understand the complexities of the transaction in its first bankruptcy. Newell fully understands this fact. The representations appear to only seek to confuse the Court and to

undermine Bronx Miracle's attempt to rehabilitate.

It seems increasingly likely Newell will not agree to plan that does not pay the loan shark level of interest at 24% per year contained in the Debtor's mortgage. It is further clear that Newell is merely attempting to use every tool possible to attempt to either liquidate the Debtor or get a relief from stay. Hence, any willingness to agree to 2004 Examination in the past disappeared when Newell filed the Motion for 2004 Examination with incendiary representations and inferences which could be used at a later point to undermine the Debtor's effort for reorganization.

Further, it would be very difficult to respond to the extensive Ex-Parte Motion for Examination submitted by Newell in 48 hours. Clearly, Newell is aware of the challenges to respond to said Motion for Examination in such a short period of time. It forces the Debtor to object to the device used to accelerate its presentment to the Court. Instead of working with the Debtor, Newell sought to cram this Notice of Presentment through the Court knowing that it was likely based upon the statements contained therein that Debtor would oppose it. However, as shown below, the Debtor does consents to provide much of the discovery requested.

Since the rule prohibits a Notice of Presentment which will be contested, it is not surprising that Newell did not seek permission from Bronx Miracle's counsel to file a Notice of Presentment. In fact, Newell likely knew that the Debtor would likely oppose said examination which is why it did not send a copy of the 2004 Examination to the Debtor's counsel in advance so that any objectionable statements could be removed from the motion and the parameters of said 2004 Examination could be amicably agreed to.

Hence, the Notice of Presentment is not authorized by Local Rule 9074-1(b)(1) as based upon the representations in the Ex-Parte Motion for 2004 Examination, it was a motion likely to be opposed. Newell seeks to avoid constitutional safeguards that limit accelerated procedures to limited instances. The Notice of Presentment is intended for situations where an objection is not anticipated. Newell's 2004 Examination is not one.

### The Notice of Presentment Violates Local Rule 9074-1(b)(3)

In addition to violating Local Rule 9074-1(b)(1), the Notice of Presentment violates Local Rule 9074-1(b)(3). Pursuant to Local Rule 9074-1(b)(3), the right to object to a Notice of Presentment requires at a minimum three days' notice. Local Rule 9074-1(b)(3) requires that any objection be filed with the Court at least three (3) days before the Notice of Presentment is presented to the Court. Newell's Notice of Presentment only provided approximately forty-eight (48) hours' notice before the Notice of Presentment was presented to the Court. As it was filed on September 11, 2019 at approximately 11:11 AM and an objection was required on or before September 13, 2019 at 12:00 PM.

The Notice of Presentment is defective as it does not provide an adequate opportunity to object to the use of the Notice of Presentment as a tool upon which the Newell's Motion for 2004 Examination can be heard by the Court. It trammels upon the Debtor's due process right to challenge the Plaintiff's representations and relief based upon those representations.

**Consent To Said Examination Except As Contained Herein**

To be clear, the Debtor did agree to provide certain discovery to Newell. While the Debtor objects to tool used to accelerate the request based upon the representations contained therein, the Debtor does not wish to waste the assets of the estate delaying the discovery with objections over the form of the request and the representations by Newell regarding its need for the discovery. As such the Debtor objects to the form and the representations, but consents to the discovery except that the Debtor requests that the order be modified in the following manner:

1. Debtor requests that the Court enter the order based upon the consent of the parties to the discovery requests and not to the misleading representations contained in Newell's motion. Further, said Newell representations are not considered factual findings of the Court upon which the discovery order was entered.

2. Debtor requests that the Court indicate that a business day is Monday through Friday except on National Holidays and that any inspection be limited to the hours of 9 AM and 5 PM and said inspection not occur on Tuesdays between 12:00 – 1:00 PM when bible study is held. Such restriction is requested as the Debtor seeks to have the inspection be as less intrusive as possible as to not interrupt the prayer and other religious services of the Debtor.

3. Debtor requests that the inspection not occur until September 30, 2019 or thereafter as the Deacon who can provide a tour and has the most knowledge of the facilities and is familiar with the repairs made is on vacation until September 29, 2019.

4. Debtor requests that any deposition is not scheduled before October 7, 2019 as the Deacon to be designated by the Church to provide testimony is currently vacation out of the state and will not return until September 29, 2019. The Deacon will need time to prepare for the deposition.

## Notice

The Debtor provides notice of the objection by ECF and has sent a copy of the objection by email to all parties in interest and believes that said notice is sufficient such that no additional notice is required.

## Conclusion

The Notice of Presentment is defective and unauthorized. It is unauthorized by the local rules as it the representations contained therein are contested in violation of Local Rule 9074-1(b)(1) and it does not provide the adequate notice and opportunity to object in violation of Local Rule 9074-1(b)(3). Unfortunately, it is too often a common tactic by mortgagees to pursue unauthorized remedies and trammel upon a mortgagor's rights in attempt to deny debtors the protections of the law. Debtor's counsel certainly hopes that Newell does not continue intentionally or unintentionally to mirror the tactics of too many unscrupulous mortgagees.

However, the Debtor simply request that the order is entered upon consent of the parties and not based upon the representations by Newell as to the status and nature of the Debtor.

The Debtor only seeks to save their property and structure a plan that allows it to continue serve its local community with religious services. It does not seek to waste the resources of the estate fighting alleged abuses or misrepresentations.

**WHEREFORE**, the Debtor prays for an order granting the discovery upon consent based upon the modifications to the proposed order contained herein.

Dated: September 19, 2019
      Bronx, New York

                              CARDENAS ISLAM & ASSOCIATES, PLLC

                              */s/ Barak P. Cardenas*
                              _____
                              By: Barak P. Cardenas, Esq., Partner (BC-1276)
                              *Attorneys for Debtor*
                              175-61 Hillside Avenue, Suite 302
                              Jamaica, New York 11432
                              Tel: 347-809-7810
                              Fax: 914-861-0099