# CULLENandDYKMANLLP

44 Wall Street
New York, New York 10005-2407
Telephone (212) 732-2000 • Facsimile (212) 742-1219

**MICHELLE MCMAHON, ESQ.**
**PARTNER**
**DIRECT DIAL:** (212) 510-2296
**E-MAIL:** MMCMAHON@CULLENANDDYKMAN.COM

November 19, 2019

**VIA FEDERAL EXPRESS, EMAIL AND CM/ECF**
Judge Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
bernstein.chambers@nysb.uscourts.gov

    Re:    Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc., Case No. 19-12447 (SMB)

Dear Judge Bernstein:

Newell Funding, LLC ("Newell") submits this request that the Court direct above-referenced debtor (the "Debtor") to comply with the Notice of Deposition (the "Notice") issued by Newell and Order Granting Motion Of Newell Funding, LLC For Entry Of An Order Pursuant To Bankruptcy Rule 2004 [D.I. 30] (the "2004 Order") or schedule a conference to address the Debtor's failure to comply pursuant to Local Bankruptcy Rule 7007-1(b).

On October 23, 2019, Newell issued the Notice pursuant to the 2004 Order requiring the Debtor to designate a witness for deposition about "the Debtor's assets, liabilities, bankruptcy case and matters covered by the Newell Funding, LLC's First Request For Production Of Documents, served on the Debtor on October 3, 2019 as provided in Fed. R. Bankr. P. 7030 and Fed. R. Civ. P. 30(b)(6). On November 15, 2019, the Debtor produced Bernel Arthur Richardson, a deacon with the Debtor, for the deposition. The witness testified that he was not familiar with and was unable to answer questions regarding the value of the Debtor's property, insurance, income, expenses, bankruptcy filing, schedule of assets and liabilities, statement of financial affairs, mortgage, alleged claims against Newell, plan of reorganization, or Newell Funding, LLC's First Request For Production Of Documents (the "Document Requests").[1] In fact, the witness testified that he had not read the Document Requests referenced in the Notice and could not recall if he had read the Notice identifying the topics to be addressed at the deposition. In response to the questions regarding who would have information regarding the forgoing topics,

---

[1] I anticipate receiving a transcript of the deposition later this week and will provide a copy to the Court if the Court would like to review the transcript prior to making a determination regarding this request.

*Founded 1850*

**BROOKLYN**    **LONG ISLAND**    **MANHATTAN**    **WASHINGTON, D.C.**    **ALBANY**    **NEW JERSEY**

*CULLENandDYKMANLLP*

the witness named Keith Elijah Thompson as the individual with such knowledge in almost every instance.

After the deposition, on November 15, 2019, I sent Debtor's counsel the email attached hereto as Exhibit C demanding that the Debtor produce Dr. Thompson, the individual identified at the deposition as capable of testifying regarding the issues identified in the Notice, for deposition. I informed Debtor's counsel that if he did not respond to my email by end of day on Monday, November 18, 2019 with dates that Dr. Thompson would be available for deposition within ten days after November 15, 2019, I would seek relief from this Court. Debtor's counsel did not respond.

Newell believes that the Debtor's designation of witness Bernel Arthur Richardson was in bad faith. The Debtor has consistently obstructed Newell's efforts to obtain information regarding its collateral and the Debtor's reorganization efforts, or lack thereof. The Debtor, represented by Dr. Thompson, was unable to respond to questions at its 341 meeting, and despite offers at that meeting to produce referenced information and documents if subsequently requested, it failed to do so. Newell then sought and obtained the 2004 Order and issued the Document Requests and the Notice. The Debtor has not timely complied with either discovery request. The Debtor has had more than two months to provide information and documents addressing the Debtor's finances and efforts to reorganize, which are at the heart of this chapter 11 case. At every turn, the Debtor has resisted Newell's efforts to obtain this information and forced Newell to seek the Court's intervention.

Newell respectfully requests that the Court direct the Debtor to produce Dr. Thompson for deposition before November 25, 2019 at the address noted in the Notice and to provide dates by email to Newell's counsel within the next 24 hours that Dr. Thompson would be available for deposition within this period. Alternatively, Newell requests that the Court schedule a conference at its earliest convenience to address this discovery dispute pursuant to Local Bankruptcy Rule 7007-1(b). Thank you in advance for your time and attention to this matter.

Sincerely,

/s/ Michelle McMahon

Michelle McMahon
Cullen and Dykman LLP

cc:   Newell Funding LLC (via email)
      Barak Cardenas, Esq. (via email)
      Serene Nakano, Esq. (via email)