Barak P. Cardenas, Esq.
Cardenas Islam & Associates, PLLC
Attorneys for Debtor
175-61Hillside Avenue, Suite 302
Jamaica, New York 10604
Tel: (347) 809-7810
barak@cardenasislam.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

BRONX MIRACLE GOSPEL TABERNACLE WORD
OF FAITH MINISTRIES F/K/A                              Chapter 11
BRONX MIRCALE GOSPEL TABERNACLE         Case 19- 12447(SMB)

                                          Debtor

-------------------------------------------------------------------X

## MOTION FOR WITHDRAWAL OF COUNSEL AND
## MOTION FOR EXTENSION OF TIME

Cardenas Islam & Associates (the "Applicant"), attorneys for the above captioned Chapter 11 debtor ( the "Debtor"), respectfully requests that the Court allow said Application to withdraw as counsel for the Debtor effective nunc pro tunc to November 27, 2019 for the reasons explained herein. Further, pursuant to Federal Rules Bankruptcy Procedure 9006(b)(1) and Local Rule 9006(b), the Applicant requests that the Court grant the Debtor sufficient time to locate new counsel and to respond to the requirements of this Chapter 11 Bankruptcy proceeding including, but not limited to, an extension of time to respond to the Request for Production to Newell's Motion for Examination ("Newell's Motion") and the deposition of Pastor Keith Elijah Thompson.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Bankruptcy Rules 9006(b)(1), Local Rule 9006-2, and the Rules 1.16 of Rules of Professional Conduct.

## Relevant Factual Background

3. The Debtor commenced its Chapter 11 Bankruptcy proceeding on July 28, 2019.

4. On September 9, 2019, Newell filed an Ex Parte Motion of Newell Funding, LLC For Entry of An Order Pursuant to Bankruptcy Rule 2004 (Doc 25) ("2004 Motion"). On September 16, 2019, the Court issued an order seeking an opposition, if desired, to the proposed order from the Notice of Presentment.

5. The Debtor provided a timely limited opposition.

6. On October 3, 2019, the Court issued an order that allowed for Newell Funding to request an examination and request certain discovery from the Debtor based upon the Debtor's limited opposition.

7. On November 5, 2019, the Debtor sought a timely extension of time to comply with the discovery requests of Newell Funding.

8. The Court extended the time to comply with the discovery requests until November 27, 2019.

9. Based upon the Court's order, an inspection of the property by Newell Funding and its agents has occurred. Further, a deposition was conducted upon a representative of the

Debtor and a second deposition is scheduled for December 12, 2019. The Debtor is current with its fees to the US Trustee.

## Request for Withdrawal of Counsel

10. As counsel for the Debtor, the Applicant has taken significant steps to provide the Debtor with the requisite counsel and advise to help it navigate the challenges of Chapter 11 Bankruptcy.

11. However, despite the Applicant's best efforts, the Debtor and the Applicant have experienced communication problems, which has made it difficult for the Applicant to effectively counsel the Debtor with respect to its duties and responsibilities in these proceedings.

12. Despite the Debtor's claims otherwise, the Applicant has not been able to obtain the frank and open disclosure necessary to achieve the Debtor's alleged intentions regarding the resolution of the Chapter 11 proceeding.

13. The Applicant has had great difficulty in obtaining clear, complete, and concise information it deems necessary to effectively counsel the Debtor in this proceeding. In addition, the Debtor has made requests of the Applicant that Applicant believes are not warranted under existing law.

14. In light of the foregoing, at this time, the Applicant has no choice but to seek the relief requested herein.

15. The Debtor's principal is aware that a Chapter 11 debtor cannot proceed *pro se*, and that substitute counsel must be engaged to represent the Debtor before the bankruptcy court. Rule 1.16 of the Rules of Professional Conduct, as effective April 1, 2009 states, in relevant part:

> (c) Except as stated in paragraph (d), a lawyer may withdraw from representing a client when:
>
>> (4) the client insists upon taking action with which the lawyer has a fundamental disagreement;
>>
>> (6) the client insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law;
>>
>> (7) the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively.

16. While Applicant does not believe that it is advisable to state in detail the certain circumstances giving rise to various issues in this case, it will do so in camera, if the Court so requests. Accordingly, Applicant requests that it be permitted to permissively withdraw as counsel for the Debtor in its Chapter 11 case, and will take such steps as are necessary to turn over the Debtor's files to the Debtor or a representative of the Debtor.

### **Request To Extend Time**

17. Further, since the Debtor cannot represent itself "pro se", the Applicant requests that the Court grant the Debtor an extension of time of thirty days from the date that it locates new counsel to respond to the demands of Chapter 11 proceeding including, but not limited to, the discovery requests of the Newell Funding.

### **Entitlement to the Request**

18. The Applicant is entitled to the relief requested under the Rule 1.16 of the Rules of Professional Conduct as described above.

19. Further, the Applicant's request that the Court provide the Debtor adequate time to seek new counsel and to satisfy the requirements of the Chapter 11 proceeding is proper as the

Debtor cannot represent itself "pro se". Said extension of time has been made prior to the date of the expiration of the Court's order.

## Conclusion

20. Based upon the foregoing, the Applicant requests that the Court grant the Applicant's request.

Date: November 27, 2019

                                CARDENAS ISLAM & ASSOCIATES, PLLC

                                /s/ Barak P. Cardenas, Esq.
                                By: Barak P. Cardenas, Esq., Partner (BC-1276)
                                *Attorneys for Debtor*
                                175-61 Hillside Avenue, Suite 302
                                Jamaica, New York 11432
                                Tel: 347-809-7810
                                Fax: 914-861-0099