CULLEN AND DYKMAN, LLP
Michelle McMahon
44 Wall St.
New York, NY 10282
212-510-2296
mmcmahon@cullenllp.com

Thomas R. Slome
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
516-296-9165
tslome@cullenllp.com

Attorneys for Newell Funding, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                               Case No.: 19-12447 (SMB)
Bronx Miracle Gospel Tabernacle Word
of Faith Ministries, Inc.,

                                        Debtor.
------------------------------------------------------------X

**OBJECTION OF NEWELL FUNDING, LLC TO ANY FURTHER EXTENSION OF
TIME FOR DEBTOR TO RESPOND TO DOCUMENT REQUESTS AND LIMITED
OBJECTION TO MOTION FOR WITHDRAWAL OF COUNSEL [Dkt. No. 37]**

Newell Funding, LLC ("Newell"), by and through its undersigned counsel, submits this objection (the "Objection") to the Motion for Withdrawal of Counsel and Motion for Extension of Time [Dkt. No. 37] (the "Withdrawal Motion"). Specifically, Newell objects to the grant of any additional time for the Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor") to respond to document requests served more than two months ago reiterating requests for information and documents first made at the Debtor's Section 341 meeting held on August 27, 2019 and then in post-meeting correspondence. Newell also objects on a limited basis to the request to withdraw by Debtor's counsel. Contemporaneously herewith Newell is filing a motion seeking appointment of a Chapter 11 trustee, pursuant to 11 U.S.C. §1104(a) or, in the

1

alternative, relief from the automatic stay, including *in rem* relief, to permit Newell to complete a foreclosure sale stayed by this case, pursuant to 11 U.S.C. §362(d). Newell objects to counsel's withdrawal before Newell's motion can be heard and determined by the Court. In support of this Objection, Newell respectfully represents as follows:

## BACKGROUND

1. On March 6, 2008, Newell made a loan to the Debtor in the principal amount of $425,000 (the "Loan") secured by a mortgage (the "Mortgage") upon the real property at 2910 Barnes Avenue, Bronx, New York, 10467 (the "Property"). Minkoff Decl., ¶3. The Loan matured on March 5, 2009. *Id.* The Debtor has not repaid the Loan. *Id.*

2. Newell incorporates by reference, as if fully set forth herein, the detailed history of Mortgage, the foreclosure of the Mortgage, extensive pre-petition litigation in both State and Federal Courts between Newell and the Debtor set forth in the Motion Of Newell Funding, LLC To Appoint A Chapter 11 Trustee Or In The Alternative For Relief From The Automatic Stay (the "Trustee Motion"), ¶¶5-26, filed contemporaneously herewith. Newell also incorporates as referenced the supporting declarations and exhibits in the Declaration of Bruce Minkoff (the "Minkoff Decl.") and the Declaration of Michelle McMahon (the "McMahon Decl."), filed in support of the Trustee Motion.

3. On July 28, 2019, on the eve of the fourth scheduled foreclosure sale of the Property, the Debtor filed its second voluntary petition for relief (the "Second Chapter 11 Case") seeking relief under Chapter 11 of the Bankruptcy Code docketed as Case No. 19-12447 (SMB). *See* Dkt. No. 1. The Second Chapter 11 Case was the third bankruptcy filing to have delayed the sale, with a guarantor of the Loan having filed one in between the Debtor's two bankruptcy cases. Both previous bankruptcy cases were dismissed. Minkoff Decl., ¶¶5-10, 20-22 and 25-26.

2

4. Since commencement of the Second Chapter 11 Case, the Debtor has continued to operate its business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Second Chapter 11 Case.

5. To date, the Debtor has not filed any monthly operating reports.

6. The Debtor has not filed any applications to retain professionals.

7. Nearly four months ago, on August 27, 2019, the U.S. Trustee held the meeting of creditors and equity security holders required by section 341 of the Bankruptcy Code (the "341 Meeting"). Excerpts of the cited portions of an unofficial transcript of this meeting are attached to the McMahon Decl. as Exhibit B (the "341 Tr."). At the 341 Meeting, the Debtor's representative announced the Debtor's intention to obtain refinancing for the Loan and confirm a plan of reorganization. 341 Tr., pp. 23-24. However, the Debtor was unable to respond to several of the questions and requests for information posed by Newell about the financing and its financial affairs. Notably, the Debtor was unable to provide proof of insurance on the Property. 341 Tr., p. 12. The Debtor and its counsel promised to respond to these requests if presented by email. *Id.* The Debtor did not produce any of the requested information or documents despite repeated email requests.

8. On September 9, 2019, Newell filed a motion seeking to take discovery of the Debtor, including requests for document production (the "Document Requests"), an inspection of the Property and a Fed. R. Civ. P. 30(b)(6) deposition (the "Deposition"). On October 3, 2019, the Court granted Newell's motion in its Order Granting Motion of Newell Funding, LLC For Entry Of An Order Pursuant To Bankruptcy Rule 2004 [Dkt. No. 30] (the "2004 Order").

9. The Debtor refused on multiple occasions to comply with the 2004 Order. Newell

was forced to seek this Court's intervention to compel the Debtor's appearance at the Deposition and production of documents responsive to the Document Requests. *See* Dkt. Nos. 32 and 35. On the eve of the Debtor's deadline to produce documents, the Debtor filed a motion seeking a 30-day extension to December 3, 2019. *See* Dkt. No. 31. Newell opposed this extension and sought and was granted a court conference. *See* Dkt. No. 32. On November 13, 2019, the parties stated on the record that the Debtor would produce a representative for Deposition on November 15, 2019, and the Court directed the Debtor to produce documents to Newell by November 27, 2019 and to produce proof of insurance covering the Property within 24 hours. *See* Dkt. No. 34. The Court also directed the Debtor to file a motion to retain its counsel by this date. The Debtor produced proof of a certain deficient Property Insurance Policy (the "Property Insurance Policy") but to date has not produced any other documents responsive to the Document Requests or sought to retain its counsel.

10.  The Property Insurance Policy fails to satisfy almost all the requirements agreed to by the Debtor in the Mortgage as set forth in detail in the Trustee Motion. Trustee Motion ¶34. The Debtor was advised of these deficiencies by letter to its counsel dated November 30, 2019. *Id*.

11.  At the Deposition on November 15, 2019, the Debtor produced Bernel Arthur Richardson ("Richardson"), a deacon with the Debtor. As set forth in detail in the Trustee Motion, Richardson testified that he was not familiar with and was unable to answer questions regarding the value of the Debtor's Property, insurance, income, expenses, bankruptcy filing, schedule of assets and liabilities, statement of financial affairs, mortgage, alleged claims against Newell, plan of reorganization, or the Document Requests. Trustee Motion ¶35. Richardson identified Rev. Thompson as the individual with knowledge on these topics. *Id.* The Debtor

4

would not consent to produce Rev. Thompson for deposition and Newell was again forced to seek Court intervention to compel the Debtor's agreement to produce Rev. Thompson for Deposition and the Debtor responded to Newell's request for a conference by offering to make Rev. Thompson available on December 12, 2019. *See* Dkt. No. 34.

12. The Debtor did not file a motion to retain its counsel by November 27, 2019 as directed by the Court. Instead, Debtor's counsel filed the Withdrawal Motion seeking to withdraw as counsel for the Debtor (the "Withdrawal Request"). Debtor's counsel cited the following reasons for his withdrawal:

- Communication problems;

- Inability to obtain information regarding the Debtor's "alleged intentions" regarding the resolution of the Second Chapter 11 Case;

- Difficulty in obtaining information from the Debtor;

- Debtor's making of requests of counsel that counsel does not believe are warranted under existing law; and

- additional information Debtor's counsel offered only to provide to the Court for in camera inspection.

Withdrawal Motion, ¶¶11-13 and 16.

13. The Withdrawal Motion also sought an additional extension of the Debtor's deadline to produce documents responsive to the Document Requests, from the extended date of November 27, 2019 to an unspecified date of "thirty days from the date that [the Debtor] locates new counsel" (the "Extension Request"). Withdrawal Motion, ¶17. Debtor's counsel offers nothing in support of the Extension Request other than the fact that the Debtor cannot represent itself *pro se*, a problem of its own making. *Id*.

**OBJECTION**

14. Newell objects to the Extension Request and submits that the Debtor should not

5

be granted any additional time to produce documents responsive to the Document Requests. Newell objects on a limited basis to the Withdrawal Request and submits that counsel should continue to represent the Debtor through determination of the Trustee Motion in order to timely respond to the Trustee Motion and represent the Debtor at the December 12, 2019 Deposition.

**Objection to the Extension Request**

15.     The Debtor has had more than two months to respond to the Document Requests and more than three months to produce those documents first requested at the 341 Meeting on August 27, 2019. The Document Requests were limited in number (20) and scope to request documents only addressing the Debtor's finances and efforts to reorganize, which are at the heart of this Second Chapter 11 Case. If the Debtor does not have and/or is unable to produce these documents, then it should not be a debtor-in-possession.

16.     The Debtor offers no legal or factual arguments in support of the Extension Request. Moreover, Debtor's counsel's arguments in support of the Withdrawal Request make clear that the Debtor's failure to respond to the Document Requests is a result of the Debtor's intransigence. Withdrawal Motion, ¶¶11-13. The Debtor should not benefit from its own refusal to comply with the 2004 Order. The Extension Request should be denied.

**Objection to the Withdrawal Request**

17.     Newell objects on a limited basis to the Withdrawal Request and submits that counsel should be required to: (a) continue to represent the Debtor through determination of the Trustee Motion in order to timely respond to the Trustee Motion and represent the Debtor at the December 12, 2019 Deposition; and (b) preserve and account for all records of the Debtor put into his possession by the Debtor or third parties relating to the Debtor, including electronic records such as emails with the Debtor and its representatives, to be in a position to turn them

over to any chapter 11 trustee or any other party in interest which may be entitled to them, and to cooperate with any such trustee or party in interest.

18. Rule 2090-1(e) of the Local Bankruptcy Rules provides that "[a]n attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown." S.D.N.Y. LBR 2090–1(e). Rule 2090-1(e) is an adaptation of the Local Civil Rule on withdrawal, which provides an order permitting withdrawal will be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement *and the posture of the case, including its position, if any, on the calendar*." See S.D.N.Y. Local Civ. R. 1.4 (emphasis added); *see also In re Albert*, 277 B.R. 38, 45 (Bankr. S.D.N.Y. 2002) (noting that Rule 2090-1(e) is an adaptation of the Local Civil Rule 1.4, which therefore, informs the Bankruptcy Court's local rule). Accordingly, courts in this District have held that in order to be relieved as counsel, an attorney "must make an application for withdrawal supported by affidavit or otherwise and a showing of satisfactory reasons sufficient to constitute cause for withdrawal." *Id.*

19. Courts are "due considerable deference in decision not to grant a motion for an attorney's withdrawal." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (citation omitted) (granting motion to withdraw due to counsel's conflict of interest). "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel'." *Whiting*, 187 F.3d at 320-21 (citation omitted and brackets in the original). Where counsel's withdrawal will cause "undue and prejudicial delay" in the action, withdrawal should be denied. *In re Albert*, 277 B.R. 38, 50 (Bankr. S.D.N.Y. 2002) (denying withdrawal of counsel and stating: "I am further influenced by the litigation delay that would occur if the firm were permitted to withdraw at this time. In

addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.' Due to the complexity of the motion to date, and those that the Court is advised are to come, withdrawal at this time would cause undue and prejudicial delay.") (internal citations omitted and brackets in the original). *See also Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10-2333 (MEA), 2014 WL 1087934, *3 (S.D.N.Y. Mar. 19, 2014) (denying counsel's motion to withdraw where the "case has a lengthy history of litigation" and granting withdrawal "would have a sever (sic) impact on the progress" of the action); *Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, *2 (S.D.N.Y. June 7, 1996) ("I am further influenced by the litigation delay that would occur if the firm were permitted to withdraw. It would be too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees. I do not say that the defendants at bar are engaged in that tactic. I only say that the present record is insufficient to allow the withdrawal of the firm.").

20.     Newell does not object to Debtor's counsel ultimately withdrawing as counsel to the Debtor once the interests of creditors, including Newell, and the Court are protected and conditioned upon such protection. Specifically, Newell submits that Debtor's counsel should not be permitted to withdraw prior to adjudication of the Trustee Motion, and Debtor's counsel should be required to represent the Debtor on all matters prior to this date, including but not limited to at the December 12, 2019 deposition. Debtor's counsel's reliance on the allegations demonstrating that the Debtor is not working with counsel to progress the Second Chapter 11 Case and comply with the Debtor's obligations as a debtor-in-possession as the basis for withdrawal without presenting an alternative to the Court, creditors, and other parties in interest is untenable, particularly in light of the pending Trustee Motion.

8

21. Further, Newell submits that any withdrawal motion should be conditioned upon counsel's preservation of any and all records in his possession or control, including electronic and other communications with representatives of his client, providing a listing or inventory of any such information in its possession or control, and to cooperate with any trustee appointed in this case or replacement counsel regarding such records. As Debtor's counsel represents, he has had difficulty obtaining information from the Debtor or has been unable to obtain important information from the Debtor. Considering such difficulty, it is important to the Debtor's estate that any such information be preserved and accounted for by counsel and, if and when appropriate, turned over to any estate fiduciary in this case or any other party entitled to such information.

22. Newell suspects that the facts inducing the Withdrawal Motion are yet another in tactic in a multi-year effort by the Debtor to delay Newell's exercise of its rights, abusing both the Federal and State court systems as part of its scheme. The Withdrawal Motion provides no information on whether or when the Debtor intends on retaining new counsel or making any efforts to comply with the 2004 Order or its other obligations as a debtor-in-possession. In its prior bankruptcy case, the Debtor did not retain counsel until forced to do so to resolve a motion to dismiss filed by the office of the United States Trustee. Minkoff Decl., ¶7. Accordingly, Newell respectfully requests that the Court condition any grant of the Withdrawal Request as set forth herein.

WHEREFORE, for all the foregoing reasons, Newell respectfully requests that the Court deny the Extension Request, condition the Withdrawal Request to require Debtor's counsel to (i) represent the Debtor through adjudication of the Trustee Motion, and be required to represent the Debtor on all matters prior to this date, including but not limited to at the December 12, 2019

deposition and (ii) preserve any and all records in his possession or control, including electronic and other communications with representatives of his client, providing a listing or inventory of any such information in its possession or control, and to cooperate with any trustee appointed in this case or replacement counsel regarding such records grant such other and further relief as is just and appropriate under these circumstances.

Date: December 9, 2019                     **CULLEN AND DYKMAN LLP**

*/s/ Michelle McMahon*
Michelle McMahon
44 Wall St.
New York, NY 10282
212-510-2296
mmcmahon@cullenllp.com

Thomas R. Slome
100 Quentin Roosevelt Boulevard
Garden City, New York 11530-4850
516-296-9165
tslome@cullenllp.com

Counsel for Newell Funding, LLC

# CERTIFICATE OF SERVICE

      I, Michelle McMahon, hereby certify that on December 9, 2019, a true a correct copy of the foregoing Objection Of Newell Funding, LLC To Any Further Extension Of Time For Debtor To Respond To Document Requests And Limited Objection To Motion For Withdrawal Of Counsel [Dkt. No. 37] was served upon all parties listed below via First Class Mail and CM/ECF:

US Trustee's Office
Attn: Serene Nakano, Esq.
US Federal Office Building
201 Varick St., Room 1006
New York, New York 10014

Cardenas Islam & Associates PLLC
Barak P. Cardenas, Esq.
175-61 Hillside Avenue, Suite 302
Jamaica, New York 11432

                                                    */s/ Michelle McMahon*