**DEBORAH J. PIAZZA, CHAPTER 11 TRUSTEE**
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Deborah J. Piazza, Esq.
dpiazza@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re:                                                                              Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.
*aka* Bronx Miracle Gospel Tabernacle, Inc.,
                                                                                    Case No. 19-12447 (SMB)
                                    Debtor.
-------------------------------------------------------x

### APPLICATION FOR AN ORDER AUTHORIZING THE CHAPTER 11 TRUSTEE TO RETAIN TARTER KRINSKY & DROGIN LLP AS HER GENERAL COUNSEL

TO:  THE HONORABLE STUART M. BERNSTEIN
     UNITED STATES BANKRUPTCY JUDGE

Deborah J. Piazza, as Chapter 11 trustee ("Trustee" or "Applicant") of the bankruptcy estate (the "Estate") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor"), respectfully submits this application for an order, substantially in the form attached as **Exhibit "A"** (the "Proposed Order"), authorizing the Trustee to retain Tarter Krinsky & Drogin LLP ("TKD") as Trustee's counsel, effective as of January 28, 2020. In support thereof, the Trustee respectfully states as follows:

### SUMMARY OF RELIEF REQUESTED

1. I hereby seek an order of this Court, pursuant to sections 327(a) and (d) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing me to retain TKD as my general counsel in the Debtor's case. I believe counsel is necessary for me to liquidate the Debtor's real property; investigate other assets of the Estate; and review and analyze the financial affairs of the Debtor including, without limitation, the identification of potential litigation and avoidable transfers under Chapter 5 of the Bankruptcy Code. I am seeking authorization to retain the Firm effective as of January 28, 2020.

## JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and (b)(1). Consideration of this Application is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue of this case in this district is proper under 28 U.S.C. § 1408.

4. The statutory provisions governing the relief requested in this Application are Bankruptcy Code sections 327(a) and (d), Bankruptcy Rule 2014, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

5. On July 28, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

6. On December 9, 2019, the Debtor's mortgagee, Newell Funding LLC ("Newell") filed a motion (the "Newell Motion"), seeking the appointment of a Chapter 11 trustee or, in the alternative, an order lifting the automatic stay. By order entered on January 8, 2020, the Court entered an order directing the appointment of a Chapter 11 trustee [See Dkt. No. 41]. Shortly thereafter, the Office of the United States Trustee contacted me to determine whether

me or my firm, TKD, had any conflicts of interest which would impact my and/or TKD's ability to act in this case.

7. On January 27, 2020, an order was entered approving my appointment as Trustee. [See Dkt. No. 45.]

## RELIEF SOUGHT

8. Applicant seeks a court order, substantially in the form of the Proposed Order, authorizing me to retain TKD as my attorneys effective as of January 28, 2020 pursuant to sections 327(a) and (d) of the Bankruptcy Code. See 11 U.S.C. §§ 327(a) and (d).

9. Here, I need the assistance of counsel to represent me in a variety of matters, including (i) preserving the value of the Debtor's real property located at 2910 Barnes Avenue, Bronx, New York 10467 (the "Property"), (ii) obtaining a sale of the Property and a carveout for the benefit of the Debtor's estate, (iii) preparing and filing pleadings necessary for the successful administration of the Debtor's case, (iv) investigating the Debtor's operations and flow of monies, (v) investigating whether the Trustee has causes of action against third parties which could result in a recovery of monies for the benefit of creditors, and (vi) preparing all necessary motions, applications, orders and other legal documents that may be required under the Bankruptcy Code in connection with the Debtor's case.

10. A trustee may retain her firm to act as her counsel pursuant to section 327(d) of the Bankruptcy Code, which provides "The court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d).

11. Section 327(d) of the Bankruptcy Code is primarily designed to prevent an unscrupulous attorney from retaining herself and taking liberties in billing the estate for

services rendered, knowing that there is no independent trustee to review her claim. See In re SonicBlue, Inc., 2007 U.S. Dist. Lexis 86553, *11 (N.D. Cal. 2007) ("If the trustee wishes to appoint her own law firm, however, the court must find that doing so would be in the best interest of the estate.") (quoting 11 U.S.C. 327(d)); In re Butler Indus., Inc., 114 B.R. 695, 698 (Bankr. C.D. Cal. 1990), appeal dismissed on other grounds, ("The history of this related section of the Bankruptcy Code reflects the legislature's desire to avoid unnecessary expense which is not in the best interest of the estate, and acknowledges the potential for unnecessary expense when a law firm of which the trustee is a member is appointed."); see also In re Alexander, 129 B.R. 183, 185 (Bankr. D. Minn. 1991) (the purpose of Section 327 of the Bankruptcy Code is to ensure that no conflict of interest arises as a result of such employment.); In re Abraham, 163 B.R. 772, 780 (Bankr. W.D. Tex. 1994) (Same); In re Mich. Interstate Ry Co., Inc., 32 B.R. 325, 326 (Bankr. E.D.Mich.1983) (court denied retention when attorneys were not specialists in bankruptcy reorganization).

12. TKD has attorneys who have extensive experience in representing Chapter 11 and Chapter 7 trustees as general and special counsel in the United States Bankruptcy Courts for both the Southern and Eastern Districts of New York. Accordingly, I submit the retention sought herein, if approved, would enable the Debtor's estate to be administered in an expeditious and economical fashion, which will be in the best interests of the Debtor's estate, its creditors and other parties in interest.

13. In my affirmation (the "Affirmation") attached to this Application, which was executed by me in my individual capacity and in my capacity as a partner of TKD, I represent to the best of my knowledge and belief, that TKD and the employees of TKD do not presently

hold or represent any interest adverse to me as Trustee, or to the Debtor's estate or creditors of the estate.

14. As set forth in the Affirmation, Applicant has made, and it is anticipated that Applicant will continue to make, similar applications to retain TKD as counsel in other bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of New York in which Applicant is the trustee. In any of the cases in which TKD is retained as my counsel, unless the court directs otherwise, any award of fees and expenses to TKD in connection with such representation will be subject to a proper application to, and approval by, the Bankruptcy Court pursuant to Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, any pertinent Local Rules of the Bankruptcy Court, and any fee guidelines issued by the Executive Office for United States Trustees.

15. Based on the above, Applicant believes that TKD is a "disinterested person," as defined in Bankruptcy Code section 101(14).

16. TKD will charge rates for its services comparable to those charged by other firms for comparable services to be rendered. To the extent a partner renders certain legal services on my behalf, the hourly rates for partners during the year 2020 will be in the range of $530 - $725 and attorneys of TKD with the designation of "Associate" or "Counsel", the hourly rate for such Associate(s) or Counsel(s) during the year 2020 will be in the range of $338 - $665. To the extent that a legal assistant renders legal services on my behalf, the hourly rate for such legal assistant during the year 2020 shall be in the range of $260 - $325. Except where an increase in TKD's rates for any individual employed by TKD and providing services in this case is the result of an annual "step increase" historically awarded by TKD in the ordinary course to attorneys and legal assistants throughout the firm due to advancing

seniority and promotion, TKD shall file, prior to an increase in the rate of any attorney or legal assistant providing services in this case, a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, and the United States Trustee and counsel for the mortgagee, Newell. The supplemental affidavit shall explain the basis for the requested rate increase(s) and state whether I have consented to the rate increase(s).

17. No previous application to retain TKD as counsel to the Trustee in this case has been made to this or any other court.

18. Applicant respectfully submits (i) TKD is qualified to act as Trustee's counsel under Bankruptcy Code sections 327(a) and (d), (ii) such retention is in the best interest of the Debtor's estate, (iii) TKD is a "disinterested person," and (iv) TKD does not hold or represent an interest adverse to the Debtor's estate.

## **NOTICE**

19. Notice of this Application has been provided to (i) the Office of the United States Trustee; (ii) counsel for the Debtor, and (iii) counsel for Newell. The Trustee submits that no other or further notice need be provided.

**WHEREFORE**, I respectfully request entry of an order substantially in the form of the Proposed Order annexed hereto as Exhibit "A", authorizing me to retain Tarter Krinsky & Drogin LLP as my counsel as of January 28, 2020, and for such other relief as this Court may deem just and proper.

Dated: New York, New York
      February 10, 2020

                                 **DEBORAH J. PIAZZA, CHAPTER 11 TRUSTEE**

                By: /s/ Deborah J. Piazza
                      Deborah J. Piazza, Esq.
                      Tarter Krinsky & Drogin LLP
                      1350 Broadway, 11th Floor
                      New York, New York 10018
                      (212) 216-8000 telephone
                      (212) 216-8001 facsimile
                      Email: dpiazza@tarterkrinsky.com