**DEBORAH J. PIAZZA, CHAPTER 11 TRUSTEE**
Tarter Krinsky & Drogin LLP
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
dpiazza@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re:

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.
*aka* Bronx Miracle Gospel Tabernacle, Inc.

Chapter 11

Case No. 19-12447 (SMB)

Debtor.
-------------------------------------------------------x

**AFFIRMATION IN SUPPORT OF APPLICATION FOR RETENTION
OF TARTER KRINSKY & DROGIN LLP AS CHAPTER 11 TRUSTEE'S COUNSEL**

I, Deborah J. Piazza, affirm the following under penalty of perjury:

1. I am a panel trustee in the Southern District of New York and a partner at the law firm of Tarter Krinsky & Drogin LLP ("TKD" or the "Firm") with offices at 1350 Broadway, 11th Floor, New York, New York 10018. I am duly admitted to practice law before this Court.

2. I am the duly appointed Chapter 11 trustee of the estate (the "Estate") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor") in the Debtor's Chapter 11 case.

3. I believe TKD is qualified to act as the attorneys for the Trustee in this matter, as may be required during the course of this case.

4. To the best of my knowledge, TKD does not presently hold or represent any interest adverse to the Estate.

5. TKD is a "disinterested person" as defined by § 101(14) of the United States Bankruptcy Code (the "Bankruptcy Code").

6. In conducting this inquiry and preparing this affirmation, I used a set of procedures developed by TKD to ensure full compliance with the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court regarding the retention of professionals by a trustee. The process included running the names of the following parties through TKD's client database and contacts database:

a. Newell Funding, LLC
b. 829 Holding Corp.
c. Clair & Gjertsen
d. Con Edison
e. Marcia & Fred Campbell
f. Mr. Bernel Richardson
g. Mr. Cleveland Barnes
h. Mr. Erold D. Williams
i. Mr. Franklyn Robinson
j. Mr. Horace Hall
k. Mr. Williams S. Wright
l. Mrs. Nadine McDonald
m. Mrs. Susan Moore
n. Ms. Annie Moore
o. Ms. Carolyn Skinner
p. Ms. Cynthia Williams
q. Ms. Hermin Young
r. Ms. Icymay Thomas
s. Ms. Jean Weise
t. Ms. Jeanette Brown
u. Ms. Maxine Rose Hall
v. Ms. Princess Dubidad
w. Ms. Tracy-Ann Moore
x. Ms. Winsome Rainford
y. NYC Dept Of Finance
z. NYC Dept Of Building
aa. Optimum
bb. New Horizons Shopping Mall
cc. Pastor Keith Elijah Thompson
dd. Sharon & Steve Burton
ee. Storage Extra Space
ff. T-Mobile

gg. Keyesss Corp.

7. Other than as detailed herein, neither I, TKD, nor any member of the Firm, any attorney who is "of counsel" to the Firm nor any associate thereof, to my actual knowledge:

   a. Is a creditor of the Debtor (including by reason of unpaid fees for services rendered prior to the date of this affirmation);

   b. Is a direct or indirect equity security holder of the Debtor;

   c. Is or has been an officer, director or employee of the Debtor, or an "insider" of the Debtor as that term is defined in Section 101(31) of the Bankruptcy Code;

   d. Presently represents a creditor of the Debtor or a person otherwise adverse or potentially adverse to the Debtor or the Debtor's Estate, on any matter substantially related to the Debtor's Chapter 11 case;

   e. Has any connection with the Debtor, the United States Trustee or any employee of the United States Trustee's office, or any of the Debtor's creditors; or

   f. Has any other interest, direct or indirect, which may affect or be affected by the proposed retention other than as set forth below.

8. No promises have been made to, or received by, TKD, its partners or associates as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. TKD has no agreement regarding the sharing of compensation with any person or entity other than its economic arrangements with its own partners and associates. TKD has no agreement with any other entity to share any compensation received in connection with this case, nor will any be made, except as permitted under § 504 of the Bankruptcy Code.

9. I believe the retention of TKD as counsel to the Trustee would be in the best interest of the Debtor's estate as TKD and its attorneys have extensive experience in real estate bankruptcy cases. Finally, TKD is general counsel to me in my capacity as Chapter 7 and

Chapter 11 trustee in most of the cases I am appointed as a Chapter 7 or Chapter 11 trustee so TKD's attorneys are familiar with my general strategy.

10. TKD has not undertaken and shall not undertake the representation of any other entity or individual in this case if TKD is retained to represent me as trustee.

11. If I or TKD discover any information that is inconsistent with the statements made herein or otherwise relevant to the disclosures, I or TKD will file and serve a supplemental affidavit disclosing such information.

Affirmed this 10th day of February, 2020

/s/ Deborah J. Piazza
**Deborah J. Piazza, Esq.**
dpiazza@tarterkrinsky.com