UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re:

BRONX MIRACLE GOSPEL TABERNACLE     Chapter 11
WORD OF FAITH MINISTRIES, INC.
*aka* Bronx Miracle Gospel Tabernacle, Inc.,

                                                       Case No. 19-12447 (SMB)

                                     Debtor.
-------------------------------------------------------x

## ORDER AUTHORIZING TRUSTEE TO RETAIN TARTER KRINSKY & DROGIN LLP AS TRUSTEE'S COUNSEL AS OF JANUARY 28, 2020

Upon the application (the "Application") of Deborah J. Piazza, as Chapter 11 trustee (the "Trustee") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor") seeking the entry of an order pursuant to sections 327(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Bankruptcy Rules, authorizing the retention of Tarter Krinsky & Drogin LLP ("TKD") as general counsel to the Trustee effective as of January 28, 2020; and upon the affirmation of Deborah J. Piazza dated February 10, 2020 in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that (a) TKD does not hold or represent any interest adverse to the Trustee or the Debtor's estate; (b) TKD is a disinterested person within the meaning of

section 101(14) of the Bankruptcy Code; and (c) TKD's employment is necessary and would be in the best interests of the estate; it is

**ORDERED**, that the Trustee be, and hereby is, authorized pursuant to Bankruptcy Code section 327(a) and (d) and Bankruptcy Rule 2014, to retain TKD as counsel to the Trustee effective as of January 28, 2020, for the purposes, of, among other things, (i) preserving the value of the Debtor's real property located at 2910 Barnes Avenue, Bronx, New York 10467 (the "Property"), (ii) obtaining a sale of the Property and a carveout for the benefit of the Debtor's estate, (iii) preparing and filing pleadings necessary for the successful administration of the Debtor's case, (iv) investigating the Debtor's operations and flow of monies, (v) investigating whether the Trustee has causes of action against third parties which could result in a recovery of monies for the benefit of creditors, and (vi) preparing all necessary motions, applications, orders and other legal documents that may be required under the Bankruptcy Code in connection with the Debtor's case; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that TKD shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court upon appropriate notice and a hearing; and it is further

**ORDERED**, that prior to any increases in TKD's rates for any individual employed by TKD and providing services in this case, TKD shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the

rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code; provided however, that the terms "increases in TKD's rates" and "rate increases" as used in this Order shall not include annual "step increases" historically awarded by TKD in the ordinary course to attorneys and legal assistants throughout the firm due to advancing seniority and promotion.

**No Objection to Entry of this Order:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE


By: /s/ Andy D. Velez-Rivera
    Andy D. Velez-Rivera, Esq.
    Trial Attorney


Dated: New York, New York
       **February 11, 2020**

                                      **/s/ STUART M. BERNSTEIN**
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE