

Monte Chandler, Counsel
Email: thechandlerlawfirm@icloud.com
Phone: (516) 280-8713

March 20, 2020

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re: Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc
        Chapter 11 Case No. 19-12447 (SMB)

Dear Judge Bernstein:

I write this letter pursuant to the telephone conference we shared this morning to apprise the Court of a few alarming issues that demand the Court's attention and action. We thank you in advance for this opportunity as we are well aware of the amount of time that has been committed to this matter. This is one of those rare instances whereby the Church seeks to move the Court *in the interest of justice due to new evidence*. The primary issue is whether the Parties complied with Religious Corporation Law whereby Parties must petition the Court or the Attorney General to affirm the mortgage. This issue was never litigated. To date, neither party has petitioned the Court or the Attorney General. We believe that if the Court does not exercise its authority in the interest of justice, the Court will

knowingly and complicitly affirm an invalid or illegal oppressive mortgage and divest the Bronx Miracle Church of its only financial asset. Secondly, we have a viable plan of action to satisfy the biggest creditors and additional unsecured creditors. We invite the Court's attention to the relevant case law and pray that the Court would provide the Church with the following remedies:

1. Stay or Dismiss the entire proceeding remanding the parties to seek Attorney General approval or leave of Court to approve the mortgage between parties, and relieve the currently assign Trustee, and or;
2. Grant the Church 180 days to refinance the mortgage which will allows the church the ability to pay off their creditors and empower the Church to implement their Debt financing plan with Erudite Consulting and known developers who are will, ready, and able to engage the Church in a Joint Venture; and
3. Grant the Church Sixty days to enforce the pre-approved financing granted by Erudite Consulting LLC, in the amount of $1,885,000 to satisfy the defendant's creditor, Newell Funding, without stripping away their only asset and House of Worship; and
4. Sixty days to construct an acceptable plan that would satisfy all additional unsecured creditors as upon acceptance Bronx Miracle will enlist the Chandler Law Firm and its agents to devise a reorganizational plan and a development plan that will bring in additional revenue for the Church; and
5. For the plan to be successful, the church must continue to remain in operation. We ask that the Trustee is stayed from marshalling the building.

## ARGUMENT

It is well settled that the Religious Corporations Law 12(1), requires a religious or non profit organization to seek court leave to mortgage, sell, lease church property for more than 5 years. The members or trustees in accordance with RCL rules must agree to the sale of the church. (Dong v. First Korean Church of New York, 151 A.D.3d 930, 930, 54 N.Y.S.3d 451, 452 (N.Y. App. Div. 2017), where the Court affirmed the Attorney General's letter to the church stating that a lack of consent by the trustees to sell the church created a non binding instrument). The church must petition the Attorney General, allowing 15 days' notice. NPCL §511 The petition must state the location,

time, and place of the hearing. Anyone with or without interest in the church has an opportunity to be heard regarding the potential decision of the petition. Id.

If there is no leave of court prior to the sale, mortgage or lease of the church property (as in the matter before us), plaintiff can retroactively obtain ratification by the Attorney General if all of the authority figures(trustees and/or members, as categorized under RCL 12(1) and (200) consent and further satisfy the qualifications stated under RCL 12(9). Ratification under RCL 12(9) and (200), permits the the Attorney General to confirm a prior sale, lease, mortgage if the 2 prong test is fulfilled where: (1) the terms and considerations of the contract were not unwise; and (2) the transaction is in the best interest of the members. The terms and considerations of the contract of sale, lease, or mortgage are determined as unwise when the court considered the totality of the circumstances at the time the deal was struck. (Church of God Prospect Plaza v Fourth Church of Christ Scientist, of Brooklyn, 76 A.D.2d 712 (2d Dept. 1980)). Additionally, the transaction is in the best interest of the members when the membership is still realized and promoted in light of the current circumstances that the church is facing. Id. In addition, the Court of Appeals in Church of God Prospect Plaza, stated that "By statute, a religious corporation may not sell any of its real property without applying for and obtaining leave of court" (Religious Corporation law, section 12 (1). **Since the sale occurs when the contract is made, court approval is required before the contract becomes binding**. Id. at 998 (1981). Here, the hard money and oppressive loan to the Church was never even considered by the Court or the Attorney General which vitiates the purpose of the statute. The purpose of the statute is to protect the members of the religious corporation, the real parties in interest, from loss through unwise bargains and from perversion of the use of property. Id at 716.

For example, in John T. Walsh Enterprises, LLC v. Grace Christian Church, 62 Misc. 3d 1224(A) (N.Y. Sup. Ct. 2019), the Supreme Court dismissed a foreclosure action against the defendant Church by determining that it was invalid when the mortgage did not comply with the RCL 12(1) or RCL 12(9) and (200). The church did not request leave of court to obtain the mortgage, but retroactively sought to ratify the contract. The court looked at the terms and determined that the church *was desperate for funds that it otherwise would be unable to secure elsewhere at the time that the loan was obtained.* The terms required the church to pay more than

they would be able to afford at the time of collection and unilateral increases in payments and interest over time. Subsequently, the court reasoned that the loss of the house of worship due to unpaid loans upon inevitable foreclosure would not be in the best interest of the members of the church.

The matter before us deals with a mortgage that is governed by RCL section 12 (9) and (200) which also states that:

"Upon the application of the corporation, *or of the mortgagee*, the court may authorize a mortgage "if it shall appear, to the satisfaction of the court, that the consideration and terms of the transaction are fair and reasonable to the corporation and that the purposes of the corporation or the interest of the members will be promoted. The statute clearly places the responsibility to seek approval on both parties. It is the Church's position that if the Court or the Attorney General would have reviewed the terms of the loan that are dangerously close to usury terms, prior to the execution of the mortgage, the Court would have found it unwise for the Church to pursue this venture. Our matter before the Court is analogous to the facts and decision in *John T. Walsh Enterprises, LLC v. Grace Christian Church*, 113 N.Y.S. 3d 831, 2019 Slip Op. 50247 (U). In *Grace Christian Church*, the pastor alleged that he was deluded and never consulted as here, of the judicial approvals that were necessary to authorize the mortgage and otherwise did not serve the Defendant's best interest in the transaction. In both cases no approval was obtained. In addition the terms of the Bronx Miracle's mortgage are so predatory that the loan for 400,000.00 dollars quickly escalated to 1.7 million dollars. As such, the Court in *Grace Christian Church* as in many other matters, refused to approve the conveyances pursuant to the RCL statute and as a result, the court declined to grant nunc pro tunc to the subject mortgage, which was then deemed invalid under the RCL section 12 (1). We implore this Court to respond in kind.

Lastly, the Church recognizes the time and circumstances that has brought us together. However, the Court does have the authority to use its discretion in the interest of justice. Under CPLR 5015(a), a court has "inherent discretionary power" to vacate a default judgement for a number of reasons, including excusable neglect; **newly- discovered evidence**; fraud, misrepresentation or other misconduct by an adverse party ; lack of jurisdiction ; or upon reversal, modification or vactur of a

prior order. Woodson v. Mendon Leasing Corp., 100 N.Y.2d 62, 68, 790 N.E.2d 1156, 1160 (2003). In addition to the grounds that are set forth in the statute, a court may vacate its own judgment for sufficient reason and in the interests of substantial justice. Ladd v. Stevenson, 112 N.Y. 325, 332, 19 N.E. 842 [1889]. The decision to set aside a default, is generally left up to the discretion of the Supreme Court. Hudson City Sav. Bank v. Cohen, 120 A.D.3d 1304, 1304, 993 N.Y.S.2d 66, 67 (2014) In Hudson City, the Appellate Division affirms the Supreme Court's decision to vacate the defendant's judgment of foreclosure and sale and set aside the sale when the court reasoned that the plaintiff had "knowledge of facts that would lead a reasonable, prudent lender to make inquiries of the transaction at issue." (see Hudson City Sav. Bank v. Cohen, 120 A.D.3d 1304, 1304, 993 N.Y.S.2d 66, 67 (2014)).

The Viable Plan of Action:

The Chandler Law Firm and its agents are more than capable of leading and consulting the Church to make wise decisions regarding the development of their property. The Church has tremendous potential to house a daycare center, there are numerous developers who are willing and able to engage the Church in a Joint Venture that will diminish the Church's debt and add additional revenue to their budget. We ask the Court to afford us this opportunity so the Church will not endure the catastrophic losses due to the attorneys who failed to competently advise the Church.

Kindly,

Monte Malik Chandler
Chandler Law FIrm PLLC
70 E. Sunrise Highway
Valley Stream, New York, 11581

thechandlerlawfirm@icloud.com