

Cullen and Dykman LLP
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
T: 516.357.3700
F: 516.357.3792

*THOMAS R. SLOME*
*PARTNER*
*DIRECT: 516-296-9165*
*E-MAIL TSLOME@CULLENLLP.COM*

March 23, 2020

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

    Re:  Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc.
          Case No. 19-12447 (SMB)

Dear Judge Bernstein:

    This letter is being filed on behalf of Newell Funding, LLC ("Newell") in response to the letter filed by The Chandler Law Firm on behalf of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor").

    The Debtor's letter does not dispute any of the reported actions of the Debtor's agents in thwarting the ability of the chapter 11 trustee (the "Trustee") to secure the Debtor's real property located at 2910 Barnes Avenue, Bronx, New York 10467 (the "Property"). Instead, the Debtor asserts the false and previously adjudicated allegation that the mortgage (the "Mortgage") held by Newell is unenforceable because Attorney General approval of the Mortgage was required. The Debtor's letter further requests, without any factual or legal basis, that the Trustee, who was appointed pursuant to a final order of this Court upon the Motion of Newell Funding, LLC To Appoint A Chapter 11 Trustee or In the Alternative for Relief from The Automatic Stay (the "Trustee Motion") [Dkt No. 39] demonstrating ample cause for such appointment, should be relieved of her duties as trustee.

    The Debtor's letter raises a vague notion of the interests of justice based on alleged "new evidence" that is in fact not new but rather quite old and found to be false. The issue of the

---

FOUNDED 1850

NEW YORK    NEW JERSEY    WASHINGTON DC

1915348



enforceability of the Mortgage, including on the grounds relating to Attorney General approval, was adjudicated by the Supreme Court of the State of New York, Bronx County (the "State Court") and is thus *res judicata*, as was previously found and adjudicated by this Court in the Debtor's prior bankruptcy case. The only real injustice present in this case is the Debtor's conduct spanning more than decade of default and abuse of the State Court and Bankruptcy Court with frivolous and improper attempts to delay the legitimate rights of Newell, including by filing a multitude of unsuccessful and repetitive motions in the State Court, repetitive unsuccessful bankruptcy cases of the Debtor and a guarantor of the Mortgage loan, and now by obstructing the Trustee.

The Debtor's claims in its letter are similarly frivolous and a mere continuation of its scheme to hinder and delay Newell's rights and now also to obstruct the Trustee from carrying out her duties. The Debtor's actions in refusing to let the Trustee secure and seal the Property also potentially violate the Governor's executive order and endanger lives, both of which could create liability for the Debtor's estate.

The Debtor's opposition to the relief that the Trustee is seeking should be rejected for several reasons, including (1) there are no grounds set forth in the letter that would justify the unlawful actions of the Debtor's agents in denying the Trustee access and control of the Property, (2) the Debtor is plainly wrong (again) in its assertion that the Mortgage is unenforceable, and (3) the Debtor is barred from raising the enforceability of the Mortgage under the doctrine of *res judicata*.

First, the Debtor's erroneous assertion regarding the Mortgage has nothing to do with the relief the Trustee is seeking from this Court, which is to aid her in her ability to secure the Property by removing any occupants and changing the locks.

Second, the premise for the Debtor's assertion that there may be an infirmity with the Mortgage because there was no Attorney General approval is simply wrong, and the Debtor knows this to be the case. Such approval is not needed for a not-for-profit religious corporation to give a mortgage <u>to purchase real property</u>. *See* New York Attorney General's Guide to Sales and Other Dispositions of Assets by Religious Corporations Pursuant to Religious Corporations Law § 12 and Not-For-Profit Corporations Law §§ 510, 511 and 511, at page 5, found at https://www.charitiesnys.com/pdfs/religious_corporations_disposition_assets.pdf ("Purchase money mortgages (a mortgage taken out at the time of purchase and secured by the new property, as distinguished from mortgaging any property currently owned) are not subject to review by the Attorney General unless the mortgage encumbers other property already owned by the petitioner.").

This issue was raised in and rejected by the State Court. Attached as Exhibit "1" is a decision of the State Court dated April 26, 2018 (the "State Court Decision"), where at page 7 the State Court rejected the argument that Attorney General approval was required for the Mortgage because the mortgage loan was used to purchase the Property.



Third, any such argument is not only irrelevant to the relief sought by the Trustee and factually and legally wrong, it is precluded by *res judicata*. Newell holds a long-final judgment of foreclosure (the "Judgment") issued by the State Court, relating to the Property. A detailed history of the Property and Judgment are set forth in the Trustee Motion at pages 3-8.

As determined by this Court and the State Court on multiple occasions, the Debtor has no basis to contest or vacate Newell's Judgment or assert any claims against Newell relating to the foreclosure process. Yet, the Debtor continues to push the false narrative that it can contest the Judgment and therefore it can reorganize and retain the Property. As outlined in the Trustee Motion, the Debtor contested the foreclosure action by serving an answer, opposing Newell's motion for summary judgment and making two separate and unsuccessful post-judgment motions to vacate the Judgment. To the extent the Debtor is asserting it may have grounds, as incorrect as they are, to set aside a "default" judgment regarding the enforceability of the Judgment, the Debtor's argument clearly is without merit as the Debtor repeatedly attempted to contest its liability to Newell throughout the foreclosure action and all such efforts were unsuccessful.

This Court also ruled on these issues as part of its grant of the U.S. Trustee's second motion to dismiss the Debtor's prior Chapter 11 Case, docketed as Case No. 17-11395 (SMB) (the "First Chapter 11 Case"). On May 24, 2018, the Court granted the U.S. Trustee's motion and dismissed the Debtor's First Chapter 11 Case [First Chapter 11 Case, Dkt. No. 64] (the "Dismissal Decision"). A copy of the Dismissal Decision is attached as Exhibit "2". In the Dismissal Decision, the Court rejected the Debtor's assertion that the Debtor lacked the authority to enter into the Mortgage and that it could successfully challenge the Judgment as well as assert claims against Newell. Dismissal Decision, pp. 4-5. The Court held that the Debtor's ability to contest the Judgment and its claims against Newell had been adjudicated by the State Court and denied. *Id*. at 5.

The prior rulings of both the State Court and this Court are *res judicata* as to all issues related to the Judgment, the Mortgage and the foreclosure, and the Debtor's rejected assertions cannot be used as a basis to delay the relief that the Trustee is seeking.

For all these reasons, Newell respectfully requests that this Court grant the relief sought by the Trustee and such other and further relief as may be just and proper.

Respectfully submitted,

*/s/ Thomas R. Slome*

Thomas R. Slome