UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
In re:                                                  :
                                                        :        Chapter 11
BRONX MIRACLE GOSPEL TABERNACLE          :
WORD OF FAITH MINISTRIES f/k/a               :        Case No. 17-11395 (SMB)
BRONX MIRACLE GOSPEL TABERNACLE,      :
                                                        :
                            Debtor.                     :
-----------------------------------------------------------X

## MEMORANDUM DECISION GRANTING MOTION TO DISMISS CASE

**A P P E A R A N C E S**

**CARDENAS ISLAM & ASSOCIATES, PLLC**
*Attorneys for Debtor*
175-61 Hillside Avenue, Suite 302
Jamaica, New York 11432

> Barak P. Cardenas, Esq.
>         Of Counsel

**WILLIAM K. HARRINGTON**
United States Trustee
U.S. Federal Office Building
201 Varick Street, Rm 1006
New York, New York 10014

> Serene K. Nakano, Esq.
>         Of Counsel.

**ROBINOWITZ COHLAN DUBOW & DOHERTY LLP**
Attorneys for Newell Funding, LLC
199 Main Street
White Plains, New York 10601

> Bruce Minkoff, Esq.
>         Of Counsel

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The United States Trustee has moved to dismiss this chapter 11 case.  His motion

is supported by Newell Funding, LLC ("Newell"), the sole secured creditor of the

debtor's principal asset, and is opposed by the debtor.  For the reasons that follow, the

motion is granted.

## BACKGROUND

The debtor is a not-for-profit religious corporation that filed this chapter 11 case

*pro se* on May 22, 2017.  After retaining counsel, it filed Schedules (ECF Doc. # 15)

indicating that its principal asset was real estate (the "Property") worth $3.5 million

located in the Bronx.  The Property was encumbered by a mortgage in the sum of $1.1

million held by Newell, and the Schedules did not list Newell's secured claim as

contingent, unliquidated or disputed.  In addition, the debtor did not schedule any

causes of action or claims against third parties.  The Schedules were signed under the

penalty of perjury by Rev. Dr. Keith Elijah Thompson, the president of the debtor.

On November 13, 2017, Newell moved for relief from the automatic stay.  (ECF

Doc. # 29.)  The motion for stay relief revealed that Newell had made a $425,000 loan

secured by the Property on March 5, 2008, and the loan matured one year later.  The

debtor defaulted, Newell commenced a mortgage foreclosure action, and the state court

granted a Judgment of Foreclosure on March 2, 2017 which included a money judgment

in the sum of $1,196,033.99 (the "Judgment").  Newell subsequently filed a proof of

claim in the amount of $1,381,054.53, and submitted an appraisal in connection with its

motion for stay relief ascribing a value of $710,000.00 to the Property.

The debtor responded to Newell's motion acknowledging that it would have to

return to state court for the relief it needed.  (*See Affidavit of Dr. Keith Elijah

Thompson in Response to the Motion of Newell Funding for Relief from the Automatic*

2

*Stay*, sworn to Dec. 5, 2017 ("*Response*") (ECF Doc. # 30).)  Rev. Thompson stated his

belief that the Judgment "was entered upon false information provided to the State

Court," (*id.* ¶ 15)*,* and concluded:

> I am prepared to take this matter back to the State Court where the Church
> will be able to pursue all of its State Court remedies as I am currently in
> possession of newly discovered information to challenge the Judgment
> and I believe that at this time it is in the best interest of the Church that
> the Church seeks recourse in the State Court in order to attack the
> Judgment.

(*Id.* ¶ 16.)  In light of the debtor's position, the Court granted stay relief to Newell to

complete the foreclosure and permit the debtor to pursue the claims identified in the

*Response.*  (ECF Doc. # 33.)

The U.S. Trustee thereafter moved to dismiss the case on January 8, 2018.[1]  He

argued that the Court had granted stay relief regarding the Property, there was

substantial loss to the estate and there was no likelihood of rehabilitation.

(*Memorandum of Law in Support of Motion of the United States Trustee to Dismiss

this Case*, dated Jan. 8, 2018 (ECF Doc. # 38-4).)

The debtor, through new counsel, opposed the motion to dismiss.  (*See Letter

from Barak P. Cardenas, Esq. to the Court*, dated May 11, 2018.)  It contended that

there had been no diminution to the estate and there was a reasonable likelihood of

rehabilitation.  Specifically, the debtor asserted that Newell had converted and/or failed

to allocate to the debtor certain alleged excess rents pledged by Rev. Thompson that

were generated by properties he personally owned.  The debtor also asserted that it had

---

[1]     Because the debtor is a not-for-profit corporation its case cannot be converted to chapter 7 unless
the debtor requests conversion.  11 U.S.C. § 1112(c).

a legal malpractice claim against its attorney in the state court foreclosure action for
failing to raise the debtor's lack of authority to enter into the Newell mortgage and a day
care center that was formerly a tenant on the Property.

## DISCUSSION

Bankruptcy Code § 1112(b) authorizes a court to dismiss a chapter 11 case for
cause. "Cause" includes a "substantial or continuing loss to or diminution of the estate
and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112 (b)(4)(A).
The last monthly operating report filed by the debtor covering November 2017, (ECF
Doc. # 51), showed a cumulative net operating loss of $45,140.29 since the Petition
Date. Adding in the unpaid chapter 11 expenses, the cumulative net loss totaled
$82,838.29. By memorandum endorsement and order signed May 7, 2018, the Court
granted the debtor's request to have until May 18, 2018 to file the remaining monthly
operating reports, (ECF Doc. # 56), but the debtor failed to comply. Instead, the debtor
submitted a second request to extend the deadline to file the monthly operating reports
until five days after the Court decides the motion to dismiss. (ECF Doc. # 63.) The
granting of the motion to dismiss moots this request which is otherwise unacceptable
because all chapter 11 debtors must disclose the results of their operations by filing
monthly operating reports, but based on what the debtor has filed, I find that the estate
is suffering a continuing loss and diminution.

I also find that it is not reasonably likely that the debtor will be able to
rehabilitate. "If the debtor or some other party in interest is unable or unwilling to put
together a convincing business plan within a *reasonable amount of time*, and can offer
neither a valid justification for the failure to do so nor a reasonable prospect of being

4

able to accomplish the task *in the near future*, there is often little reason to proceed with the reorganization." 7 COLLIER ON BANKRUPTCY ¶ 1112.04 (6th ed. 2018) (emphasis added). The debtor filed this case one year ago, and the Court has granted Newell relief from the automatic stay to complete the foreclosure of the debtor's principal asset, the Property. Further, the main thrust of the debtor's opposition is that it owes Newell less than the Judgment (or nothing) based on Newell's misconduct and the debtor's lack of authority to enter into the mortgage. However, these claims are foreclosed by the Judgment. Moreover, the debtor recently moved in state court to vacate the Judgment based on the same claims it makes here. In a decision dated Apr. 26, 2018, (ECF Doc. # 57-1), the state court denied the motion, concluding that the allegations regarding Newell's misconduct had already been determined by the court when it granted Newell's motion for summary judgment. In addition, the state court rejected the debtor's arguments that the mortgage was unauthorized and the underlying debt was usurious. It concluded that "[t]he judgment of foreclosure and sale is not vacated and the sale of the premises may proceed."

The debtor cannot, therefore, base its prospects for rehabilitation on its claims against Newall. Additionally, the claims of professional malpractice against the debtor's state court attorney and its former tenant are speculative, will take years to litigate, and do not provide the basis for a successful rehabilitation within a reasonable time in the near future.

At bottom, this chapter 11 case no longer serves any purpose. The debtor filed the case to stay the foreclosure sale and refinance its debt. (*Affidavit Pursuant to Local Bankruptcy Rule 1007-2*, sworn to July 12, 2017, at ¶ 6 ("[F]acing the prospect of a

5

foreclosure sale of its Church Property, Petitioner had no alternative but to seek protection under Chapter 11 of the Bankruptcy Code in order to obtain time to refinance the indebtedness to Newell or to complete the negotiation of the development of the property where the developer would assist Petitioner with the necessary funding to resolve its obligations with Newell.") (ECF Doc. # 14.)  The Court granted relief from the stay, the foreclosure will proceed, and the debtor has been unable to refinance its debt to Newell in the year since the Petition Date.  The debtor can continue to pursue any remedies it may have against Newell or anyone else in state court, but cannot remain in chapter 11 while it does so.

The motion is granted, and the U.S. Trustee is directed to submit an order dismissing this chapter 11 case.

Dated:  New York, New York
        May 23, 2018

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge