

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Jill Makower, Counsel
Email:jmakower@tarterkrinsky.com
Phone: (212) 216-1179

March 23, 2020

**-Via Electronic Case Filing and Email-**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc
              Chapter 11 Case No. 19-12447 (SMB)

Dear Judge Bernstein:

    Pursuant to the Court's direction at the March 20, 2020 telephonic status conference in the above-referenced case, Chapter 11 trustee Deborah J. Piazza (the "Trustee"), by her undersigned counsel, submits this letter in further support of her March 18, 2020 letter to the Court which requested such Court conference [ECF No. 52] and in reply to the opposition (the "Debtor's Opposition") filed by the Debtor's new counsel, the Chandler Law Firm PLLC, on March 20, 2020 [ECF No. 54].

    As set forth in the Trustee's March 18, 2020 letter, the Debtor denied the Trustee and her representatives access to the 2910 Barnes Avenue, Bronx, New York property (the "Property") on March 16, 2020 (when the Trustee's proposed broker, Nico Rossi, came to the Property with a prospective purchaser pursuant to a previously scheduled appointment which was confirmed with Debtor's counsel Anthony M. Vassallo, Esq.) and on March 17, 2020 (when the Trustee's undersigned counsel, proposed broker and locksmith came to the Property).

    Despite the Trustee's undeniable rights to exercise control of the Property, to secure and change the locks on the Property, and to seek to sell the Property (see 11 U.S.C. §§ 704(a), 1106(a)), and despite the Trustee having advised Mr. Vassallo beginning at approximately 12 noon on March 16, 2020 and through various phone calls and emails throughout the day, of the urgent need for the Trustee to shut down the Property immediately for health and safety reasons and to ensure compliance with executive orders relating to the Coronavirus pandemic, the Debtor has continued to unlawfully obstruct the Trustee by refusing her access to the Property.

    The Debtor has not disputed, either through Mr. Vassallo or its new counsel Mr. Chandler, it has denied the Trustee access to the Property since March 16, 2020. The Debtor's

Honorable Stuart M. Bernstein
March 23, 2020

Opposition does not contest any of the representations made by the Trustee to the Court regarding the flagrant obstruction of the Trustee's ability to access and secure the Property. Instead, the Debtor's Opposition seeks various forms of frivolous and unwarranted relief including, but not limited to, requesting a stay or dismissal of the Chapter 11 case to allow the parties to seek Attorney General approval or leave of Court to approve the mortgage between the Debtor and its lender, Newell Funding LLC ("Newell"), and to relieve the Trustee from her duties. As demonstrated in Newell's response to the Debtor's Opposition, the Debtor's arguments relating to Newell's mortgage should be rejected. Further, the Debtor's erroneous arguments concerning the mortgage, are irrelevant to the Trustee's immediate need to prevent the Debtor from continuing to obstruct the Trustee from securing the Property and protecting against any violation of executive orders enacted to protect the health and safety of the public during the Coronavirus pandemic. Debtor's request for time to refinance the Property should also be rejected, as the Debtor has been making such requests since 2017 in its prior chapter 11 case but has failed to produce an actual commitment from any lender. Further, as the Trustee informed the Debtor several weeks ago, the Debtor is free to submit a bid for the Property.

It is urgently necessary that the Court immediately enter an order explicitly authorizing the Trustee to change the locks, to secure the Property and directing all persons at the Property to vacate immediately. This is particularly urgent in view of the indications that representatives of the Debtor may be occupying the Property 24 hours a day to prevent the Trustee from entering the Property. Accordingly, it may be necessary for the New York City police to remove Debtor's representatives and other individuals from the Property once the Trustee changes the locks to prevent any further violations.

As the Trustee advised in her March 18, 2020 letter to the Court, the Debtor has obstructed the Trustee's ability to obtain, or obtain access to, substantially all the books and records in this case. The Debtor has not produced any bank records to the Trustee and has asserted for several weeks the Debtor's accountant, Michael Husbands, is in possession of the Debtor's documents and is working on preparing the Debtor's operating reports. Notably, the Debtor has failed to file an operating report in this case and, despite numerous requests, has refused to provide the Trustee's retained accountant, Vernon Consulting, Inc., with any of the Debtor's log-in and password information to access its bank accounts.

Based on the Debtor's flagrant violations of its obligations to produce its books and records and to cooperate with the Trustee and her professionals, the Trustee respectfully requests the Debtor and its accountant, Michael Husbands, be ordered to produce to the Trustee within two (2) business days hereof, all books and records of the Debtor for the period commencing six years prior to the filing of this Chapter 11 case through and including the present time, and all log-in and password information relating to any and all bank and financial accounts of the Debtor in existence at any time during the period commencing two years prior to the filing of this Chapter 11 case through the present time.

Honorable Stuart M. Bernstein
March 23, 2020

       The Trustee respectfully requests entry of the attached proposed order.

                                            Respectfully submitted,

                                            /s/ Jill Makower

                                            Jill Makower

JM:js
Enclosure
cc:    U.S. Trustee, Andy D. Velez-Rivera, Esq.
       Monte Malik Chandler, Esq.
       Anthony M. Vassallo, Esq.
       Deborah J. Piazza, Esq.
       Scott S. Markowitz, Esq.