UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                  :
                                                                              :         Chapter 11
BRONX MIRACLE GOSPEL TABERNACLE          :
WORD OF FAITH MINISTRIES f/k/a                      :         Case No. 19-12447 (SMB)
BRONX MIRACLE GOSPEL TABERNACLE,        :
                                                                              :
                                          Debtor.                 :
-----------------------------------------------------------X

## MEMORANDUM DECISION GRANTING CERTAIN
## RELIEF TO THE CHAPTER 11 TRUSTEE

**A P P E A R A N C E S**

**CHANDLER LAW FIRM PLLC**
*Attorneys for Debtor*
70 East Sunrise Highway-Suite 500
Valley Stream, NY 11581

       Monte Malik Chandler, Esq.
            Of Counsel

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, Chapter 11 Trustee*
1350 Broadway
New Yor, NY 10018

       Jill Makower, Esq.
            Of Counsel

**CULLEN & DYKMAN, LLP**
*Attorneys for Newell Funding, LLC*
Garden City Center
100 Quentin Roosevelt Boulevard
Garden City, NY 11530

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

       By letter dated March 18, 2020 (ECF Doc. # 52), counsel for the chapter 11 trustee ("Trustee") informed the Court that the debtor had interfered with the Trustee's efforts to secure, market and sell the debtor's real property ("Property"), including

refusing entry to the Trustee's broker and prospective purchasers, refusing the Trustee's request to turn over the keys and locking out the Trustee's counsel, broker and a locksmith. In addition, Trustee's counsel reported hearing construction work occurring inside which she had not authorized. Finally, the debtor, a not-for-profit religious corporation, uses the Property to conduct religious services and the Trustee believes it prudent to shut down the Property in light of the coronavirus pandemic.

The Court held a conference call with the parties on March 20, 2020. The Trustee's counsel recounted the background set forth in her letter and sought an immediate order authorizing the Trustee to change the locks, close the Property and obtain the assistance of the United States Marshal if needed. The debtor's counsel sought more time but also argued that the mortgage was illegal because it was never approved by a court or the New York Attorney General ("AG"). I authorized the parties to submit letter briefs on a short schedule. Having reviewed their submissions, (*see* ECF Doc. ## 55, 56, 57), I conclude that the Trustee is entitled to an immediate order, to the extent one is even necessary, to change the locks and secure the premises from use or occupancy without her authorization. If the debtor does not comply, the Trustee may submit an appropriate order granting such relief as maybe required including assistance from the United States Marshal together with a certification of non-compliance.

## BACKGROUND

The background is set forth in the opinion of the Hon. Ben R. Barbato of the New York Supreme Court, Bronx County, dated Apr. 26, 2018 ("*State Court Decision*")[1] and

---

[1]    A copy of the *State Court Decision* is annexed to the Letter from Thomas R. Slome to the Court, dated Mar. 23, 2020, as Ex. 1 (ECF Doc. # 56-1).

this Court's decision dismissing the debtor's prior case, Case no. 17-11395 ("First Case"), *In re Bronx Miracle Gospel Tabernacle Word of Faith Ministries*, Case No. 17-11395 (SMB), 2018 WL 2386815 (Bankr. S.D.N.Y. May 24, 2018). I assume familiarity with those decisions and limit the discussion to the facts relevant to this decision.

The debtor acquired the Property in March 2008 with the assistance of a $425,000.00 loan from Newell Funding LLC ("Newell") secured by a purchase money mortgage on the Property. The loan matured one year later, the debtor defaulted, Newell commenced a foreclosure action and obtained a Judgment of Foreclosure and Sale ("Judgment") on March 2, 2017. The foreclosure sale was scheduled for May 22, 2017 but the debtor filed the First Case that day automatically staying the sale. The Court granted Newell's motion for relief from the automatic stay and granted the United States Trustee's motion to dismiss the First Case in May 2018.

As discussed more fully in the *State Court Decision*, the debtor had unsuccessfully sought to vacate the Judgment. Newell rescheduled the foreclosure sale but through various maneuvers, including the personal bankruptcy of the debtor's president, those efforts were unsuccessful. Newell was eventually able to schedule another sale for July 29, 2019, but the debtor filed this case, the Second Case, one day before. On motion by Newell and by order dated January 7, 2020, the Court directed the appointment of a chapter 11 trustee. (*Order on Motion of Newell Funding, LLC to Appoint a Chapter 11 Trustee or in the Alternative for Relief From the Automatic Stay [D.I. 39]*, dated Jan. 7, 2020 (ECF Doc. # 41.)  The United States Trustee appointed Ms. Piazza to act as chapter 11 trustee, and the Court approved her appointment by order

dated January 27, 2020. (*Order Approving Appointment of Chapter 11 Trustee*, dated Jan. 27, 2020 (ECF Doc. # 45).)

The Trustee is seeking to gain control of and secure the Property and sell it without the debtor's interference.

## DISCUSSION

When the debtor voluntarily filed its chapter 11 petition commencing this case it created an estate consisting of most of its property, including the Property. *See* 11 U.S.C. § 541(a). Once the Court directed the appointment of a chapter 11 trustee and approved Ms. Piazza's appointment as the Trustee, the debtor ceased to be a debtor in possession and the Trustee became the representative of the estate. 11 U.S.C. § 323(a). Any entity in possession, custody or control of property that the Trustee could use, sell or lease under Bankruptcy Code § 363 was required to deliver the property to the trustee and account for the property or its value.[2] 11 U.S.C. § 542(a). The Trustee has demanded that the debtor turn over the Property to her control and the debtor is required by Bankruptcy Code § 542(a) to comply. Thus, although the debtor contends that Newell's mortgage is invalid for the reasons discussed below, that does not affect the debtor's statutory duty to turn over the Property to the Trustee, and any effort by the debtor or anyone else to exercise control over the Property violates the automatic stay. *See* 11 U.S.C. § 362(a)(3). Accordingly, even though I believe an order to be unnecessary, the

---

[2] The turnover requirement excepts property of inconsequential value or no benefit to the estate. The exception does not apply to the Property.

4

Trustee is authorized change the locks in order to control access to and use of the Property and remove any person who does not have a legal right to be there.

In addition, the debtor has already litigated and lost its proffered reason for invalidating the mortgage. Citing section 12(1) of New York's Religious Corporation Law ("RCL"), the debtor contends that the mortgage is invalid because it was never authorized or approved by the state court.[3] Section 12(1) provides:

> A religious corporation shall not sell, mortgage or lease for a term exceeding five years any of its real property without applying for and obtaining leave of the court or the attorney general therefor pursuant to section five hundred eleven of the not-for-profit corporation law as that section is modified by paragraph (d-1) of subdivision one of section two-b of this chapter or section five hundred eleven-a of the not-for-profit corporation law, *except that a religious corporation may execute a purchase money mortgage or a purchase money security agreement creating a security interest in personal property purchased by it without obtaining leave of the court therefor*.

RCL § 12(1) (emphasis added).

The debtor raised and lost this same argument before the state court on its motion to vacate the Judgment. The state court concluded that the purchase money mortgage the debtor gave to Newell was excepted from the statutory requirement of AG or court approval under the italicized language in RCL § 12(1).

---

[3] The debtor also cites RCL § 12(9). That subsection deals with a mortgagee's application to obtain retroactive ratification that did not receive the required approval. For the reasons discussed in the succeeding text, Newell's mortgage did not require approval by the AG or the state court and Newell does not have to seek retroactive ratification. In addition, the debtor cites RCL § 200 which deals with corporate governance. *Id.* ("A corporate meeting of an incorporated church, whose trustees are elective as such, may give directions, not inconsistent with law, as to the manner in which any of the temporal affairs of the church shall be administered by the trustees thereof; and such directions shall be followed by the trustees. The trustees of an incorporated church to which this article is applicable, shall have no power to . . . incur debts beyond what is necessary for the care of the property of the corporation. . . ."). The debtor has not argued that the transaction with Newell was unauthorized by its board of trustees. In fact, Rev. Thompson, the debtor's president, signed an affidavit attesting that debtor's board of trustees had granted permission to enter into the $425,000 mortgage on March 6, 2008. (Case no. 17-11395 ECF Doc. # 60-5.)

5

*State Court Decision* at 7. The debtor is precluded under principles of collateral estoppel from relitigating the issue of lack of authorization under RCL § 12(1).

Th debtor's authorities are distinguishable because they did not involve the exception in RCL § 12(1). In *Dong v. First Korean Church of New York*, 54 N.Y.S.2d 451 (N.Y. App. Div. 2017), the court refused to grant a buyer of church property specific performance because the signed sale contract was never approved by the church's board of trustees or its members. *Id.* at 453. In *John T. Walsh Enterprises, LLC v. Grace Christian Church,* 113 N.Y.S.3d 831 (N.Y. Sup. Ct.), the state court denied ratification of a mortgage under RCL § 12(9) intended to refinance an existing mortgage and pay church debts. *Id.* at *4. In *Church of God of Prospect Plaza v. Fourth Church Christ, Scientist, of Brooklyn*, 431 N.Y.S.2d 834 (N.Y. App. Div. 1980), *aff'd*, 426 N.E.2d 480 (N.Y. 1981), the court reversed a referee's approval of the sale of church property to another church. *Id.* at 717-18.

Finally, the debtor seeks an extension of at least six months though possibly more to refinance the Newell mortgage and devise a plan. In support, the debtor submitted a letter from Erudite Consulting LLC, (ECF Doc. # 55-1), stating that it has pre-approved a loan and is prepared to lend up to $1,885,000 subject to review of the debtor's creditworthiness and assets. The debtor has always had the option to refinance the mortgage and file a plan. It has not indicated in the eight months since the petition date, until now, that it is contemplating such action which is undoubtedly spurred by the Trustee's sale efforts. Nothing in this decision precludes the debtor from pursuing this course

6

or submitting a bid for the Property but it does not provide a reason to ignore its duty to turn over the Property to the Trustee or permit it to stall her sale efforts.

The Court has considered the remaining arguments made by the debtor and concludes that they lack merit. The Court will enter an appropriate order.

Dated: New York, New York
       March 23, 2020

                                            /s/ *Stuart M. Bernstein*
                                            STUART M. BERNSTEIN
                                            United States Bankruptcy Judge