**TARTER KRINSKY & DROGIN LLP**
*Counsel to Chapter 11 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Deborah J. Piazza, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
dpiazza@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc., | : | |
| | : | Case No.: 19-12447 (SMB) |
| | : | |
| Debtor. | x | |

-------------------------------------------------------------

**CHAPTER 11 TRUSTEE'S APPLICATION FOR AN ORDER
AUTHORIZING THE RETENTION OF TAMERLAIN REALTY CORP.
AS TRUSTEE'S REAL ESTATE BROKER**

**TO:    THE HONORABLE STUART M. BERNSTEIN
         UNITED STATES BANKRUPTCY JUDGE**

Deborah J. Piazza, as Chapter 11 trustee (the "Trustee" or "Applicant") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor"), submits this application (the "Application") for an order authorizing the Trustee to retain Tamerlain Realty Corp. ("Tamerlain") as the Trustee's real estate broker with respect to the marketing and sale of the real property known as 2910 Barnes Avenue, Bronx, New York (the "Property"), and respectfully represents and states as follows:

**SUMMARY OF RELIEF REQUESTED**

1.      The Trustee seeks an order of this Court, pursuant to section 327 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Trustee to retain Tamerlain as the Trustee's real estate broker in this Chapter 11 case.

## JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory provisions governing the relief requested in this Application are Bankruptcy Code section 327, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

## RELEVANT BACKGROUND

4. On July 28, 2019 (the "Filing Date"), the Debtor commenced its Chapter 11 case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5. The Debtor is a not for profit corporation which, until very recently, operated its ministry at the church situated on the Property.

6. On December 9, 2019, the Debtor's mortgagee, Newell Funding LLC ("Newell") filed a motion (the "Newell Motion"), seeking the appointment of a Chapter 11 trustee or, in the alternative, an order lifting the automatic stay. By order entered on January 8, 2020, the Court entered an order directing the appointment of a Chapter 11 trustee [See Dkt. No. 41].

7. On January 27, 2020, an order was entered approving the appointment of Deborah J. Piazza as Trustee [See Dkt. No. 45].

8. No committee of unsecured creditors has been appointed in this case.

9. The Trustee shut down the Property in March 2020 to protect the health and

safety of the Debtor, its congregants and others due to the Coronavirus pandemic and executive orders entered in connection therewith.

**RELIEF SOUGHT**

10. Applicant hereby seeks an order of this Court authorizing the retention of Tamerlain as the Trustee's real estate broker in this case pursuant to Bankruptcy Code section 327.

11. The Trustee believes retaining Tamerlain to market and sell the Property in a rapid and efficient manner is in the best interest of this estate and its creditors. The Trustee submits the retention of Tamerlain as the Trustee's broker will assist in obtaining the highest and best offer for the Property. Indeed, Tamerlain has extensive experience and expertise in selling commercial and residential properties in the Bronx, has vast familiarity with the Property, the Property's value and potential market, and has been showing the Property to interested buyers.

12. Applicant seeks to retain Tamerlain as the Trustee's real estate broker in connection with the potential sale of the Property. The brokerage commission, which the Trustee and Tamerlain request to be payable at closing, will be four (4%) percent of the gross sale price for the Property, inclusive of expenses (the Commission"), and Tamerlain has agreed if a sale of the Property is consummated through a co-broker, the procuring co-broker will receive two (2%) percent of the Commission provided the co-broker is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

13. As set forth in the accompanying declaration of Nico V. Rossi, a licensed agent of Tamerlain (the "Rossi Declaration"), a copy of which is annexed hereto as **Exhibit "A,"** Mr. Rossi represents that, to the best of his knowledge and belief, Tamerlain neither holds nor represents any interest adverse to the Debtor's estate, the creditors of the estate, the Trustee and her professionals, any party in interest or their respective attorneys and/or accountants, the

United States Trustee, or any person employed in the office of the United States Trustee. Applicant further respectfully submits Tamerlain is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Tamerlain has disclosed its connections to Newell Funding LLP, the Debtor's secured lender, and no conflict of interest exists precluding the Trustee's retention of Tamerlain. See 11 U.S.C. §327(c).

14. Tamerlain has expressed to Applicant its willingness to serve as the Trustee's real estate broker in this case as set forth in this Application and the Rossi Declaration.

15. No previous application to retain Tamerlain as the Trustee's real estate broker in this case has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of an order of this Court, in the form annexed hereto as **Exhibit "B,"** authorizing the Trustee to retain Tamerlain as the Trustee's real estate broker, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       March 30, 2020

**TARTER KRINSKY & DROGIN LLP**
*Counsel to Deborah J. Piazza, as*
*Chapter 7 Trustee*

By: s/ Deborah J. Piazza
    Scott S. Markowitz, Esq.
    Deborah J. Piazza, Esq.
    Jill Makower, Esq.
    1350 Broadway, 11th Floor
    New York, NY 10018
    (212) 216-8000

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re:                                              :
                                                    :     Chapter 11
                                                    :
Bronx Miracle Gospel Tabernacle Word of Faith       :
Ministries, Inc.,                                   :     Case No.: 19-12447 (SMB)
                                                    :
                   Debtor.                          :
------------------------------------------------------------ x

# DECLARATION OF NICO V. ROSSI IN SUPPORT OF TRUSTEE'S APPLICATION TO RETAIN TAMERLAIN REALTY CORP. AS REAL ESTATE BROKER FOR THE TRUSTEE

Pursuant to the provisions of 28 U.S.C. §1746, NICO V. ROSSI declares under the penalty of perjury, the following to be true and correct:

1. I am a real estate agent licensed with the real estate brokerage firm Tamerlain Realty Corp. ("Tamerlain"), which maintains an office at 629 Fifth Avenue, Suite 219, Pelham, New York 10803.

2. This affidavit is being submitted in connection with the application (the "Application") of Deborah J. Piazza as Chapter 11 trustee (the "Trustee") to retain Tamerlain as Trustee's real estate broker in the above-captioned Chapter 11 case of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor") to market and sell the Debtor's real property known as 2910 Barnes Avenue, Bronx, New York (the "Property").

3. Tamerlain is a full-service real estate brokerage firm which has been brokering commercial and residential real estate in the Bronx and Lower Westchester since 1971.

4. Tamerlain is duly licensed to transact business as a real estate broker, and I am authorized to represent the firm.

5. In preparing this Declaration, I reviewed the names of the individuals and entities that are or may be parties in interest in the Debtor's Chapter 11 case, including the Debtor, the Debtor's creditors and other parties in interest as set forth in the Debtor's Schedules and other

{Client/086324/1/02020397.DOCX;1 }

parties having filed appearances and other documents in the Debtor's Chapter 11 case (collectively, the "Searched Parties").

6. Tamerlain is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

7. To the best of my knowledge and belief, Tamerlain neither holds nor represents any interest adverse to the Debtor's estate (the "Estate") herein, and is not related to the Debtor, the Trustee, any creditors of this Estate or any party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

8. Tamerlain and I learned of the Property in approximately February 2018 (prior to the July 28, 2019 filing of this Chapter 11 case), when Newell Funding LLP ("Newell"), which is the Debtor's mortgagee, introduced us to the Property. Tamerlain has been working with Tom Borek of Newell for the past 35 years to rent, buy and sell his/his entities' commercial properties in Westchester County and the Bronx. Tamerlain has acted as exclusive broker in most of the transactions and acquisitions for Mr. Borek's entities in the aforementioned time frame.

9. In February 2018, I was searching for space for a couple of church prospects and reached out to Mr. Borek, as my firm knows he has a portfolio of commercial property in New York. Mr. Borek advised me at that time he/Newell was attempting to foreclose on the Property, and had been litigating with the Debtor for years seeking to recover the amounts owed on Newell's mortgage. I thereafter followed up with Mr. Borek periodically to see if Newell was able to execute on its foreclosure judgment and if the Property would be available for sale. Mr. Borek assured me he would let me know when the Property was available so Tamerlain could do its best to produce a buyer.

10. On July 28, 2019 (the "Filing Date"), the Debtor filed this Chapter 11 case.

11. On October 21, 2019, I inspected the Property for the first time and took photographs. I did not get back into the Property until February 6, 2020, after the Trustee was appointed in this case and invited me to join her and her counsel at the Property with a prospective purchaser. Newell's counsel had suggested the Trustee contact Tamerlain because Tamerlain had (and still has) prospective purchasers for the Property. The Trustee's counsel contacted Tamerlain shortly after the Trustee's appointment. Since then, Tamerlain has been seeking a sale of the Property on behalf of the Trustee.

12. I am the Tamerlain broker with primary responsibility for marketing the Property.

13. Tamerlain has agreed to accept commissions in the amount of four (4%) percent of the gross sales price, inclusive of expenses (the "Commission"), and provided if a sale of the Property is consummated through a cooperating broker, the cooperating broker will receive two (2%) percent of the Commission as long as such cooperating broker is a "disinterested person" as that term is defined in section 101(14) in the Bankuptcy Code.

14. Except as set forth above, no agreement or understanding exists between Tamerlain and any other person for a division of compensation to be received for services rendered in, or in connection with, this Chapter 11 case, nor shall Tamerlain share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person unless otherwise ordered by this Court.

15. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code, or Section 504 of the Bankruptcy Code has been or will be made by Tamerlain.

**WHEREFORE**, I respectfully request the Trustee be granted an Order for employment of Tamerlain as the Trustee's real estate broker and Tamerlain and any cooperating broker be paid at the closing or a sale of the Property, provided such sale has been approved by the Court.

Dated: _____, New York
      March \_\_\_, 2020

_____
NICO V. ROSSI

3/30/20

**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                              :
                                                    :     Chapter 11
Bronx Miracle Gospel Tabernacle Word of Faith       :
Ministries, Inc.,                                   :     Case No.: 19-12447 (SMB)
                                                    :
                              Debtor.               :
------------------------------------------------------------- x

# ORDER AUTHORIZING RETENTION OF TAMERLAIN REALTY CORP. AS REAL ESTATE BROKER FOR THE TRUSTEE

Upon the application, dated March 30, 2020 (the "Application") of Deborah J. Piazza, the Chapter 11 trustee (the "Trustee") in the bankruptcy case of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor"), for an order pursuant to section 327(a) of title 11, United States Code (the "Bankruptcy Code"), Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1, authorizing and empowering the Trustee to employ and retain Tamerlain Realty Corp. ("Tamerlain") as real estate broker to the Trustee in the Debtor's case; and upon the Declaration of Nico V. Rossi in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate; and the Court being satisfied that Tamerlain does not hold or represent an interest adverse to the estate, that Tamerlain is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code, and that Tamerlain's retention and employment is necessary

{Client/086324/1/02061341.DOC;1 }

and in the best interest of the estate; and it appearing that no further notice need be given, and sufficient cause appearing therefor; it is

**ORDERED,** that the Trustee be, and hereby is, authorized pursuant to Bankruptcy Code section 327 and Bankruptcy Rule 2014, to retain Tamerlain, effective as of the date of this Order, as the Trustee's real estate broker for the purposes of marketing the Property for sale by the Trustee consistent with this Order and under the terms set forth in the Application; and it is further

**ORDERED**, that any brokerage fee that shall be owing to Tamerlain in accordance with this Order shall be paid on the closing date of the sale of the Property, and under no circumstances shall the total brokerage fee paid to Tamerlain, including any cooperating broker, exceed four (4%) percent of the gross sale price of the Property; and it is further

**ORDERED**, that to the extent the Application or any other document is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

**No Objection to Entry of this Order:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE

By:   s/ Richard Morrissey
      Office of the United States Trustee
      By: Richard Morrissey, Esq., Trial Attorney
      Dated: April 1, 2020

Dated: New York, New York
      _____, 2020

                                  **HONORABLE STUART M. BERNSTEIN**
                                  **UNITED STATES BANKRUPTCY JUDGE**