## AUCTION PROCEDURES

The following auction procedures (the "Auction Procedures"), which were approved by order (the "Procedures Order") of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") dated June ___, 2020, shall govern the sale/auction process for the real property (the "Property") known as:

> 2910 Barnes Avenue, Bronx, New York, Block Number 4550 and
> Lot Number 10.

Deborah J. Piazza, as Chapter 11 trustee (the "Trustee") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. *aka* Bronx Miracle Gospel Tabernacle, Inc. (the "Debtor"), acting as seller and auctioneer of the Property, will seek entry of an order of the Bankruptcy Court authorizing and approving the sale (the "Sale") of the Property free and clear of liens, claims, encumbrances, and interests, to the Successful Bidder (as defined below) at the Auction (as defined below) or to the Debtor's secured lender Newell Funding LLC ("Newell" or "Lender") if Newell credit bids at the Auction (as defined below) an amount greater than the highest and best cash bid. Interested parties may submit bids to purchase the Property pursuant to the Auction Procedures described herein.

      1.    Approvals. The Trustee's proposed Sale shall in all respects be subject to approval by the Bankruptcy Court and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and other applicable rules and law.

      2.    Assets to be Sold. The assets to be sold shall consist of the Property and such Sale shall be free and clear of liens, claims, encumbrances and interests as provided in the Purchase Agreement.

      3.    Sale As Is, Where Is. The Property shall be sold as is, where is, without any representation or warranty of any type whatsoever, other than as may be contained in the Purchase Agreement.

      4.    Auction. In the event one or more bids for the Property is submitted on or before _____, **2020 at ___p.m**. (EDT). (the "Bid Deadline") in accordance with the terms and conditions of these Auction Procedures by a Qualified Bidder (as defined below), an auction (the "Auction") of the Property will take place on **July __, 2020 at _____ _.m.** (EDT).

      5.    Auction Procedures.

          a)    **Qualification to Bid:** To qualify to participate in the Auction, a bidder must (i) bid at least $1.2 million cash on or before the Bid Deadline, and provide to the Trustee's counsel by the Bid Deadline a cashier's or certified check or wire transfer made payable to the Trustee's counsel, Tarter Krinsky & Drogin LLP (the **"Deposit"**) in the amount of $150,000

with respect to the Property; (ii) inspect (or have its agent inspect) the Property; and (iii) obtain a bidder's information Packet (as defined below).

b) **<u>Qualified Bidders:</u>** Any bidder that so qualifies will be a "Qualified Bidder." Only Qualified Bidders and the Lender will be permitted to appear at the Auction and participate in bidding for the Property at the Auction. The Lender shall be permitted to credit bid up to the amount of the Foreclosure Judgment,[1] plus statutory interest up to the date of the Auction. The Trustee, acting as auctioneer (the "<u>Auctioneer</u>"), after consultation with the Lender and its bankruptcy counsel, shall reasonably determine in good faith, whether any bidder is a Qualified Bidder.

c) **<u>Breach Of The Purchase Agreement:</u>** Any Deposit will be forfeited as liquidated damages if the Successful Bidder (as defined below) fails to close for any reason other than the Trustee's default and shall be considered Proceeds for all purposes.

d) **<u>No Contingent Bids:</u>** Bids may not be subject to financing, due diligence, zoning, environmental or any other contingency of any kind whatsoever except the entry of an order of the Bankruptcy Court approving the sale pursuant to section 363(b) and (f) of the Bankruptcy Code.

e) **<u>The Auction Format:</u>** The Auction will be held telephonically and/or by video conference via Zoom or similar platform. To bid during the Auction, a Qualified Bidder need only raise their hand, shout out their bid or instruct an auctioneer's bidder assistant to call out a bid on behalf of the Qualified Bidder.

f) **<u>Bidding at the Auction:</u>**

   i. After the initial opening bid, all subsequent competing bids shall be in increments at the direction and discretion of the Auctioneer. No bid shall be of the same amount as any existing bid.

   ii. Auctioneer reserves the right to reopen the bidding and re-bid the Property, in the event of a bidding dispute occurring at the Auction.

   iii. Oral and written announcements made by the Auctioneer before the commencement of the bidding take precedence over any previously distributed materials.

---

[1] Capitalized terms not defined herein shall have the meanings given in the *Trustee's Motion For Orders Pursuant To Sections 105(a), 363 And 506(c) Of The Bankruptcy Code And Bankruptcy Rule 6004, (I) Approving Auction Procedures And Notice Of The Auction Relating Thereto, (II) Approving Sale Of Real Estate Free And Clear Of Liens, Claims, Interests And Encumbrances, (III) Approving Form Of Purchase Agreement, (IV) Approving Carve-Out Agreement, And (V) Granting Related Relief*, dated May 29, 2020.

iv. In the event no stalking horse contract is executed, the first bid after the opening bid shall be at least $25,000 more than the initial opening bid and all subsequent bids shall be $10,000 higher than the previous bid.

v. In the event a stalking horse contract is executed, the initial opening bid at the Auction shall be $50,000 above the purchase price in the stalking horse contract, and subsequent bids shall be $10,000 higher than the previous bid.

vi. In the event the stalking horse buyer is out bid at the Auction (other than by Newell with a credit bid of $1.5 million or more), the stalking horse buyer shall be entitled to receive a break-up fee of $30,000.

g) **Determination Of The Successful Bidder:** At the conclusion of the Auction, the Trustee, after consultation with the Lender, will announce her determination as to the person or entity (the "Successful Bidder") submitting the highest or otherwise best cash bid for the Property, unless the highest or otherwise best bid (the "Successful Bid") is a credit bid by the Lender, in which case the Property shall be sold to the Lender. At the end of the Auction, if the Successful Bid is not a credit bid by the Lender, the Trustee shall also announce the next highest and otherwise best offer after the Successful Bid (the "Next Highest Bid") and the Qualified Bidder that submitted such bid (the "Next Highest Bidder").

h) **Additional Requirements Of The Successful Bidder:** The bidder who the Auctioneer determines to be the Successful Bidder will also be required to sign and email to the Trustee's counsel upon the conclusion of bidding, the bidder's card acknowledging the purchase, and tender within two (2) business days following the Auction the required certified or cashier's check as initial down payment to the Trustee. The Successful Bidder shall immediately sign the Purchase Agreement and the Trustee shall deposit the initial down-payment in a separate Trustee-maintained escrow account. The initial down payment MUST together with the Deposit equal 10% of the Total Purchase Price (as defined in the Purchase Agreement) and be paid by cashier's or certified check or wire transfer, if applicable, within two (2) business days following the Auction. No third party checks will be accepted. The Successful Bidder may also be asked to sign a statement that the Successful Bidder has inspected the Property. If the Purchase Agreement is to be signed with the purchaser being a corporation or partnership or trust, there may be additional bidding requirements and the Successful Bidder should contact the Auctioneer to discuss these requirements in advance of the Auction. In the event Newell is not the purchaser pursuant to a credit bid, the Auctioneer, after consultation with the Lender, may qualify the next highest and best

Successful Bidder (the **"**<u>Next Successful Bidder</u>**"**) in accordance with this provision and the Purchase Agreement to close the sale in the event the Successful Bidder defaults under the Purchase Agreement. For the avoidance of doubt, this provision does not apply to Newell, and a closing of such a credit bid sale shall be in accordance with the following procedures.

i) Any sale to the Lender shall be pursuant to the Procedures Order and the Trustee and Lender shall be bound to following sections of the Purchase Agreement: 8.A, 9.A, 16.A and B, 18-20, 28, 29, and 31 through 52, but in each case without incorporating any other requirements of the Purchase Agreement that may be referenced in any such sections or any obligations of a party which would clearly not be applicable to a sale pursuant to a credit bid (e.g., return of any earnest money deposit).

j) **<u>Appearance at Auction</u>:** All Qualified Bidder(s) must appear via telephone or video through a duly authorized representative or by submitting a bid prior to the Auction to be entered into the bidding at the Auction.

k) **<u>Jurisdiction of Court</u>:** The Auctioneer shall conduct the Sale for and as directed by the Court for the benefit of the parties. The Auctioneer, all bidders and their brokers or representatives are deemed to have submitted to the exclusive jurisdiction of the Court with respect to any dispute relating to all matters related to the Auction and all terms and conditions of the transfer of the Property.

l) **<u>Successful Bidder Default</u>:** If any Successful Bidder fails to close the sale contemplated herein, it will be liable for and forfeit any Deposit and, in the sole discretion of the Auctioneer, the Auctioneer may close the sale with the Next Successful Bidder in accordance with the Agreement of Sale.

m) **<u>Closing</u>:** The closing of the Sale pursuant to the Auction (the **"**<u>Closing</u>**"**) shall take place in accordance with the terms of the Purchase Agreement unless the Sale is to be to Newell based on a credit bid, in which case the Sale shall close in accordance with the terms of the Procedures Order and the Sale Order.

n) **<u>Bankruptcy Court Approval</u>:** The Sale of the Property contemplated herein shall be subject to the entry of an order, or orders as the case may be, by the Court: (a) approving the Sale and transfer of the Property; and (b) containing a finding that the Successful Bidder or Newell if the Property is to be sold pursuant to a credit bid, is a good faith Purchaser, pursuant to section 363(m) of the Bankruptcy Code.

o) **<u>Realtor®/Broker Participation Invited</u>:** A co-brokerage commission of

two (2%) percent of a Successful Bid cash price, (the **"**Cooperating Broker Fee**"**), will be paid by the Auctioneer, to the real estate broker, acting as a "Buyer Broker" whose client pays and closes on the Property. To qualify for the Cooperating Broker Fee, the real estate agent must: (a) be a licensed real estate broker in the state of New York who will abide by the National Association of Realtors® Code of Ethics; (b) register the client by certified mail, return receipt requested, on company stationery, which must be signed by both the broker and the client and confirm the Buyer Broker arrangement, with **Tamerlain Realty Corp., 629 Fifth Avenue, Suite 219, Pelham, New York 10803, Attention: Nico V. Rossi**, received no later than three (3) business days prior to the Auction date; (c) ensure that the registration letter is received before any inspection of the property by the client; (d) sign in and inspect the Property with the client during a scheduled site inspection; and (e) attend the Auction with the client and bid with or for the client. All registrations accepted will be acknowledged; each acknowledged broker must bring his or her registration acknowledgment to the auction for registration verification purposes. A complete registration file on all prospects will be maintained. No REALTOR®/Broker will be recognized for a client who has previously contacted or been contacted by the Debtor or its representative or the Auctioneer or Newell or Tamerlain Realty Corp. No Cooperating Broker Fees will be paid if the broker, the broker's agents or a member of the broker's immediate family is participating in the purchase of the Property or is an employee or partner or equity holder of the Purchaser. An affidavit will be required certifying that the agent is serving only as a broker and not as a principal. There can be NO EXCEPTIONS to this procedure and no oral registrations will be accepted. If a broker has not met all of these requirements, no Cooperating Broker Fee will be paid to the broker, even if the broker's client purchases the Property.

p) **Documents Available:** A bidder's information packet (the **"**Packet**"**) will be assembled and may include such items as detailed Auction information, property description, legal description, the Purchase Agreement, preliminary title examination report, operating costs, detailed property information, environmental and other third party reports, real estate tax bill, local zoning information, rent roll, leases, local market information, survey, terms of sale, bidder's affidavit, and other applicable information. The Packet is available by requesting same via telephone, or email from the Auctioneer, at the on-site inspection. Obtaining a copy of a Packet is required prior to registering to bid at the Auction. Auctioneer shall not be liable for any inaccuracy contained in any reports furnished to buyers, including those originating from third party experts.

q) **Attorney Review Recommended:** All information contained in auction-related material, such as the Packet, should be carefully reviewed by a bidder's attorney prior to the Auction and is subject to and may be superseded by the Agreement of Sale and announcements made from the

podium prior to the commencement of bidding.

r)    **Conduct Of The Auction:**   Conduct of the Auction and increments of bidding are at the direction and discretion of the Auctioneer. Auctioneer reserves the right to refuse admittance to anyone other than a Qualified Bidder, counsel or other professional acting on behalf of such Qualified Bidder, Newell and its principals and counsel, or to expel anyone admitted from the Auction premises for interference with Auction activities, nuisance, canvassing, soliciting, or other reasons deemed necessary by the Auctioneer. In the event of a dispute between bidders, the Auctioneer shall make the final decision to accept the final bid, to re-offer and/or re-sell the Property. If any disputes should arise following the Auction, the Auctioneer's records shall be conclusive in all respects.

s)    **Disclaimer:** Each Qualified Bidder, by submitting a bid for the Property, shall be deemed to acknowledge and represent:

- That it is bound by the Auction Procedures contained herein;

- That it had an opportunity to inspect and examine the Property and to review all pertinent documents and information with respect to the Property prior to making its offer and that it relied solely upon its own investigation, own independent review, investigation and/or inspection of any documents and/or the Property in making its bid; and

- That it did not rely upon any written or oral statements, warranties or representatives of the Auctioneer, the Debtor, or the Debtor's agents regarding the Property, or the completeness of any information provided in connection with the Property, the bidding process or the Auction.

6.    <u>Sale Hearing</u>. The Successful Bid will be subject to approval by the Bankruptcy Court. Please be advised that the hearing to approve the sale of the Property to the Successful Bidder (the "<u>Sale Hearing</u>") will take place on _____, 2020 at _____ __.m. (EDT), or at such time thereafter as counsel may be heard, in the Bankruptcy Court. The Sale Hearing may be adjourned by consent of the parties or an order of the Court from time to time on notice to creditors and other parties in interest, or without further notice other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.