UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

                                                            Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.         Case No. 19-12447 (SMB)
*aka* Bronx Miracle Gospel Tabernacle, Inc.

                         Debtor.
---------------------------------------------------------------x

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363 AND 506(c) AND RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (A) AUTHORIZING AND APPROVING THE SALE OF THE REAL ESTATE TO [_____] FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (B) APPROVING THE PURCHASE AGREEMENT, IF ANY, AND (C) GRANTING RELATED RELIEF**

Upon the motion dated May 29, 2020 (the "Motion") of Deborah J. Piazza, the Chapter 11 trustee (the "Trustee") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. *aka* Bronx Miracle Gospel Tabernacle, Inc. (the "Debtor"), for, among other things, the entry of an order pursuant to sections 105(a), 363 and 506(c) of title 11, United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) authorizing and approving the auction sale of the Debtor's Property located at 2910 Barnes Avenue, Bronx, New York to the highest and best bidder at the auction free and clear of all liens, claims, encumbrances and interests, and (b) granting related relief (collectively, the "Sale Relief"); and the Court having entered an order, dated _____, 2020 [ECF Doc. No.____] (the "Procedures Order") in which the Court, among other things: (i) approved certain auction and sale procedures (the "Auction Procedures"), (ii) approved the form

of Purchase Agreement,[1] (iii) approved the Carve-Out Agreement between the Trustee and Newell Funding LLC ("Newell") and (iv) scheduled a hearing on the Sale Relief, including the Trustee's request to approve a sale to the bidder(s) submitting the highest or otherwise best offer for the Property as determined in accordance with the Auction Procedures, for _____, 2020 (the "Sale Hearing"); and the auction scheduled for _____, 2020 (the "Auction") having been held as scheduled; and there having been at the Auction _____ bidders other than Newell that were deemed qualified bidders; and it having been determined that _____ submitted the highest and best bid for the Property at the conclusion of the Auction; and the Court having held the Sale Hearing to consider the approval of the Sale of the Property [to _____ pursuant to the terms and conditions of the Purchase Agreement] [to Newell pursuant to the terms of the Auction Procedures and Procedures Order]; and the Court having considered (i) the Motion, (ii) the Purchase Agreement; (iii) the arguments of counsel made, and the evidence submitted, proffered or adduced, at the Sale Hearing, including the affidavit of _____, dated _____, 2020 [ECF Doc. No. ____], and (iv) the record in this case, of which the Court took judicial notice at the Sale Hearing; and the Court having determined that the relief requested in the Motion and the Sale of the Property to [_____. in accordance with the terms of the Purchase Agreement] [Newell in accordance with the Auction Procedures and Procedures Order] and the provisions of this order ("Order") are in the best interests of the Debtor's estate, its creditors and other parties in interest; and it appearing that reasonable and adequate notice of the Motion, the Procedures Order, the Sale and the Sale Hearing have been provided to all persons required to be served in accordance with the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of this Court; and upon the record herein; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to it in the Motion.

after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**[2]

A.  The Court has jurisdiction over this matter and over the property of the Debtor, including the Property to be sold, transferred and conveyed, pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York.

B.  The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are Bankruptcy Code sections 105, 363 and 506(c) and Bankruptcy Rules 2002 and 6004.

C.  On July 28, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

D.  On January 8, 2020, the Court entered an order directing the United States Trustee to appoint a Chapter 11 trustee.

E.  On January 27, 2020, Deborah J. Piazza was appointed as Chapter 11 trustee of the Debtor (the "Trustee").

F.  The Sale Relief constitutes a sale of property of the Debtor's estate outside the ordinary course of business within the meaning of section 363(b) of the Bankruptcy Code.

G.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

H.  Venue of this case and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, as applicable.

I. As evidenced by the affidavits of service previously filed with the Court, and based on the representations of counsel at the Sale Hearing: (i) due, proper, timely, adequate and sufficient notice of the Motion, the Procedures Order, the Auction, the Sale Hearing and the Sale has been provided in accordance with Bankruptcy Code §§ 102, 105, 363 and 506(c) and Bankruptcy Rules 2002, 6004, 9008 and 9014 and in compliance with the Procedures Order; (ii) such notice was good and sufficient, and appropriate under the particular circumstances of this case; and (iii) no other or further notice of the Motion, the Auction, the Sale Hearing or the Sale is or shall be required.

J. As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, through marketing efforts and a competitive sale process conducted in accordance with the Procedures Order, the Trustee with her counsel and retained real estate broker Tamerlain Realty Corp. conducted a thorough and adequate search for interested potential purchasers, and afforded such interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offer to purchase the Property at the Auction.

K. The sale process has been conducted fairly and openly in a manner reasonably calculated to produce the highest and best offer for the Property under the circumstances and in compliance with the Procedures Order.

L. The Trustee and her professionals have complied in all respects with the Procedures Order.

M. The Debtor is the sole lawful owner of the Property, as set forth in the Purchase Agreement, and upon entry of this Order, the Trustee has the legal power and authority to convey all of the Debtor's right, title and interest in the Property.

N. The Trustee received ____ qualified bids for the Property at the Auction, and it was determined at the conclusion of the Auction that _____. submitted the highest and best bid in the amount of $_____ [which included a credit bid of $_____ as permitted by paragraphs ____ and ____ of the Procedures Order].

O. Upon entry of this Order, the Trustee (i) has full power and authority to execute the Purchase Agreement, and the sale of the Property has been duly and validly authorized, (ii) has all of the power and authority necessary to consummate the Sale contemplated by the Purchase Agreement, and (iii) no consents or approvals, other than those expressly provided for in the Purchase Agreement, are required for the Trustee to consummate the Sale.

P. The relief requested in the Motion, including, without limitation, approval of the Sale of the Property to _____. in accordance with the terms and conditions of the Purchase Agreement and this Order, is in the best interests of the Debtor's estate, its creditors and all other parties in interest in this Chapter 11 case.

Q. The Trustee has exercised sound business judgment in deciding, and has shown good and sufficient justification, to enter into the Purchase Agreement and to sell the Property to [_____ pursuant to the terms and conditions of the Purchase Agreement] [Newell pursuant to the Procedures Order and Auction Procedures]. Entry into the Purchase Agreement and related documents, if applicable, and consummation of the Sale in accordance with the terms and conditions thereof, constitute the Trustee's exercise of sound business judgment and such acts are in the best interests of the Debtor's estate, in that, without exclusion, (i) the [Purchase Agreement] [Sale to Newell pursuant to its credit bid] was entered into in good faith and from arms'-length bargaining positions as between the Trustee and _____, based upon the fact that _____ was the highest bidder at the Auction, (ii) the Trustee was free to deal

with any other party interested in acquiring the Property who submitted the highest bid at the Auction; and (iii) the Trustee has provided for adequate notice and an opportunity to be heard in connection with the Sale in this Chapter 11 case.

R. A fair and reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein as well as the Sale has been afforded to all interested persons and entities, including: (i) the Office of the United States Trustee; (ii) the Office of the New York State Attorney General; (iii) Debtor and Debtor's counsel; (iv) all creditors of the Debtor; (v) all taxing authorities having jurisdiction over the Property, including the Internal Revenue Service and the New York City Department of Finance; (vi) all governmental agencies that are an interested party with respect to the Sale and transactions proposed thereunder; (vii) all parties that are known or reasonably believed to have asserted any lien, encumbrance, claim or other interest in the Property; (viii) all parties that are known or reasonably believed to have expressed an interest in acquiring the Property; and (ix) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "<u>Auction and Sale Notice Parties</u>").

S. [Newell is a third party that is unrelated to the Debtor, except for being mortgagee of the Property, and not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101, and no common identity of incorporators, directors or officers exists between the Debtor and Newell.] [ _____ is a third party that is unrelated to the Debtor, and not an "insider" of the Debtor, as that term is defined in Bankruptcy Code § 101, and no common identity of incorporators, directors or officers exists between the Debtor and _____.

T. The Trustee and _____ entered into the [Purchase Agreement][credit bid sale pursuant to the Auction Procedures and Procedures Order] in good faith, without collusion or

fraud, and at arms' length, based upon the fact that _____. submitted the highest bid at the Auction. Neither the Trustee nor _____ engaged in any conduct that would cause or permit the [Purchase Agreement][credit bid sale transaction], the Auction Procedures, or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed under Bankruptcy Code § 363(n).

U.  _____ is a good faith purchaser within the meaning of Bankruptcy Code § 363(m), and as such is entitled to the protections of Bankruptcy Code § 363(m).

V.  The sale process conducted by the Trustee and her retained advisors was open, fair and reasonable, conducted in good faith and free of collusion, and in compliance with the Auction Procedures. The outcome of the Auction was not the result of collusive or otherwise unlawful conduct on the part of _____ or any other third party.

W.  The offer of _____ for the Property is the highest and best offer received by the Trustee after a period in which third parties had sufficient opportunity to seek information and participate in the Auction for the sale of the Property. All Qualified Bidders had an opportunity to participate at the Auction. The [Purchase Price (as defined in the Purchase Agreement)] [credit bid] is fair and reasonable, and constitutes reasonably equivalent value and fair consideration for the Property under the Bankruptcy Code and other applicable law.

X.  Not selling the Property free and clear of all encumbrances and interests would adversely impact the Debtor's estate, and a sale of the Property other than one free and clear of all Interests or Claims (as defined below) would be of substantially less benefit to the Debtor's estate.

Y.  The Trustee may sell the Property free and clear of all Interests or Claims because, in each case, one or more of the standards set forth in Bankruptcy Code §§ 363(f)(1)-(5) has been satisfied.

Z.  The Sale of the Property by the Trustee to _____ pursuant to the [Purchase Agreement] [credit bid transaction under the Auction Procedures and Procedures Order] (i) is or will be legal and a valid and effective transfer of the Property to _____ and (ii) vests or will vest _____ with all right, title and interest of the Trustee in the Property on the closing of the Sale free and clear of any Interests or Claims pursuant to Bankruptcy Code §§ 105, 363(b) and 363(f), including any claims arising under any theory of successor liability, and including all mortgages recorded against the Property.

AA.  There were no objections by any holders of Interests or Claims that have not been resolved by the terms of this Order, or otherwise overruled or withdrawn, and all such parties are deemed to have consented to the Motion and Sale Relief pursuant to Bankruptcy Code § 363(f)(2).

BB.  There is cause to lift the stay contemplated by Bankruptcy Rule 6004(h).

CC.  All findings of fact and conclusions of law made or announced by the Court at the Sale Hearing or in the Procedures Order are incorporated herein; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Sale Relief requested in the Motion is GRANTED in the manner and to the extent set forth below, and the Sale Relief and all other transactions contemplated under the [Purchase Agreement][Auction Procedures and Procedures Order] are hereby approved.

2. Pursuant to Bankruptcy Code §§ 105(a), 363(b), 363(f) and 363(m), the Sale and the Purchase Agreement, if applicable, and the transaction contemplated thereby are hereby approved and authorized.

3. Pursuant to Bankruptcy Code § 363(b), the Trustee is hereby authorized to and directed to take any and all actions necessary or appropriate to (a) to sell the Property to _____ and consummate the Sale in accordance with and subject to the terms and conditions of the Purchase Agreement, Auction Procedures and/or Procedures Order and to transfer and assign all right, title and interest (including common law rights) to all property, to be conveyed in accordance with and subject to the terms and conditions of the Purchase Agreement, Auction Procedures and Procedures Order and (b) execute and deliver, and is empowered to perform under, consummate and implement, the Purchase Agreement, if applicable, Procedures Order and Auction Procedures, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, if applicable, and/or Auction Procedures.

4. The consideration provided by _____ for the Property under the Purchase Agreement, if applicable, Auction Procedures and/or Procedures Order is fair and reasonable, and shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law. The Sale may not be avoided, or costs or damages imposed on or awarded against any party in interest in this bankruptcy case under section 363(n), or any other provision, of the Bankruptcy Code.

5. Pursuant to Bankruptcy Code §§ 363(b) and 363(f), upon the Closing, and except as otherwise expressly provided in the Purchase Agreement, if applicable, the Property shall be transferred to _____ free and clear of all mortgages, restrictions,

hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens (including, without limitation, mechanics', materialmens' and other consensual and nonconsensual liens and statutory liens), judgments, demands, encumbrances, rights of first refusal, offsets, contracts, recoupment, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, tax, decrees of any Court or foreign or domestic governmental entity (to the extent permitted by law), or charges of any kind or nature, if any, including (without limitation) any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts or failures to act, of the Debtor or any of the Debtor's predecessors, claims (as that term is defined in the Bankruptcy Code), obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, including claims otherwise arising under doctrines of successor liability, other than Permitted Exceptions (collectively and as such pertains to the Property, the "<u>Interests or Claims</u>"), with all such Interests or Claims to attach to the cash proceeds in the order of their priority, with the same validity, force and effect that they now have as against the Property, subject to any claims and defenses the Debtor or the Trustee may possess with respect thereto.

6. The Debtor is a tax exempt entity and therefore, no transfer taxes shall be due from the Sale.

7. Following the Closing, no holder of any Interests or Claims against the Debtor or in the Property shall, and any such holder is hereby enjoined from taking any actions to, interfere with _____'s title to or use and enjoyment of the Property based on or related to such Interests or Claims.

8. The sale, transfer, assignment and delivery of the Property shall not be subject to any Interests or Claims, and all Interests or Claims of any kind or nature whatsoever shall be and hereby are released, terminated and discharged as to _____ and the Property, and shall attach only to the net proceeds of the Sale in their order of priority. All persons holding Interests or Claims against the Property of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing such Interests or Claims of any kind or nature whatsoever against _____, its property, its successors and assigns, its affiliates or the Property, with respect to any Interests or Claims that such person or entity had, has or may have against or in the Debtor, its estate or the Property.

9. Except as expressly provided in the Purchase Agreement and this Order, _____ is not assuming, nor shall it or any of its affiliates be liable or responsible, as a successor or otherwise, for, any liabilities, debts, or obligations of the Debtor or its estate in any way whatsoever relating to or arising from Debtor's ownership, possession or use of the Property prior to the consummation of the transaction contemplated by the Purchase Agreement, or any liabilities calculable by reference to the Debtor or any of its operations or the Property, or relating to continuing or other conditions existing on or prior to the Closing, which

liabilities, debts and obligations, if any, are hereby extinguished against _____ or any affiliate of _____ insofar as they may give rise to liability, successor liability or otherwise, against _____ or any such affiliate.

10. The transfer of the Property to _____ pursuant to the Purchase Agreement does not require any consents other than as specifically provided for in the Purchase Agreement and constitutes a legal, valid and effective transfer of the Property, and shall vest _____ with all right, title and interest of the Debtor in and to the Property free and clear of all Interests or Claims of any kind or nature whatsoever.

11. On the Closing and pursuant to the terms of the Purchase Agreement, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Property or a bill of sale transferring good and marketable title in the Property to _____. However, notwithstanding the preceding sentence, at the Closing the Trustee shall execute a quit-claim deed in proper form for recording together with the necessary and required transfer documents under New York law.

12. _____ is hereby authorized in connection with the consummation of the transaction contemplated by the Purchase Agreement, if applicable, the Auction Procedures and Procedures Order to allocate the Property among its affiliates, designees, assignee, and/or successors in a manner as it, in its sole discretion, deems appropriate and to assign, lease, license, transfer or otherwise dispose of any part or all of the Property to such affiliates, designee, assignee, and/or successors with all of the rights and protections accorded under this Order and the Purchase Agreement, the Auction Procedures and Procedures Order and the Trustee shall cooperate with and take all action reasonably requested by _____ to effectuate any of the foregoing.

13. If any person or entity that has filed financing statements, mortgages, mechanics' liens, *lis pendens* or other documents or agreements evidencing Interests or Claims against or in the Property shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfactions, releases of all Interests or Claims that the person or entity has with respect to the Property, or otherwise, _____ is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property.

14. Except as otherwise provided in the Purchase Agreement, on the Closing Date, each of the Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary to release their respective Interests or Claims against the Property, if any, as may have been recorded or may otherwise exist.

15. Each and every filing agent, registrar, filing officer, title agent, title company, recorder of mortgages, recorder of deeds, registrar of deeds, administrative agency or unit, governmental department or unit, secretary of state, federal, state or local official, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title, is hereby directed to accept any and all documents and instruments necessary and appropriate , including a certified copy of this Order, to consummate the transaction contemplated in the Purchase Agreement and/or Procedures Order (including, without limitation, striking all recorded Interests or Claims).

16. The transaction contemplated by the Purchase Agreement. Auction Procedures and Procedures Order has been bargained for and undertaken by _____ and the

Trustee at arms' length, without collusion and in good faith within the meaning of Bankruptcy Code § 363(m). The consideration provided by _____ for the Property under the Purchase Agreement, if applicable, Procedures Order and/or Auction Procedures is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law. _____ and the Trustee have not engaged in any conduct that would cause or permit the Purchase Agreement or the Sale to be avoided. _____ is a buyer in good faith as the term is used in Bankruptcy Code § 363(m) and upon the granting of this Order by this Court with respect to the Purchase Agreement, if applicable, Auction Procedures and/or Procedures Order, _____ shall be entitled to the protection of Bankruptcy Code § 363(m). Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale, unless such authorization is duly stayed pending such appeal. The transaction contemplated by the Purchase Agreement, if applicable, Auction Procedures and/or Purchase Order may not be avoided, or costs or damages imposed on or awarded against any party in interest in this bankruptcy case under Bankruptcy Code § 363(n), or any other provisions of the Bankruptcy Code.

17. The Trustee is hereby authorized to execute such documents, including, but not limited to a deed and any required New York transfer tax forms and do such acts as are necessary or desirable to carry out the transaction contemplated by the terms and conditions of the Purchase Agreement, the Auction Procedures, the Procedures Order and this Order.

18. The Trustee shall be, and hereby is, authorized to take all such actions and execute and deliver to _____ such other and further agreements and documents

as may be necessary to consummate the Sale and effectuate the terms of this Order, without further Order of this Court.

19. This Order and the Purchase Agreement, if any, Auction Procedures and the Procedures Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of _____, the Debtor, all other parties in interest, and any subsequent trustee appointed in the Debtor's Chapter 7 Case.

20. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation and enforcement of this Order.

21. The failure specifically to include or to reference any particular provision of the Purchase Agreement, the Auction Procedures or the Procedures Order in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court the Purchase Agreement, if applicable, and the Sale pursuant to the Auction Procedures and Procedures Order be authorized and approved in its entirety.

22. The Purchase Agreement, if applicable, and the Auction Procedures, and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

23. The provisions of this Order are nonseverable and mutually dependent.

24. To the extent permitted by Bankruptcy Code § 525, no governmental unit may revoke or suspend any permit relating to the operation of the Property sold, transferred or conveyed to _____ on account of the filing or pendency of the Debtor's bankruptcy case or the consummation of the Sale.

25. In the event of any inconsistency between this Order, on the one hand, and the Purchase Agreement, if applicable, or other documents related to the Sale, on the other hand, the terms of this Order shall control.

26. This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Procedures Order and the Purchase Agreement, if applicable, in all respects and to decide any disputes arising between the Trustee and _____.

27. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
_____, 2020

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE