UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.
*aka* Bronx Miracle Gospel Tabernacle, Inc.

                        Chapter 11

                        Case No. 19-12447 (SMB)

Debtor.
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a), 363 AND 506(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6004, (I) APPROVING AUCTION PROCEDURES AND NOTICE OF THE AUCTION RELATING THERETO, (II) APPROVING SALE OF REAL ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (III) APPROVING FORM OF PURCHASE AGREEMENT, (IV) APPROVING CARVE-OUT AGREEMENT AND (V) GRANTING RELATED RELIEF**

Upon the motion, dated May 29, 2020 (the "Motion")[1] of Deborah J. Piazza, the Chapter 11 trustee (the "Trustee") of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. *aka* Bronx Miracle Gospel Tabernacle, Inc. (the "Debtor"), for, among other things, the entry of an order pursuant to sections 105(a), 363 and 506(c) of title 11, United States Code (the "Bankruptcy Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) approving sale procedures in connection with the Trustee's proposed sale (the "Sale") of certain real property located at 2910 Barnes Avenue, Bronx, New York (the "Property"), (b) scheduling an auction and a sale hearing, (c) approving the form of notice of such Sale procedures, the purchase agreement, the auction, and the Sale; (d) authorizing certain break-up fee/expense reimbursement for a potential purchaser of the Property, and (e) approving the proposed Carve-out Agreement by and between the Trustee and the Debtor's lender/mortgagee, and the Court having reviewed the Motion and the exhibits thereto; and the Court having determined the relief requested in the Motion is in the best interest of the Debtor's

estate, creditors and other parties in interest; and upon the record established at the hearing held on June 18, 2020; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York.

    B.    The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are Bankruptcy Code sections 105, 363 and 506(c) and Bankruptcy Rules 2002 and 6004.

    C.    This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

    D.    Venue of this case and the Motion in this district are proper under 28 U.S.C. §§ 1408 and 1409.

    E.    Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required, and such notice complied with all applicable requirements of Bankruptcy Code sections 105, 363 and 506(c), Bankruptcy Rules 2002, 6004 and 9008 and any other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and any Administrative Orders. A reasonable opportunity to object or be heard regarding the relief requested in the Motion (including, without limitation, with respect to the proposed Auction Procedures, as defined below) has been afforded to all interested persons and entities including, but not limited to: (i) the Office of the United States Trustee for

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to it in the Motion or the Auction Procedures.

the Southern District of New York; (ii) counsel for the Debtor; (iii) counsel for Debtor's lender/mortgagee Newell Funding LLC ("Newell"); and (iv) all other parties that have filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 2002 (the "Auction Procedures Notice Parties").

F. The Trustee's proposed notice of the Auction Procedures (as defined below), the Auction and the Sale Hearing, as set forth in the Motion, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

G. The auction procedures annexed to this Procedures Order as **Exhibit 1** (the "Auction Procedures") are fair, reasonable and appropriate and are designed to maximize the recovery for the Debtor's estate and obtain the highest and best offer for the Property.

H. The entry of this Procedures Order is in the best interests of the Debtor's estate, its creditors and parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Auction Procedures annexed hereto as **Exhibit 1**, are hereby approved and shall apply with respect to, and shall govern all proceedings related to, (i) the Auction, and (ii) the Sale.

2. The Purchase Agreement substantially in the form annexed to the Motion as Exhibit C is hereby approved.

3. The Trustee is hereby authorized to take any and all actions reasonably necessary or appropriate to implement the Auction Procedures.

4. The notice procedures for the Auction and Sale Hearing, as described in the Motion, are approved, and the form of Notice of Auction and Sale Hearing, in substantially the form attached to the Motion as Exhibit D is hereby approved.

5. The Auction shall be scheduled for July 20, 2020, at 10:00 a.m. (EDT) unless rescheduled to a later date in accordance with the Auction Procedures. The Auction will be held telephonically and/or by video conference via Zoom or similar platform.

6. Newell shall be deemed a Qualified Bidder. Newell is not required to make a Deposit, as such term is defined in the Auction Procedures. Newell shall be entitled to credit bid at the Auction up to the aggregate amount of the Foreclosure Judgment plus statutory interest as of the date of the Auction, without prejudice to Newell's rights to prosecute the allowance of the full amount of its claim against the Debtor (except as provided under the Carve-out Agreement) or defend against any objection to its claim which may be made by any party.

7. The Carve-out Agreement is hereby approved pursuant to Bankruptcy Code sections 105 and 506(c).

8. The Trustee shall pay all Proceeds to Newell at the Closing, less any applicable Carve-Out Amounts. Notwithstanding anything to the contrary herein, any Carve-Out Amounts shall first be paid out of any Proceeds before Newell shall be obligated to pay any Carve-Out Amounts.

9. No later than June 22, 2020, the Trustee (or her agents) shall serve a copy of this Procedures Order (including the Notice of Auction and Sale Hearing substantially in the form attached as to the Motion as Exhibit D) upon the following by first-class mail and e-mail to the extent email addresses are known or reasonably ascertainable: (i) the Office of the United States Trustee; (ii) the Office of the New York State Attorney General; (iii) Debtor's counsel; (iv) all creditors of the Debtor; (v) all taxing authorities having jurisdiction over the Property, including the Internal Revenue Service and the New York City Department of Finance; (vi) all governmental agencies that are an interested party with respect to the Sale and transactions proposed thereunder; (vii) all parties that are known or reasonably believed to have asserted any lien, encumbrance, claim or other interest in the Property; (viii) all parties that are known or

reasonably believed to have expressed an interest in acquiring the Property; and (ix) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002 (collectively, the "Auction and Sale Notice Parties").

10. No later than June 24, 2020, the Trustee (or her agents) shall cause the Notice of Auction and Sale Hearing substantially in the form attached to the Motion as Exhibit D to be served upon all other known prepetition creditors of the Debtor via first class mail.

11. No later than June 30, 2020, the Trustee (or her agents) shall arrange to place an advertisement in various select newspapers and/or trade journals (the "Advertisement") advertising the Sale of the Property and advising interested parties of the Bid Deadline, date of Auction and how such parties could receive additional information. The Advertisement shall contain the salient terms set forth in the Notice of Auction and Sale Hearing.

12. Any objections to the Sale of the Property must: be in writing; conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; set forth the name of the objector; set forth the nature and amount of the objector's claims against or interests in the Debtor's estate or property; state the legal and factual basis for the objection and the specific grounds therefor; be filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004**;** and be served so as to be received by (a) the attorneys for the Trustee, Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, New York 10018 (Attn: Scott S. Markowitz, Esq. and Jill Makower, Esq., E-mail: smarkowitz@tarterkrinsky.com); (b) The Chandler Law Firm, counsel for the Debtor, Attn: Monte M. Chandler, Esq., E-mail: mmchandleresq@aol.com; (c) counsel to Newell, Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard Garden City, New York 11530 (Attn: Thomas R. Slome, Esq., E-mail: tslome@cullenllp.com); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal

Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Serene K. Nakano, Esq., E-mail: serene.nakano@usdoj.gov), and (e) New York State Attorney General (Attn: Enid Nagler Stuart, E-mail: Enid.Stuart@ag.ny.gov), no later than 5:00 p.m. (EDT) on July 21, 2020.

13. The Sale Hearing to consider approval of the Trustee's entry into and consummation of a transaction with a Successful Bidder shall be held on July 23, 2020 at 10:00 a.m. (EDT).

14. The Trustee is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Procedures Order.

15. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Procedures Order, including (but not limited to) the right to amend this Procedures Order.

Dated: New York, New York
       June 18, 2020

                                      **/s/ STUART M. BERNSTEIN**
                                      _____
                                      **HONORABLE STUART M. BERNSTEIN**
                                      **UNITED STATES BANKRUPTCY JUDGE**