**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 11 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com
Deborah J. Piazza, Esq.
dpiazza@tarterkrinsky.com
Jill Makower, Esq.
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

| | |
|---|---|
| BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. | Chapter 11 |
| *aka* Bronx Miracle Gospel Tabernacle, Inc. | Case No. 19-12447 (SMB) |

       Debtor.
---------------------------------------------------------------x

## DECLARATION OF NICO V. ROSSI
## IN SUPPORT OF THE SALE OF REAL PROPERTY

  I, Nico V. Rossi, declare, pursuant to section 1746 of title 28 of the United States Code, that:

  1. I am a licensed broker affiliated with Tamerlain Realty Corp. ("**Tamerlain**") who was appointed pursuant to an Order of this Court, entered on April 1, 2020, as the real estate broker/auctioneer for the above captioned estate [ECF Dkt. No. 63].

  2. I am fully familiar with the facts and circumstances set forth in this declaration. I am submitting this declaration in support of the sale of real property by Deborah J. Piazza (the "**Trustee**") as the Chapter 11 bankruptcy trustee of the captioned debtor, in connection with the sale of the real property commonly known as and located at 2910 Barnes Avenue, Bronx, NY (the "**Property**").

3. In connection with the sale of the Property, Tamerlain engaged in extensive marketing efforts which commenced even prior the entry of Tamerlain's retention order. Specifically, I personally showed the Property to at least two (2) serious potential purchasers in February 2020 and March 2020 prior to the COVID-19 pandemic.

4. Pursuant to the Auction Procedures Order [ECF Dkt. No. 81], the Trustee was to conduct an auction sale of the Property on July 20, 2020 (the "**Auction Sale**") should at least one qualified bid for the Property (other than the mortgagee's credit bid) be received by the July 16, 2020 bid deadline. The Trustee received six (6) bids which were deemed qualified aside from the mortgagee's credit bid.

5. Tamerlain's marketing activities for the Property and Auction Sale included, but are not limited to the following:

   a) Listing the Property for sale on Tamerlain's website.

   b) E-mail Blast: Tamerlain under my direction and supervision, caused multiple e-mail notifications to be sent to its database subscribers. Tamerlain's subscriber database consists of real estate professionals, investors, brokers and buyers who, in addition to having interest in purchasing real property, maintain their own network of potential purchasers for the properties similar to the Property. Tamerlain, under my direction and supervision, distributed Tamerlain's flyer and the Trustee's notice of auction to 329 people through Constant Contact.

   c) Offering: Tamerlain, under my direction and supervision, created an offering for the Property which contained several pages of information about the Property, the neighborhood in which it is located, the zoning and the zoning.

   d) Loop Net: Tamerlain caused impressions of a banner advertisement advertising the Property and the Auction Sale on loop net, a popular database that provides property data reports in both the commercial and residential sectors.

   e) New York Post ("**NY Post**"): Tamerlain with the assistance of the Trustee's counsel, arranged for an advertisement regarding the Auction Sale and how to make a qualified bid for the Property in the New York City edition of the NY Post. The advertisement was run on June 29, 2020. See ECF Dkt. No. 86.

   f) Showings: Tamerlain, under my direction and supervision, showed the Property by appointment to at least 13 potential purchasers.

6. Tamerlain's records reflect over 30 inquiries about the Property, the distribution of 25 due diligence packages and showing the Property to approximately 13 parties.

7. Pursuant to the Auction Procedures, the minimum bid for the property was $1.2 million. One of the bidders made an initial bid of $1.5 million.

8. The Trustee conducted the Auction Sale via Zoom format commencing around 10:15 a.m. on July 20, 2020. I attended the Auction Sale. Seven (7) bidders were deemed qualified. After numerous rounds of spirited bidding (bidding increments of $25,000), bidder no. 3, Nasir Samdani, through his attorney/broker, Simon H. Rothkrug, submitted the highest cash bid of $2,875,000.00. The second highest bid, a bid of $2,850,000.00, was made by the Church of Christ Ghana Inc. The Auction Sale concluded at approximately 10:45 a.m.

9. Based upon the aforementioned extensive and aggressive marketing strategy as well as the spirited bidding at the Auction Sale, whereby the successful purchaser bid $1,375,000 above the initial bid, I believe the best possible price was achieved for the Property.

Dated: July 20, 2020
      New York, New York

                                            /s/ Nico V. Rossi
                                            Nico V. Rossi
                                            Tamerlain Realty Corp.