Vernon Consulting Inc.                        **Hearing Date: December 8, 2020 at 10:00 a.m.**
344 East 65th Street, #3C                     **Objection Date: December 1, 2020**
New York, New York
(212) 861-7109
laura@vernonconsulting.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:

                                              Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.,               Case No. 19-12447 (SMB)

                    Debtor.
------------------------------------------------------------x

**FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES
AND REIMBURSEMENT OF EXPENSES TO VERNON CONSULTING, INC, AS
FINANCIAL ADVISORS AND ACCOUNTANTS TO THE CHAPTER 11 TRUSTEE
FROM JANUARY 27, 2020 THROUGH OCTOBER 31, 2020**

Name of Applicant:                            VERNON CONSULTING INC.

Authorized to Provide Professional Services to:   Financial Advisors and Accountants
                                              to the Chapter 11 Trustee

Date of Retention:                            Approved February 11, 2020
                                              *nunc pro tunc to January 27, 2020*

Period for which compensation                 January 27, 2020 – October 31, 2020
and reimbursement is sought:

Total amount of compensation sought as        $ 19,526.25
actual and necessary this fee period:

Total amount of expense reimbursement         $      13.23
sought as actual and necessary this fee period:

Total fees and expenses sought this fee period:   $ 19,539.48

Total amount of compensation paid as actual   $       0.00
and necessary this fee period:

Total amount of expenses paid as actual       $       0.00
and necessary this fee period:

Blended Rate per hour during this fee period:  $     385.13

1

This is the applicant's first interim fee application.

<table>
<tr><td><strong>SECTION I<br/>FEE SUMMARY</strong></td></tr>
</table>

First Interim Fee Application Covering the Period January 27, 2020 through October 31, 2020

Total Previous Fees and Expenses Requested this period:    $   -
Total Fees and Expenses Allowed to Date:    $   -
Total Retainer (if applicable):    $   -
Total Holdback (if applicable):    $   -
Total Received by Applicant this period:    $   -

### **Compensation by Matter**

| Matter Number | Matter Description | Total Hours | Total Fees |
|---|---|---|---|
| 1 | Accounting/Auditing | 6.3 | $ 1,102.50 |
| 2 | Asset Recovery | 0.7 | 0.00 |
| 3 | Business Operations | 3.1 | 1,317.50 |
| 4 | Case Administration | 31.8 | 13,515.00 |
| 5 | Data Analysis | 3.6 | 1,530.00 |
| 6 | Employment/Fee Application | 0.2 | 85.00 |
| 7 | Litigation Consulting | 0.3 | 127.50 |
| 8 | Tax Issues | 4.0 | 1,700.00 |
| 9 | Travel - Non-Working (at 50%) | 0.7 | 148.75 |
| **Total** | | **50.7** | **$19,526.25** |

## SECTION II – SUMMARY OF PROFESSIONALS RENDERING SERVICES FROM
## JANUARY 27, 2020 THROUGH OCTOBER 31, 2020

The Professionals of Vernon Consulting who rendered professional services in these Chapter 11 Cases during the Fee Period are:

| Professional Person | Position | Hourly Billing Rate* | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Laura W. Patt | Managing Director | $425.00 (Prof.) | 44.4 | $ 18,423.80 |
| | | $175.00 (Acctg.) | 6.3 | 1,102.50 |
| **Totals for Professionals** | | | **50.7** | **$ 19,526.25** |

| | |
|---|---|
| **Total Fees** | $ 19,526.25 |
| **Total Expenses** | 13.23 |
| **Sub-Total** | $ 19,539.48 |
| **Less: 20%Holdback** | (3,905.25) |
| **Net Fees (80%) and Expenses** | $ 15,634.23 |

*Due to the non-technical nature of the work performed during this Fee Period, all Accounting/ Auditing work was charged the discounted rate of $175 per hour.

## SECTION III – EXPENSE SUMMARY
## JANUARY 27, 2020 THROUGH OCTOBER 31, 2020

| Expense Categories | Amount |
|---|---|
| Travel (23 miles @ $0.575/mile) | $  13.23 |
| **Total** | **$  13.23** |

Vernon Consulting Inc.
344 East 65th Street, #3C
New York, New York
(212) 861-7109
laura@vernonconsulting.com
*Financial Advisors and Accountants for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re:

                                   Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.,          Case No. 19-12447 (SMB)

                         Debtor.

-----------------------------------------------------------x

## FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES TO VERNON CONSULTING, INC, AS FINANCIAL ADVISORS AND ACCOUNTANTS TO THE CHAPTER 11 TRUSTEE FROM JANUARY 27, 2020 THROUGH OCTOBER 31, 2020

Pursuant to Sections 330 and 331 of the United States Bankruptcy Code, 11 U.S.C.§ 101

et. seq., Rule 2016 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2016-1

of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of

New York, the Order Authorizing the Retention of Vernon Consulting, Inc. as the Financial

Advisors and Accountants to the Chapter 11 Trustee effective as of January 27, 2020, dated

February 11, 2020 [Docket No. 50].  Vernon Consulting, Inc. (hereinafter referred to "VCI" or the

"Applicant") presents this First Interim Application (the "Application") for Allowance of

Compensation and Reimbursement of Expenses for services performed and expenses incurred

during the period January 27, 2020 through and including October 31, 2020 (the "Application

Period").  Specifically, VCI seeks (i) interim allowance of $19,526.25 for the reasonable and

necessary professional services that VCI rendered to the Debtor during the Fee Period; (ii)

compensation in the amount of $15,621.00, which is 80% of the total amount of compensation

sought for actual and necessary professional services rendered during the Fee Period (i.e. $19,526.25 x 80% = $15,621.00), and (iii) the allowance and payment of $13.23 for the actual and necessary expenses that VCI incurred in connection with such services during the Fee Period. VCI represents that Debtor has sufficient funds to pay this amount, and that VCI is holding no retainer to apply against the amounts due.  In support of this Application, the Applicant respectfully states as follows:

## BACKGROUND

1.      On July 28, 2019 (the "Petition Date"), the Debtor filed a petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code").

2.      On January 7, 2020, an Order to Appoint a Chapter 11 Trustee was filed by the Court upon Motion of Newell Funding, LLC [Doc.41].

3.      On January 27, 2020, the United States Trustee appointed Deborah J. Piazza to serve as Chapter 11 Trustee [Doc. 42].

4.      On February 11, 2020, the Bankruptcy Court entered an Order authorizing the retention and employment of VCI as the Chapter 11 Trustee's Financial Advisors and Accountants [Doc. 50].  A copy of the Order is attached hereto as **Exhibit A.**

5.      In support of the Application, VCI submits the certification of Laura W. Patt, attached hereto as **Exhibit B**.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.§§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C.§ 157(b).

7.      Venue is proper before this Court pursuant to 28 U.S.C.§§ 1408 and 1409. The statutory predicates for the relief sought herein are §§330 and 331 and 333 of the Bankruptcy Code, as supplemented by Fed. R. Bankr. P. 2016.

## RELIEF REQUESTED

8.      By this application, VCI seeks an allowance of fees in the amount of $19,526.25 for professional services rendered during the Application Period, compensation in the amount of $15,621.00, which is 80% of the total amount of compensation sought for actual and necessary professional services rendered during the Fee Period (i.e. $19,526.25 x 80% = $15,621.00), and the allowance and payment of $13.23 for the actual and necessary expenses that VCI incurred in connection with such services during the Fee Period.  The services performed by VCI Professionals during the Application Period are detailed in **Exhibit C**. In submitting such detail, VCI does not intend to waive any privilege or doctrine, including the attorney-client privilege, work product or other similar privilege or doctrine. All services for which compensation is requested by the Applicant were performed for and/or on behalf of the Chapter 11 Trustee, and there are no agreements or understandings for the sharing of any compensation with parties outside of the Applicant's Firm. VCI further states that there has been no unnecessary duplication of work for which compensation is requested.

9.      **Exhibit C** is a summary covering all the services performed by Applicant with respect to this matter during the Compensation Period.  This detailed itemization complies with Local Bankruptcy Rule in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity; all time is billed in increments of one-tenth of an hour; the time entries are presented chronologically in categories; and all meetings or hearings are individually identified.

## PROFESSIONAL SERVICES RENDERED

10.    Following is the detailed itemization, by task category, of all services performed by
Applicant with respect to this matter during the Compensation Period.

11.    The Applicant has divided its time into the following categories:

a)    **Accounting/Auditing (6.3 Hours - $1,102.50)** This category includes
activities related to maintaining and auditing the books of account,
preparation of financial statements and account analysis. Performed at the
discounted rate of $175 per hour this Fee Period.

b)    **Asset Recovery (0.7 Hours – No Charge)** This category includes the
identification and review of potential assets including causes of action and
non-litigation recoveries.

c)    **Business Operations (3.1 Hours - $1,317.50)** This category includes
issues related to debtor-in-possession operating in chapter 11 such as
employee, vendor, tenant issues and similar problems.

d)    **Case Administration (31.8 Hours - $13,515.00)** This category includes
time spent in coordination and compliance matters including preparation
of statement of financial affairs; schedules; list of contracts; United States
Trustee interim statements and operating reports; contacts with the United
States Trustee; general creditor inquiries.

e)    **Data Analysis (3.6 Hours - $1,530.00)** Time billed to this category
includes time related to Management information systems review,

installation and analysis, construction, maintenance and reporting of significant case financial data, lease rejection, and claims.

f) **Employment/Fee Application (0.2 Hours - $85.00)** This category includes the preparation and/or review of employment and fee applications for self or others; motions to establish interim procedures.

g) **Litigation Consulting (0.3 Hours - $127.50)** This category includes providing consulting and expert witness services relating to various bankruptcy matters such as insolvency, feasibility, avoiding actions; forensic accounting.

h) **Tax Issues (4.0 Hours - $1,700.00)** Time billed to this category represents analysis of tax issues.

12.    During the Interim Period, the Applicant expended the sum of $13.23 for reasonable and necessary actual expenses incurred in this Case.

13.    Attached hereto as **Exhibit D** is the Affidavit filed by the Applicant, in support of VCI's Employment Application which details the terms of the Order, including the hourly rates, and scope of services.

## CONCLUSION

14.    No prior application has been made to this or any other Court for this Application Period or for the allowance of fees and disbursements sought herein.

15.    In light of the foregoing, VCI respectfully requests that it be granted a first interim allowance of $19,526.25 for professional services rendered during the Application Period, compensation in the amount of $15,621.00, which is 80% of the total amount of compensation sought for actual and necessary professional services rendered during the Fee Period (i.e.

$19,526.25 x 80% = $15,621.00), and the allowance and payment of $13.23 for the actual and necessary expenses that VCI incurred in connection with such services during the Fee Period, and be granted such other and further relief as the Court may deem just and proper.

Dated: October 31, 2020
    New York, NY

                Respectfully submitted,


              By: */s/ Laura W. Patt*
                  Laura W. Patt
                  Vernon Consulting, Inc.
                  344 East 65th St, Suite 3C
                  New York, NY 10065
                  Tel: (917) 822-7578
                  lpatt@vernonconsulting.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                    Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.                            Case No. 19-12447 (SMB)
*aka* Bronx Miracle Gospel Tabernacle, Inc.,

                                    Debtor.
--------------------------------------------------------x

**ORDER AUTHORIZING THE TRUSTEE TO RETAIN**
**VERNON CONSULTING, INC., AS FINANCIAL ADVISORS**
**AND ACCOUNTANTS TO THE TRUSTEE, EFFECTIVE JANUARY 27, 2020**

Upon the application dated February 10, 2020 (the "Application") of Deborah J. Piazza, as Chapter 11 trustee (the "Trustee") of the above-captioned Debtor for an order seeking authorization to retain Vernon Consulting, Inc. ("Vernon Consulting") as her financial advisors and accountants to perform the services more fully set forth in the Application; and upon the affidavit of Laura W. Patt, LNHA, CPA, CIRA (the "Patt Affidavit") in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due notice of the Application and this Order having been made and no further notice need be given; and after due deliberation it being determined that the relief requested is necessary to the administration of the Debtor's estate, and this Court being satisfied that Vernon Consulting (a) does not hold or represent any interest adverse to the Debtor's estate; (b) is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code; and (c) that its employment is

necessary and would be in the best interest of the estate; it is

      **ORDERED**, that the Trustee be and hereby is authorized to retain Vernon Consulting as of January 27, 2020, to render financial and accounting services to the Trustee, as more fully particularized in the Trustee's Application and the Patt Affidavit; and it is further

      **ORDERED**, that Vernon Consulting shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court upon appropriate notice and a hearing; and it is further

      **ORDERED**, that prior to any increases in Vernon Consulting's rates for any individual employed by Vernon Consulting and providing services in this case, Vernon Consulting shall file a supplemental affidavit with the Court and provide ten business days' notice to the Trustee, the Debtor and the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Trustee has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increases pursuant to § 330 of the Bankruptcy Code; provided however, that the terms "increases in Vernon Consulting's rates" and "rate increases" as used in this Order shall not include annual "step increases" historically awarded by Vernon Consulting in the ordinary course to employees throughout the firm due to advancing seniority and promotion.

**ORDERED**, that the Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

**No Objection to Entry of this Order:**

WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE

By: /s/ Andy D. Velez-Rivera
    Andy D. Velez-Rivera, Esq.
    Trial Attorney

Dated:  New York, New York
      February **11**th, 2020

                                **/s/ STUART M. BERNSTEIN**
                                HONORABLE STUART M. BERNSTEIN
                                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.,

                              Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 19-12447 (SMB)

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS WITH RESPECT TO THE FIRST INTERIM APPLICATION
FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF
EXPENSES TO VERNON CONSULTING, INC, AS FINANCIAL ADVISORS
AND ACCOUNTANTS TO THE CHAPTER 11 TRUSTEE
FROM JANUARY 27, 2020 THROUGH OCTOBER 31, 2020**

I, Laura W. Patt, hereby certify that:

1.        I am the President and Managing Director of Vernon Consulting, Inc. ("VCI").  I

have personal knowledge of the facts set forth herein.

2.        I submit this Certification in support of the First Interim Fee Application of VCI,

as Financial Advisors and Accountants to the Chapter 11 Trustee, for Allowance of Compensation

and Reimbursement of Expenses for the Period from January 27, 2020 through October 31, 2020

(the "Application").

3.        I have read the Application and, to the best of my knowledge, information and

belief, formed after reasonable inquiry (i) the Application complies with the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. section 330 effective January 30, 1996 (the "UST Guidelines"), Rule 2016 of the

Bankruptcy Rules, and this Court's Interim Compensation Order; (ii) the fees and expenses

requested therein are billed at rates and in accordance with practices customarily employed by VCI and generally accepted by VCI's clients; (iii) in providing a reimbursable service, VCI does not make a profit on that service, whether the service is performed by VCI in-house or through a third party; (iv) in charging for a reimbursable service, VCI does not include any amounts for amortization of the cost of any investment, equipment or capital outlay; and (v) in seeking reimbursement for a service which VCI justifiably purchased or contracted from a third party, VCI has requested reimbursement only for the amount billed to VCI by the third-party vendor and paid by VCI to such vendor.

4.      There is no agreement or understanding between VCI and any other person, other than the members of VCI, for the sharing of compensation to be received for services rendered or to be rendered in the Chapter 11 Cases.

The Office of the United States Trustee, and the Chapter 11 Trustee will be served with a copy of the Application.


WHEREFORE, I declare that the above is true and correct to the best of my knowledge.

Dated: New York, NY                    /s/ Laura W. Patt
October 31, 2020                        Laura W. Patt
                                        Managing Director

# EXHIBIT C

**Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc.**

*19-12447-SMB , Southern District of New York*

Vernon Consulting, Inc.

Professionals: LWP- Laura W. Patt, Managing Director

| Date | Professional | Category | Description of Work Performed | Hours | Rate | Fee |
|------|-------------|----------|-------------------------------|-------|------|-----|
| 01/27/20 | LWP | Employment/ Fee Application | Initial discussions, Docket review, and Conflict check - No charge | N/C | $ 425.00 | - |
| 01/28/20 | LWP | Tax Issues | Initial review of applicability of transfer tax, capital gain, and cancellation of debt. | 1.2 | $ 425.00 | 510.00 |
| 01/28/20 | LWP | Tax Issues | Analysis of Debtor's tax exempt status | 0.2 | $ 425.00 | 85.00 |
| 01/28/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re; transfer tax | 0.3 | $ 425.00 | 127.50 |
| 01/29/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re; Debtor's tax status | 0.4 | $ 425.00 | 170.00 |
| 01/29/20 | LWP | Case Admin | Telephone call to G.Iurato; re: Debtor's books and records. | 0.5 | $ 425.00 | 212.50 |
| 01/30/20 | LWP | Tax Issues | Analyses of applicability of Unrelated Business Income and Capital Gains | 0.6 | $ 425.00 | 255.00 |
| 01/30/20 | LWP | Tax Issues | Telephone call with A. Ben-Ami regarding transfer taxes and capital gains taxes. | 0.2 | $ 425.00 | 85.00 |
| 01/30/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.1 | $ 425.00 | 42.50 |
| 01/31/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re: Debtor's property tax/special assessments. | 0.1 | $ 425.00 | 42.50 |
| 02/04/20 | LWP | Employment/ Fee Application | Finalize and notarize Affidavit | 0.2 | $ 425.00 | 85.00 |
| 02/10/20 | LWP | Case Admin | Emails to each G. Iurato and M. Husbands; re: financial information and accounting records. | 0.1 | $ 425.00 | 42.50 |
| 02/10/20 | LWP | Bus. Oper. | Telephone call with J. Makower; re: Business operations | 0.2 | $ 425.00 | 85.00 |
| 02/11/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re: property tax exemptions | 0.1 | $ 425.00 | 42.50 |
| 02/11/20 | LWP | Case Admin | Emails to M. Husbands; re: financial information and accounting records. | 0.1 | $ 425.00 | 42.50 |
| 02/18/20 | LWP | Bus. Oper. | Telephone call with J. Makower; re: Business operations | 0.3 | $ 425.00 | 127.50 |
| 02/27/20 | LWP | Bus. Oper. | Telephone call with Minister Jeanette Brown; re: property tax exemption, books & records, and access to bank account. | 0.3 | $ 425.00 | 127.50 |
| 02/27/20 | LWP | Bus. Oper. | Emails to D. Piazza, J. Makower, and S. Markowitz; re: contact with Minister Brown | 0.1 | $ 425.00 | 42.50 |
| 03/11/20 | LWP | Bus. Oper. | Telephone call with Minister Jeanette Brown; re: access to property tax exemption, books & records, and bank account. | 0.1 | $ 425.00 | 42.50 |
| 03/17/20 | LWP | Bus. Oper. | Emails to D. Piazza, J. Makower, and S. Markowitz; re: access to Debtor site and information needed | 0.1 | $ 425.00 | 42.50 |
| 03/18/20 | LWP | Data Analysis | Emails to D. Piazza, J. Makower, and S. Markowitz; re: attempts to contact Debtor and requests for information. | 0.2 | $ 425.00 | 85.00 |
| 03/23/20 | LWP | Tax Issues | Telephone call with T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | 42.50 |
| 03/25/20 | LWP | Case Admin | Emails to N. Rossi; re; access to Debtor site. | 0.1 | $ 425.00 | 42.50 |
| 03/30/20 | LWP | Travel - Non-working | Travel to/from office to 2910 Barnes, Bronx NY. | 0.7 | $ 212.50 | 148.75 |
| 03/30/20 | LWP | Case Admin | Site visit with N.Rossi ; secured Debtor Estate's computers and financial information. | 3.3 | $ 425.00 | 1,402.50 |

| Date | Professional | Category | Description of Work Performed | Hours | Rate | Fee |
|------|-------------|----------|------------------------------|-------|------|-----|
| 03/30/20 | LWP | Bus. Oper. | Two telephone calls with Minister Jeanette Brown; re: site visit and assets secured. | 0.6 | $ 425.00 | 255.00 |
| 04/02/20 | LWP | Bus. Oper. | Telephone call with J. Makower; re: Business operations | 0.6 | $ 425.00 | 255.00 |
| 04/03/20 | LWP | Bus. Oper. | Telephone call with J. Makower; re: Business operations | 0.4 | $ 425.00 | 170.00 |
| 04/06/20 | LWP | Data Analysis | Access and gather information from two of the Debtors computers recovered from the site | 2.1 | $ 425.00 | 892.50 |
| 04/07/20 | LWP | Data Analysis | Access and gather information from two of the Debtors computers recovered from the site | 1.3 | $ 425.00 | 552.50 |
| 04/09/20 | LWP | Case Admin | Telephone call to M. Husbands; re: access to accounting files | 0.7 | $ 425.00 | 297.50 |
| 04/14/20 | LWP | Case Admin | Compile bank account information and statements | 0.4 | $ 425.00 | 170.00 |
| 04/23/20 | LWP | Bus. Oper. | Telephone call with J. Makower and D. Piazza; re: Bank accounts and accounts payable. | 0.2 | $ 425.00 | 85.00 |
| 05/13/20 | LWP | Tax Issues | Telephone call with T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | 42.50 |
| 05/28/20 | LWP | Tax Issues | Telephone call to T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | 42.50 |
| 06/12/20 | LWP | Case Admin | Telephone call to M. Husbands; re: access to accounting files | 0.2 | $ 425.00 | 85.00 |
| 06/15/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.1 | $ 425.00 | 42.50 |
| 06/23/20 | LWP | Bus. Oper. | Emails to D. Piazza, J. Makower, and S. Markowitz; re: Accounts payable | 0.2 | $ 425.00 | 85.00 |
| 06/24/20 | LWP | Case Admin | Fax and email correspondence to L. Tobar; re: online access; additional correspondence to TD Representatives | 0.2 | $ 425.00 | 85.00 |
| 06/25/20 | LWP | Case Admin | Telephone calls with J. Sarmiento and D. Piazza; re: Bank Access; compile bank statements | 0.8 | $ 425.00 | 340.00 |
| 06/30/20 | LWP | Tax Issues | Telephone call to T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | 42.50 |
| 07/03/20 | LWP | Case Admin | Telephone call with D. Piazza; re: MORS & Tax | 0.4 | $ 425.00 | 170.00 |
| 07/07/20 | LWP | Case Admin | Telephone call to M. Husbands; re: MORS | 0.2 | $ 425.00 | 85.00 |
| 07/07/20 | LWP | Acctg/Auditing | Set-up QBO, upload transactions, reconcile books and bank (11 months). | 6.3 | $ 175.00 | 1,102.50 |
| 07/08/20 | LWP | Case Admin | Prepare Initial MOR - July 2019 (stub period) and August 2019 | 2.9 | $ 425.00 | 1,232.50 |
| 07/08/20 | LWP | Case Admin | Prepare MOR - September 2019 | 2.8 | $ 425.00 | 1,190.00 |
| 07/08/20 | LWP | Case Admin | Prepare MOR - October 2019 | 2.3 | $ 425.00 | 977.50 |
| 07/08/20 | LWP | Case Admin | Prepare MOR - November 2019 | 2.2 | $ 425.00 | 935.00 |
| 07/09/20 | LWP | Case Admin | Prepare MOR - December 2019 | 2.1 | $ 425.00 | 892.50 |
| 07/09/20 | LWP | Case Admin | Prepare MOR - January 2020 | 1.5 | $ 425.00 | 637.50 |
| 07/09/20 | LWP | Case Admin | Prepare MOR - February 2020 | 1.2 | $ 425.00 | 510.00 |
| 07/09/20 | LWP | Case Admin | Prepare MOR - March 2020 | 1.4 | $ 425.00 | 595.00 |
| 07/13/20 | LWP | Case Admin | Prepare MOR - April 2020 | 1.1 | $ 425.00 | 467.50 |

| Date | Professional | Category | Description of Work Performed | Hours | | Rate | Fee |
|------|-------------|----------|------------------------------|-------|---|------|-----|
| 07/13/20 | LWP | Case Admin | Prepare MOR - May 2020 | 1.1 | $ | 425.00 | 467.50 |
| 07/13/20 | LWP | Case Admin | Prepare MOR - June 2020 | 0.9 | $ | 425.00 | 382.50 |
| 07/14/20 | LWP | Case Admin | Revisions to the MORs | 0.6 | $ | 425.00 | 255.00 |
| 07/15/20 | LWP | Case Admin | Analyses of payments made. | 0.7 | $ | 425.00 | 297.50 |
| 07/16/20 | LWP | Case Admin | Final edits to MORs | 0.4 | $ | 425.00 | 170.00 |
| 07/20/20 | LWP | Asset Recovery | Bankruptcy Auction Sale | 0.7 | | N/C | - |
| 07/20/20 | LWP | Tax Issues | Telephone call with T. Oberman regarding property tax exemption resolution. | 0.2 | $ | 425.00 | 85.00 |
| 07/22/20 | LWP | Case Admin | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.2 | $ | 425.00 | 85.00 |
| 07/22/20 | LWP | Case Admin | Telephone call with J. Makower; re: Attorney request | 0.2 | $ | 425.00 | 85.00 |
| 07/24/20 | LWP | Tax Issues | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax exemption posted; tax Liability remaining. | 0.1 | $ | 425.00 | 42.50 |
| 08/06/20 | LWP | Case Admin | Prepare MOR - July 2020 | 0.9 | $ | 425.00 | 382.50 |
| 08/10/20 | LWP | Litigation Consulting | Telephone call with J. Makower; re: Attorney request | 0.1 | $ | 425.00 | 42.50 |
| 08/11/20 | LWP | Litigation Consulting | Bank Account analysis | 0.2 | $ | 425.00 | 85.00 |
| 09/10/20 | LWP | Case Admin | Telephone call with J. Makower; re: Bank Account | 0.1 | $ | 425.00 | 42.50 |
| 09/14/20 | LWP | Case Admin | Prepare MOR - August 2020 | 0.9 | $ | 425.00 | 382.50 |
| 10/06/20 | LWP | Case Admin | Prepare MOR - September 2020; Calculate UST Quarterly Fees | 1.1 | $ | 425.00 | 467.50 |
| 10/12/20 | LWP | Case Admin | Emails; re: MORs. | 0.1 | $ | 425.00 | 42.50 |
| 10/28/20 | LWP | Case Admin | Emails to/from D. Piazza, J. Makower, and S. Markowitz; re: Debtor's retained property. | 0.1 | $ | 425.00 | 42.50 |

**Total Professional Fees**        50.7        $ 19,526.25

---

**EXPENSES**

| Date | Professional | Category | Description of Expense | Cost | Amount Charged |
|------|-------------|----------|------------------------|------|----------------|
| 03/30/20 | LWP | Travel | Travel to/from Debtor Site - 2910 Barnes 23 miles RT @ $0.575/mile | 13.23 | 13.23 |

**Total Expenses**        $ 13.23

**Total Professional Fees and Expenses**        $ 19,539.48

**Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc.**
*19-12447-SMB , Southern District of New York*
Vernon Consulting, Inc.
Professionals: LWP- Laura W. Patt, Managing Director

| Date | Professional | Description of Work Performed | Hours | Rate | Fee |
|------|--------------|------------------------------|-------|------|-----|
| **Accounting/Auditing** | | | | | |
| 07/07/20 | LWP | Set-up QBO, upload transactions, reconcile books and bank (11 months). | 6.3 | $ 175.00 | $ 1,102.50 |
| **Accounting/Auditing Total** | | | 6.3 | | $ 1,102.50 |
| | | | | | |
| **Asset Recovery** | | | | | |
| 07/20/20 | LWP | Bankruptcy Auction Sale | 0.7 | N/C | $ - |
| **Asset Recovery Total** | | | 0.7 | | $ - |
| | | | | | |
| **Business Operations** | | | | | |
| 02/10/20 | LWP | Telephone call with J. Makower; re: Business operations | 0.2 | $ 425.00 | $ 85.00 |
| 02/18/20 | LWP | Telephone call with J. Makower; re: Business operations | 0.3 | $ 425.00 | $ 127.50 |
| 02/27/20 | LWP | Telephone call with Minister Jeanette Brown; re: property tax exemption, books & records, and access to bank account. | 0.3 | $ 425.00 | $ 127.50 |
| 02/27/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: contact with Minister Brown | 0.1 | $ 425.00 | $ 42.50 |
| 03/11/20 | LWP | Telephone call with Minister Jeanette Brown; re: access to property tax exemption, books & records, and bank account. | 0.1 | $ 425.00 | $ 42.50 |
| 03/17/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: access to Debtor site and information needed | 0.1 | $ 425.00 | $ 42.50 |
| 03/30/20 | LWP | Two telephone calls with Minister Jeanette Brown; re: site visit and assets secured. | 0.6 | $ 425.00 | $ 255.00 |
| 04/02/20 | LWP | Telephone call with J. Makower; re: Business operations | 0.6 | $ 425.00 | $ 255.00 |
| 04/03/20 | LWP | Telephone call with J. Makower; re: Business operations | 0.4 | $ 425.00 | $ 170.00 |
| 04/23/20 | LWP | Telephone call with J. Makower and D. Piazza; re: Bank accounts and accounts payable. | 0.2 | $ 425.00 | $ 85.00 |
| 06/23/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: Accounts payable | 0.2 | $ 425.00 | $ 85.00 |
| **Business Operations Total** | | | 3.1 | | $ 1,317.50 |
| | | | | | |
| **Case Administration** | | | | | |
| 01/29/20 | LWP | Telephone call to G.Iurato; re: Debtor's books and records. | 0.5 | $ 425.00 | $ 212.50 |
| 02/10/20 | LWP | Emails to each G. Iurato and M. Husbands; re: financial information and accounting records. | 0.1 | $ 425.00 | $ 42.50 |
| 02/11/20 | LWP | Emails to M. Husbands; re: financial information and accounting records. | 0.1 | $ 425.00 | $ 42.50 |
| 03/25/20 | LWP | Emails to N. Rossi; re: access to Debtor site. | 0.1 | $ 425.00 | $ 42.50 |
| 03/30/20 | LWP | Site visit with N.Rossi ; secured Debtor Estate's computers and financial information. | 3.3 | $ 425.00 | $ 1,402.50 |
| 04/09/20 | LWP | Telephone call to M. Husbands; re: access to accounting files | 0.7 | $ 425.00 | $ 297.50 |
| 04/14/20 | LWP | Compile bank account information and statements | 0.4 | $ 425.00 | $ 170.00 |
| 06/12/20 | LWP | Telephone call to M. Husbands; re: access to accounting files | 0.2 | $ 425.00 | $ 85.00 |
| 06/24/20 | LWP | Fax and email correspondence to L. Tobar; re: online access; additional correspondence to TD Representatives | 0.2 | $ 425.00 | $ 85.00 |
| 06/25/20 | LWP | Telephone calls with J. Sarmiento and D. Piazza; re: Bank Access; compile bank statements | 0.8 | $ 425.00 | $ 340.00 |
| 07/03/20 | LWP | Telephone call with D. Piazza; re: MORS & Tax | 0.4 | $ 425.00 | $ 170.00 |

| Date | Professional | Description of Work Performed | Hours | Rate | Fee |
|------|------------|-------------------------------|-------|------|-----|
| 07/07/20 | LWP | Telephone call to M. Husbands; re: MORS | 0.2 | $ 425.00 | $ 85.00 |
| 07/08/20 | LWP | Prepare Initial MOR - July 2019 (stub period) and August 2019 | 2.9 | $ 425.00 | $ 1,232.50 |
| 07/08/20 | LWP | Prepare MOR - September 2019 | 2.8 | $ 425.00 | $ 1,190.00 |
| 07/08/20 | LWP | Prepare MOR - October 2019 | 2.3 | $ 425.00 | $ 977.50 |
| 07/08/20 | LWP | Prepare MOR - November 2019 | 2.2 | $ 425.00 | $ 935.00 |
| 07/09/20 | LWP | Prepare MOR - December 2019 | 2.1 | $ 425.00 | $ 892.50 |
| 07/09/20 | LWP | Prepare MOR - January 2020 | 1.5 | $ 425.00 | $ 637.50 |
| 07/09/20 | LWP | Prepare MOR - February 2020 | 1.2 | $ 425.00 | $ 510.00 |
| 07/09/20 | LWP | Prepare MOR - March 2020 | 1.4 | $ 425.00 | $ 595.00 |
| 07/13/20 | LWP | Prepare MOR - April 2020 | 1.1 | $ 425.00 | $ 467.50 |
| 07/13/20 | LWP | Prepare MOR - May 2020 | 1.1 | $ 425.00 | $ 467.50 |
| 07/13/20 | LWP | Prepare MOR - June 2020 | 0.9 | $ 425.00 | $ 382.50 |
| 07/14/20 | LWP | Revisions to the MORs | 0.6 | $ 425.00 | $ 255.00 |
| 07/15/20 | LWP | Analyses of payments made. | 0.7 | $ 425.00 | $ 297.50 |
| 07/16/20 | LWP | Final edits to MORs | 0.4 | $ 425.00 | $ 170.00 |
| 07/22/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.2 | $ 425.00 | $ 85.00 |
| 07/22/20 | LWP | Telephone call with J. Makower; re: Attorney request | 0.2 | $ 425.00 | $ 85.00 |
| 08/06/20 | LWP | Prepare MOR - July 2020 | 0.9 | $ 425.00 | $ 382.50 |
| 09/10/20 | LWP | Telephone call with J. Makower; re: Bank Account | 0.1 | $ 425.00 | $ 42.50 |
| 09/14/20 | LWP | Prepare MOR - August 2020 | 0.9 | $ 425.00 | $ 382.50 |
| 10/06/20 | LWP | Prepare MOR - September 2020; Calculate UST Quarterly Fees | 1.1 | $ 425.00 | $ 467.50 |
| 10/12/20 | LWP | Emails; re: MORs. | 0.1 | $ 425.00 | $ 42.50 |
| 10/28/20 | LWP | Emails to/from D. Piazza, J. Makower, and S. Markowitz; re: Debtor's retained property. | 0.1 | $ 425.00 | $ 42.50 |
| **Case Administration Total** | | | 31.8 | | $ 13,515.00 |

**Data Analysis**

| Date | Professional | Description of Work Performed | Hours | Rate | Fee |
|------|------------|-------------------------------|-------|------|-----|
| 03/18/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: attempts to contact Debtor and requests for information. | 0.2 | $ 425.00 | $ 85.00 |
| 04/06/20 | LWP | Access and gather information from two of the Debtors computers recovered from the site | 2.1 | $ 425.00 | $ 892.50 |
| 04/07/20 | LWP | Access and gather information from two of the Debtors computers recovered from the site | 1.3 | $ 425.00 | $ 552.50 |
| **Data Analysis Total** | | | 3.6 | | $ 1,530.00 |

**Employment/ Fee Application**

| Date | Professional | Description of Work Performed | Hours | Rate | Fee |
|------|------------|-------------------------------|-------|------|-----|
| 01/27/20 | LWP | Initial discussions, Docket review, and Conflict check - No charge | N/C | $ 425.00 | $ - |
| 02/04/20 | LWP | Finalize and notarize Affidavit | 0.2 | $ 425.00 | $ 85.00 |
| **Employment/ Fee Application Total** | | | 0.2 | | $ 85.00 |

| Date | Professional | Description of Work Performed | Hours | Rate | Fee |
|------|-------------|------------------------------|-------|------|-----|
| **Litigation Consulting** | | | | | |
| 08/10/20 | LWP | Telephone call with J. Makower; re: Attorney request | 0.1 | $ 425.00 | $ 42.50 |
| 08/11/20 | LWP | Bank Account analysis | 0.2 | $ 425.00 | $ 85.00 |
| **Litigation Consulting Total** | | | 0.3 | | $ 127.50 |
| | | | | | |
| **Tax Issues** | | | | | |
| 01/28/20 | LWP | Initial review of applicability of transfer tax, capital gain, and cancellation of debt. | 1.2 | $ 425.00 | $ 510.00 |
| 01/28/20 | LWP | Analysis of Debtor's tax exempt status | 0.2 | $ 425.00 | $ 85.00 |
| 01/28/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re; transfer tax | 0.3 | $ 425.00 | $ 127.50 |
| 01/29/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re; Debtor's tax status | 0.4 | $ 425.00 | $ 170.00 |
| 01/30/20 | LWP | Analyses of applicability of Unrelated Business Income and Capital Gains | 0.6 | $ 425.00 | $ 255.00 |
| 01/30/20 | LWP | Telephone call with A. Ben-Ami regarding transfer taxes and capital gains taxes. | 0.2 | $ 425.00 | $ 85.00 |
| 01/30/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.1 | $ 425.00 | $ 42.50 |
| 01/31/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: Debtor's property tax/special assessments. | 0.1 | $ 425.00 | $ 42.50 |
| 02/11/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: property tax exemptions | 0.1 | $ 425.00 | $ 42.50 |
| 03/23/20 | LWP | Telephone call with T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | $ 42.50 |
| 05/13/20 | LWP | Telephone call with T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | $ 42.50 |
| 05/28/20 | LWP | Telephone call to T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | $ 42.50 |
| 06/15/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax | 0.1 | $ 425.00 | $ 42.50 |
| 06/30/20 | LWP | Telephone call to T. Oberman regarding property tax exemption and email to follow-up request. | 0.1 | $ 425.00 | $ 42.50 |
| 07/20/20 | LWP | Telephone call with T. Oberman regarding property tax exemption resolution. | 0.2 | $ 425.00 | $ 85.00 |
| 07/24/20 | LWP | Emails to D. Piazza, J. Makower, and S. Markowitz; re: tax exemption posted; tax Liability remaining. | 0.1 | $ 425.00 | $ 42.50 |
| **Tax Issues Total** | | | 4.0 | | $ 1,700.00 |
| | | | | | |
| **Travel - Non-working** | | | | | |
| 03/30/20 | LWP | Travel to/from office to 2910 Barnes, Bronx NY. | 0.7 | $ 212.50 | $ 148.75 |
| **Travel - Non-working Total** | | | 0.7 | | $ 148.75 |
| | | | | | |
| **Total Professional Fees** | | | 50.7 | | $ 19,526.25 |

**EXPENSES**

| Date | Professional | Description of Expense | Cost | Amount Charged |
|------|-------------|----------------------|------|----------------|
| 03/30/20 | LWP | Travel to/from Debtor Site - 2910 Barnes 23 miles RT @ $0.575/mile | 13.23 | $ 13.23 |
| **Total Expenses** | | | | $ 13.23 |
| **Total Professional Fees and Expenses** | | | | $ 19,539.48 |

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Chapter 11

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.,

Case No. 19-12447 (SMB)

Debtor.
------------------------------------------------------------x

### AFFIDAVIT OF LAURA W. PATT IN SUPPORT OF APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF VERNON CONSULTING INC., AS FINANCIAL ADVISORS AND ACCOUNTANTS TO THE CHAPTER 11 TRUSTEE

STATE OF NEW YORK
                            ) SS:
COUNTY OF NEW YORK

LAURA W. PATT, being duly sworn, deposes and says:

1.       I am a certified public accountant, licensed under the laws of the State of Arizona, and I am a Managing Director of Vernon Consulting, Inc. ("Vernon Consulting"), with offices at 344 East 65th Street, New York, New York 10065. The facts set forth in this Affidavit are personally known to me and, if called as a witness, I could and would testify thereto. Vernon Consulting is a full-service business services firm.

2.       This affidavit is submitted in support of the application (the "Application") of Deborah J. Piazza, the Chapter 11 trustee (the "Trustee") in the above-captioned Chapter 11 case of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. (the "Debtor"), to employ Vernon Consulting as her financial advisors and accountants in this case effective as of January 27, 2020.

{Client/086324/1/02016137.DOCX;2 }

3.     This affidavit is also submitted as the statement required pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.     Other than the initial communication between Deborah J. Piazza and representatives of the Trustee with respect to the retention of Vernon Consulting in this case, neither I nor Vernon Consulting had a business or other connection with the Debtor, its attorneys or financial advisor, or any other party in interest, except as disclosed herein.

5.     Vernon Consulting has conducted an examination of its records to determine whether it has any relationships with entities (each an "Interested Party" and, collectively, the "Interested Parties") that are associated with the Debtor's case.   Specifically, under my supervision, Vernon Consulting conducted a conflict check on the following parties in interest in this case: (i) the Debtor; (ii) the Debtor known officers, directors, related parties and professionals; (iii) the United States Southern District of New York judge appointed to the case; and (iv) the United States Trustee.

6.     Based on the results of our conflict check, to the best of my knowledge, it appears that Vernon Consulting does not represent any entity holding any interest adverse to, and has no connection with, the Debtor, the Debtor's known creditors or a party-in-interest herein, their attorneys and accountants, the United States Trustee or a person employed by the United States Trustee[1], and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, except that Vernon Consulting:

---

[1] I worked as Bankruptcy Analyst for the Office of the United States Trustee in Region 19 from 2006 – 2008, but have no connection or relation to anyone in this Region or related to this case.

(a)    works with and/or for the professionals in this Chapter 11 case, or other chapter 7 or 11 cases, including Deborah J. Piazza, the Chapter 11 Trustee, and Tarter Krinsky & Drogin LLP, counsel to the Chapter 11 Trustee;

(b)    has not been engaged as accountants or consultants by any creditor of the Debtor;

(c)    Vernon Consulting, Inc. and I engaged Tarter Krinsky & Drogin LLP ("TKD") in connection with my appointment as Patient Care Ombudsman in the Long Beach Medical Center Chapter 11 case and Vernon Consulting's Court approved employment as Medical Operations Advisors in that case, each having no connection or relation to this Debtor's estate.

(d)    Vernon Consulting, Inc. and I engaged Michelle McMahon (currently a partner in Cullen & Dykman, attorney for secured creditor Newell Funding in this case, and formerly a partner of Bryan Cave), in connection with my appointment as Patient Care Ombudsman in the Restora Healthcare Holdings, LLC, et.al, Case Nos. 14-10367-PJW (Bankr. D. De.) case and Vernon Consulting's Court approved employment as Medical Operations Advisors in those cases, each having no connection or relation to this Debtor's estate.

7.    To the best of my knowledge, Vernon Consulting is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) in that Vernon Consulting (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does

not have an interest materially adverse to the interest of the Debtor's estate or of a class of creditors or equity security holders, by security holders, by reason of a direct or indirect relationship to, connection with, or interest in, the Debtor or for a other reason.

8.    Based on the foregoing, Vernon Consulting does not believe that it is conflicted from acting as financial advisors and accountants to the Trustee in this case. To the extent that I discover a fact bearing on the matters described herein during the period of Vernon Consulting's retention, I will supplement the information contained in this Affidavit.

9.    Vernon Consulting will assist the Trustee with the following:

a)    Performing an investigation and analyses of potential recovery of Chapter 5 claims, including analyzing transactions with vendors, insiders, related and/or affiliated companies, for the period prior to the date of filing Chapter 11;

b)    Analyzing the Debtor's financial information for the period prior to the date of filing Chapter 11;

c)    Scrutinizing cash disbursements for the period prior to the date of filing Chapter 11;

d)    Analyzing whether the Debtor's estate has a capital gains exposure as a result of the sale of the Debtor's real property during the Chapter 11 case;

e)    Preparing federal, state, and local tax returns and requisite disclosures on behalf of the Trustee and the Debtor's estate, as requested by the Trustee;

f)    Reconciling filed proofs of claim, as requested by the Trustee; and

g)    Performing other services necessary to administer the Debtor's estate, as requested by the Trustee.

10.    Vernon Consulting is willing to serve as financial advisors and accountants to the Trustee and to receive compensation on an hourly basis.  Vernon Consulting will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated June 17, 2013.

11.    The current hourly rates charged by Vernon Consulting for professional services are as follows:

| | |
|---|---|
| Managing Directors | $425 per hour |
| Directors | $350 per hour |
| Senior Managing Consultants | $300 per hour |
| Analysts and Staff | $150 per hour |

The "staff" referred to herein does not refer to administrative staff but rather professionals and paraprofessionals who will provide services to the Trustee in this case. Periodically, our hourly rates are subject to firm-wide adjustment.  Vernon Consulting will file a supplemental affidavit with the Court should its hourly rates change.

12.    Vernon Consulting has not agreed and will not agree to share compensation received in connection with this case or any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

13.    Neither I, nor Vernon Consulting, nor a managing director or associate thereof has received or been promised a compensation for services rendered or to be rendered in a capacity in connection with this case, other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York.

14.    No agreement or understanding exists between Vernon Consulting and any other

person for a division of compensation paid or to be paid for services rendered in this case and no

such division shall be made.

WHEREFORE your deponent asks for an appropriate order approving the employment of

Vernon Consulting as financial advisors and accountants to the Trustee effective as of January

27, 2020.

Laura W. Patt
Vernon Consulting, Inc.

Sworn to and subscribed to before
me this 5th      day of February 2020

Notary Public

Micheal Ransom
NOTARY PUBLIC
Chatham County, GEORGIA
My Commission Expires
08/08/2020