

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Jill Makower, Counsel
Email:jmakower@tarterkrinsky.com
Phone: (212) 216-1179

November 30, 2020

**-Via Electronic Case Filing -**

Honorable Stuart M. Bernstein
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc
             Chapter 11 Case No. 19-12447 (SMB)

Dear Judge Bernstein:

    We write on behalf of our client, Chapter 11 trustee Deborah J. Piazza (the "Trustee"), and on behalf of our firm, Tarter Krinsky & Drogin LLP, in opposition to the Debtor's request for an adjournment of the December 8, 2020 hearings on the Trustee's claim objections, the Trustee's proposed abandonment of Debtor's personal property (other than books and records), and the Trustee's professionals' interim fee applications.

    The Debtor has no good faith basis for the requested adjournment or for any additional time to access the Debtor's records to prepare amended schedules or opposition to the claim objections or fee applications. The Trustee's counsel has offered on many occasions to provide the Debtor with access to the Debtor's files, computers and personal property, but Debtor's counsel, Mr. Dahiya, failed to make any arrangements to do that. Notably, on September 29, 2020, a week before the closing on the Trustee's sale of the Property, the Trustee's counsel advised Mr. Dahiya he would need to provide a few dates over the next week if the Debtor wants to arrange a truck or movers to take the Debtor's personal property. Mr. Dahiya advised the Trustee's counsel by email on September 29, 2020 that he would fix a date in the next 3 days to retrieve Debtor's personal property. Mr. Dahiya never followed through, and never made any arrangements to pick up the Debtor's personal property or to come to the church to review the Debtor's books and records. On October 6, 2020, the Trustee closed on the sale of the Property.

    It must also be noted that Mr. Dahiya does not represent in this Court any creditors whose scheduled or filed claims the Trustee has objected to. Those creditors should have copies of any documentation relating to their claims.

Honorable Stuart M. Bernstein
November 30, 2020
Page 2

Finally, an adjournment of the December 8, 2020 hearing would be unfair to the Trustee's professionals, who have not been paid for any of their services provided to the Trustee on behalf of the estate over the past 10 months.

        Respectfully submitted,

        /s/ Jill Makower

        Jill Makower

JM:sn
cc:    Karamvir Dahiya, Esq.

{Client/086324/1/02243845.DOCX;1 }