HEARING DATE:  December 8, 2020
HEARING TIME:   10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Deborah J. Piazza, as Chapter 11 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com
Deborah J. Piazza, Esq.
dpiazza@tarterkrinsky.com
Jill Makower, Esq.
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:

BRONX MIRACLE GOSPEL TABERNACLE
WORD OF FAITH MINISTRIES, INC.
*aka* Bronx Miracle Gospel Tabernacle, Inc.

                    Debtor.
----------------------------------------------------------------x

Chapter 11

Case No. 19-12447 (SMB)

## CHAPTER 11 TRUSTEE'S REPLY TO DEBTOR'S OPPOSITION TO (I) TRUSTEE'S OMNIBUS OBJECTION TO SCHEDULED CLAIMS AND (II) TRUSTEE'S OBJECTIONS TO CLAIM NOS. 4 AND 6

**TO:**   **THE HONORABLE STUART M. BERNSTEIN**
      **UNITED STATES BANKRUPTCY JUDGE**

Deborah J. Piazza, chapter 11 trustee (the "**Trustee**") of the estate of Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc. *aka* Bronx Miracle Gospel Tabernacle, Inc., the above-captioned debtor (the "**Debtor**"), by her counsel, Tarter Krinsky & Drogin LLP, hereby submits this Reply to (i) the *Affirmation in support of the Claims of the Parishioners and Creditors* [ECF No. 159] (the "**Dahiya Aff.**"); and (ii) the *Affidavit in Support of the Claims And Against the Operating Trustee* [ECF No. 155] (the "**Rev. Thompson Aff.**"), and in further support of (a) the Trustee's omnibus objection to scheduled claims (the "**Omnibus Objection**")

{Client/086324/1/02245448.DOCX;3 }

[ECF No. 134], (b) the Trustee's objection to Claim No. 4 filed by Maxine Hall ("**Hall**") [ECF No. 135] and (c) the Trustee's objection to Claim No. 6 filed by Erold Williams [ECF No. 136], and respectfully sets forth and represents:

## PRELIMINARY STATEMENT

1. In response to the Trustee's Omnibus Objection to the Individual Scheduled Claims[1] (i.e. the scheduled claims of various individuals listed in the Debtor's original Schedule E/F), the Debtor has filed the Dahiya Aff. and the Rev. Thompson Aff., and the Debtor has prepared and filed, almost a year and a half after the Petition Date, an amended schedule of its unsecured debts ("**Amended Schedule E/F**"). As set forth below, the Debtor has no standing to oppose the Trustee's claim objections, and none of the holders of the Individual Scheduled Claims (except Hall) has opposed the Trustee's objections to their claims. Further, Mr. Dahiya represents the Debtor - - he does not purport to represent any of the creditors in this Chapter 11 case.[2]

2. The Debtor filed its Amended Schedule E/F in a bad faith attempt to thwart the Omnibus Objection and to benefit Rev. Thompson, Rev. Thompson's entities, and Minister Jeanette Brown. Indeed, the original Schedule E/F listed Rev. Thompson with an allowed claim of $30,000, and listed Rev. Brown's entities (829 Holding Corp. and Kyesss Corp.) as having <u>no allowed claims</u>.[3] However, the Amended Schedule E/F, signed solely by Rev. Thompson, gave Rev. Thompson, 829 Holding Corp. and Kyesss Corp. allowed claims totaling over $3 million. Additionally, Min. Brown's claim, which was originally scheduled at $27,000, was increased to

---

[1] Capitalized terms not defined herein shall have the meanings given in the Omnibus Objection.
[2] It is notable, however, that Mr. Dahiya has filed papers in the U.S. District Court for the Southern District of New York, Index No. 20-cv-7416 (AJN) and the Second Circuit Court of Appeals, Index No. 20-3313 purporting to represent the Debtor as well as numerous members of the Debtor's church (some of whom are creditors in the Debtor's Chapter 11 Case). The Trustee is unaware as to whether any members of the Debtor's church ever retained Mr. Dahiya.
[3] The scheduled claims of 829 Holding Corp. and Kyesss Corp. (each in the amount of $1.4 million) were listed in the original Schedule E/F as disputed and contingent.

$195,000 in the Amended Schedule E/F. The Amended Schedule E/F did not increase the amounts of any other creditors' claims. The Amended Schedule E/F substantially prejudices all general unsecured creditors other than the Debtor's insiders (i.e. Rev. Thompson, his entities and Min. Brown), because the non-insider claims are now dwarfed by the increased claims of Rev. Thompson, his entities and Min. Brown, and any distributions the non-insider creditors will receive in this case will be very substantially diminished if the Amended Schedules are allowed to stand.

3. The Amended Schedule E/F added a description of the alleged basis of the Individual Scheduled Claims (e.g. alleged loans or services provided to the Debtor). However, no proof of any of the Individual Scheduled Claims has been shown.

4. As demonstrated below, the Debtor's opposition to the Omnibus Objection should be overruled, the Omnibus Objection should be granted, and the Amended Schedule E/F, filed in bad faith and to the prejudice of non-insider creditors, should be disallowed and stricken.

5. As further demonstrated below, Claims Nos. 4 and 6 should also be expunged.

## RELEVANT FACTS

6. On August 12, 2019, the Debtor filed its Schedules of Assets and Liabilities (the "**Original Schedules**"), including schedules of all of its known creditors, listing the amounts and priorities of the claims of its alleged creditors. (A copy of the Debtor's Original Schedule E/F is annexed to the Trustee's Omnibus Objection as Exhibit 1).

7. On October 30, 2020, the Trustee filed her Omnibus Objection objecting to the Individual Scheduled Claims because the Debtor's original Schedule E/F stated no basis for any of the Individual Scheduled Claims, and upon information and belief, none exists. Responses to the Omnibus Objection were due on December 1, 2020.

8. On November 30, 2020, the Debtor filed a letter with the Court [ECF No. 151] seeking, *inter alia*, an adjournment of the December 8, 2020 hearing on the Trustee's Omnibus Objection.

9. On November 30, 2020, the Trustee filed a letter in opposition to the Debtor's request for an adjournment of the December 8, 2020 hearings. [ECF No. 152]

10. On December 1, 2020, the Court entered a Memorandum Endorsed Order stating:

> In Light Of The Trustees Objection, Counsel Must Request An Adjournment At The Hearing Bearing In Mind That He Should Be Prepared To Go Forward At That Time If His Request Is Denied. In Addition, If Counsel Is Representing Any Creditors In Addition To The Debtor, He Must File A Notice Of Appearance Identifying Who He Represents.

[ECF No. 153].

11. The Debtor's counsel, Mr. Dahiya, did not file a notice of appearance on behalf of any creditors.

12. None of the holders of the Individual Scheduled Claims filed a response to the Omnibus Objection.

13. The Debtor has opposed the Omnibus Objection as well as the Trustee's objections to claim nos. 4 and 6, by filing the Dahiya Aff. and Rev. Thompson Aff. As discussed below, the Debtor lacks standing to oppose the Trustee's claim objections.

14. The Debtor has also responded to the Trustee's Omnibus Objection by filing its Amended Schedule E/F on December 1, 2020, almost a year and a half after the Petition Date. (A copy of the Debtor's Amended Schedule E/F is annexed hereto as **Exhibit "A"**).

15. The Amended Schedule E/F, signed solely by Rev. Thompson, manipulated the scheduled claims for the benefit of Rev. Thompson, Rev. Thompson's affiliates and Min. Jeanette Brown, to the prejudice of the other unsecured creditors in this case. This manipulation

was carried out in at least five ways. First, Amended Schedule E/F changed the scheduled claims of two of Rev. Thompson's entities (829 Holding Corp. and Kyesss Corp.) from disallowed (contingent and disputed) claims to allowed claims. 829 Holding Corp. and Kyesss Corp. do not hold valid claims against the Debtor and no evidence of any claims allegedly held by those entities was ever produced in response to Newell's document requests.[4] By causing Original Schedule E/F to be amended to provide that 829 Holding Corp. and Kyesss Corp. have a total of $3 million in allowed claims (an increase from $0 in allowed claims to $3 million in allowed claims), Rev. Thompson acted in bad faith and may also have acted fraudulently.

16. Second, in Amended Schedule E/F, Kyesss Corp.'s claim was increased from $1.4 million to $1.6 million.

17. Third, in Amended Schedule E/F, Rev. Thompson's scheduled claim was increased from $30,000 to $224,000.

18. Fourth, in Amended Schedule E/F, the date debt incurred portion of Rev. Thompson's claim was changed from 2008 to "2014 until the Petition date", presumably to insulate Rev. Thompson from the Trustee's statute of limitations argument.

19. Fifth, Amended Schedule E/F increased Min. Brown's scheduled claim from $27,000 to $195,200.

20. The Amended Schedule E/F gives Rev. Thompson (who was the Debtor's president) and his entities allowed general unsecured claims totaling $3,224,000 (829 Holding Corp. - $1.4 million; Kyesss Corp. - $1.6 million; and Reverend Thompson - $224,000) and gives Min. Brown (who was an officer of the Debtor) a claim of $195,200, to the detriment of all

---

[4] See Newell Funding LLC's motion for the appointment of a Chapter 11 trustee or an order lifting the automatic stay (ECF No. 39), para 41, n.2.

other Individual Scheduled Claims. Thus, the Debtor, by amending Schedule E/F, unfairly benefited the Debtor's insiders, to the prejudice of the other creditors.

21. The Amended Schedule E/F also deleted numerous creditors who were listed on the original Schedule E/F (including Marcia & Fred Campbell, Cleveland Barnes, William S. Wright, Nadine McDonald, Susan Moore, Icymay Thomas, Tracey-Ann Moore, Winsome Rainford, and Sharon & Steve Burton), thereby disallowing those creditors' previously allowed claims.

22. Based on the above, the Debtor filed its Amended Schedule E/F in bad faith, and was prejudicial to non-insider creditors, whose scheduled general unsecured claims are now dwarfed by the insider claims of Rev. Thompson, his entities and Min. Brown. If the Amended Schedule E/F is not disallowed, the holders of non-insider Individual Scheduled Claims will likely receive, at best, a tiny distribution in this case.

### I.   THE DEBTOR'S AMENDED SCHEDULE E/F SHOULD BE DISALLOWED

23. Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr.P. 1009(a). "Although Bankruptcy Rule 1009 gives the debtor an absolute right to amend a voluntary petition, list, schedule or statement at any time before the case is closed, the Court has discretion to reject a debtor's amendment when 'the facts and circumstances presented indicate that the amendment was filed in bad faith, fraudulent or prejudicial.'" In re Raggie, 389 B.R. 309, 312–14 (Bankr. E.D.N.Y. 2008)(quoting In re Nye, 250 B.R. 46, 48 (Bankr.W.D.N.Y.2000). That is the case here. The Debtor, through Rev. Thompson, filed the Amended Schedule E/F in bad faith, to the prejudice of many other creditors

including the holders of all Individual Scheduled Claims other than Rev. Thompson and Min. Brown.

24. A number of courts have denied the debtor a right to amend its schedules if the facts and circumstances presented indicate that the amendment was filed in bad faith, fraudulent or prejudicial. See, e.g. Matter of Eldridge, 15 B.R. 594, 595 (Bankr. S.D.N.Y. 1981)("The debtors did not attempt to amend their exemptions until after the trustee successfully contracted to sell their Florida house. To permit untimely amendments after the trustee has taken action in the best interests of the estate would simply frustrate the distribution scheme contemplated under the Bankruptcy Code which encourages trustees to act diligently and expeditiously."); In re Romano, 378 B.R. 454, 467–68 (Bankr. E.D. Pa. 2007) (prejudice warranting denial of the right to amend a debtor's schedules may arise where "the trustee may be understood to have acted in reliance upon the debtor's initial schedules, and having taken such actions may be prejudiced if the amendments were allowed."); In re Santoro, 3 B.R. 210, 212 (Bankr.E.D.N.Y.1980) (debtors were denied the right to amend exemptions after the trustee had sold the property at issue); In re Shaffer, 92 B.R. 632, 634–36 (Bankr. E.D. Pa. 1988)(denying debtor's attempt to amend schedule of exemptions after sale of the debtor's property as the amendment would "dramatically change the distribution of the sale proceeds to the creditors" and unfairly prejudice creditors); In re Hardage, 69 B.R. 681, 684–85 (Bankr.N.D.Tex.1987) (debtor attempted to claim crops as exemption after they had been sold by the trustee); In re Houck, 9 B.R. 460, 463–64 (Bankr.E.D.Mich.1981) (debtors attempted to claim exemptions on bonds after they had delivered them to the trustee); See also Payne v. Wood, 775 F.2d 202, 205 (7th Cir.1985) (permission to amend exemptions said to be "most unlikely" to be permitted where debtors found to be improperly manipulating exemption claims).

25. The Debtor's very belated amendment of its original Schedule E/F is also highly prejudicial to the Debtor's other creditors due to the Debtor's inordinate delay in making these amendments. Prejudice has been found to exist where, as here, a debtor exhibits "inordinate delay" in amending bankruptcy schedules. See In re Reed, 1995 WL 227389 (9th Cir.1995) (debtor might have been entitled to amend exemptions, but lost that entitlement by "plung[ing] the bankruptcy estate into lengthy litigation," and by not requesting his amendment in a seasonable manner); Romano, 378 B.R. at 468–69 (prejudice would arise by permitting the debtor to switch his exemption election from federal to state law after inordinate delay); In re Jelinek, 97 B.R. 429, 432 (Bankr.N.D.Ill.1989); In re Snow, 21 B.R. 598, 600 (Bankr.E.D.Cal.1982)("To allow a debtor to amend his claim of exemptions at this late date would clearly be inequitable and would hinder the diligent administration of the bankruptcy estate by the Trustee. Because to allow the Debtor to amend his claim of exemptions at this late date would have an adverse impact on creditors whose rights have attached to the assets of the bankruptcy estate and because a late amendment to the Debtor's claim of exemptions would hinder the diligent administration of the bankruptcy estate by the Trustee, the amendment is not seasonable and, therefore, not allowed."); In re Brewer, 17 B.R. 186, 188 (Bankr.M.D.Tenn.), aff'd, 22 B.R. 983 (M.D.Tenn.1982)("[a]t some point, the debtor's election of either the state or federal exemptions must become irrevocable so as to avoid any unfair prejudice to the trustee and unsecured creditors.").

26. As set forth above, the Debtor filed the Amended Schedules in bad faith for the benefit of the Debtor's insiders and to the prejudice of Debtor's various other creditors.

27. Based on the foregoing, the Amended Schedule E/F should be disallowed and stricken.

## II. THE DEBTOR'S OPPOSITION TO THE TRUSTEE'S OMNIBUS OBJECTION SHOULD BE OVERRULED ON STANDING GROUNDS

28. The Trustee's Omnibus Objection and the Trustee's objections to Claim Nos. 4 and 6 (collectively, the "**Trustee's Claim Objections**") are against creditors of the Debtor. The Debtor is not a party to the Trustee's Claim Objections: it is neither the movant nor an adverse party. Notwithstanding, the Debtor has sought to oppose the Trustee's Claim Objections, without establishing legal standing to do so.

29. The Debtor clearly has the burden of proof to establish its standing. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) ("The burden to establish standing remains with the party claiming that standing exists"). The Debtor has failed to satisfy that burden.

30. In filing its opposition, the Debtor is attempting to assert the rights of creditors with scheduled claims against the Debtor. However, the "prudential standing rule ... normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Warth v. Seldin, 422 U.S. at 509, 95 S.Ct. 2197 (1975); Rajamin v. Deutsche Bank Nat. Tr. Co., 757 F.3d 79, 86 (2d Cir. 2014). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499; Rajamin, 757 F.3d at 86.

31. Moreover, Bankruptcy Code section 1109(b) is insufficient to confer standing upon the Debtor to oppose the Trustee's Claim Objections. Section 1109(b), which provides that "[a] party in interest, including the debtor, the trustee [and] ... a creditor ..., may raise and may appear and be heard on any issue in a case under [chapter 11]," does not afford a right to intervene under Federal Rule of Civil Procedure 24(a)(1), even though such "parties in interest" enjoy the general right to "monitor" the progress of the Chapter 11 case. See, e.g., Fuel Oil

Supply & Terminaling v. Gulf Oil Corp., 762 F.2d 1283, 1286-87 (5th Cir. 1985) (creditors' committee possesses no statutory right to intervene, but must establish lack of adequate representation); In re Charter, 50 B.R. 57, 62-64 (Bankr. W.D. Tex. 1985); In re Thompson, 965 F.2d 1136, 1142 (1st Cir. 1992).

32. Here, the Chapter 11 Trustee is in place, but it should be observed that debtors and debtors-in-possession lack standing to assert or invoke the rights of non-debtor parties. See e.g., In re Miller, 302 B.R. 705, 711 (10th Cir. BAP 2003) ("Debtor does not have standing to assert the rights of MVD and the other individuals before the bankruptcy court"); In re Arrow Transfer and Storage Co., 50 B.R. 726, 728 (E.D.Tenn 1985) (Chapter 11 debtor lacked standing to enjoin IRS's enforcement of penalty against responsible person: "The facts of this case indicate that the bankrupt is attempting to assert the rights of other parties who are not in bankruptcy, and this court fails to see any basis for granting the bankrupt (debtor) standing to assert its right to protect other parties."); In re Bult, 108 B.R. 207, 210 (Bankr.E.D.Wis. 1989) (neither §1107 nor §544 confers standing upon the debtor-in-possession to asserts the rights of other parties to challenge foreclosure proceeding or invoke third-parties' due process grievances); In re Evans Products Co., 65 B.R. 870 (S.D.Fla. 1986) (debtor corporations and official committee of non-insiders of debtor corporations lacked standing to raise rights of creditors vis a vis each other as challenge to confirmed reorganization plan).

33. Here, the Debtor's opposition purports to defend creditors' claims. Since the Debtor lacks standing to assert the rights of its creditors, the Debtor's opposition to the Trustee's Claim Objections must be overruled.

### III. THE INDIVIDUAL SCHEDULED CLAIMS SHOULD BE EXPUNGED

34. The holders of the Individual Scheduled Claims had an opportunity oppose the Trustee's objection to their scheduled claims and to provide any evidence of their scheduled claims, but failed to do so.

35. The Trustee's investigation of the Debtor's financial affairs yielded no evidence of any loans made to the Debtor by any person or entity other than Newell, and no basis for any of the Individual Scheduled Claims. Nothing in the Debtor's Amended Schedule E/F establishes the validity of any of the Individual Scheduled Claims.

36. For the foregoing reasons, the Individual Scheduled Claims should be disallowed and expunged.

### IV. TRUSTEE'S REPLY RE: OBJECTION TO CLAIM NO. 4

37. Hall's opposition to the Trustee's objection to her filed claim (Claim No. 4) states that Claim No. 4 was a $25,000 loan made by Hall to Rev. Thompson (not to the Debtor), which Hall made to Rev. Thompson in March 2011, and which Rev. Thompson failed to repay her despite many promises to do so. The Debtor's Original Schedule E/F lists Hall as a creditor with a $25,000 claim incurred in 2010. The Amended Schedule E/F states the Debtor owes Hall $25,000 for a loan made to the church in 2010. There has been no assertion by either Hall or the Debtor that there were any loan documents relating to Hall's claim, and the Trustee believes none exist.

38. Based on the evidence, the Trustee believes Hall made an oral loan to either the Debtor or to Rev. Thompson. Unfortunately for Hall, however, Claim No. 4 is unenforceable

because it is barred by the applicable six year statute of limitations.[5] A cause of action against the recipient of a loan for repayment of a loan accrues immediately when the loan is received, if the contract—be it oral or written—does not specify a term. Kharisma Jewelry, Inc., 165 B.R. at 375-76 ("…the Loan was payable on demand and a cause of action against Debtor accrued upon the date the funds were loaned...Therefore, upon the date of issuance of the Loan in the case at bar, the statute of limitations began to run immediately and expired six years later")(citing N.Y.Civ.Prac.L. & R. § 213(2)). The six year period expired in March 2017, prior to the Debtor's first bankruptcy filing on May 22, 2017 (Case No. 17-11395-smb).

39. Since Claim No. 4 is barred by the statute of limitations, it must be expunged pursuant to Bankruptcy Code section 502(b)(1).

V.   **TRUSTEE'S REPLY RE: OBJECTION TO CLAIM NO. 6**

40. Erold Williams did not file a response to the Trustee's objection to his $50,000 priority claim (Claim No. 6). Additionally, there is no evidence supporting this claim. Even if Mr. Williams did extend a loan to the Debtor, he would not be entitled to a priority claim, and his claim would likely be barred by the statute of limitations.

41. Based on the above, Claim No. 6 must be expunged.

---

[5] In New York, an action for enforcement of a contractual liability to return loaned funds must be commenced within six years. See N.Y.Civ.Prac.L. & R. § 213(2); In re Kharisma Jewelry, Inc., 165 B.R. 371, 373 (Bankr. E.D.N.Y. 1994).

## **CONCLUSION**

42. Based on the above, the Debtor's Amended Schedule E/F should be disallowed, the Debtor's opposition to the Trustee's Omnibus Objection should be overruled, and the Individual Scheduled Claims and Claim nos. 4 and 6 should be expunged.

Dated: New York, New York
       December 4, 2020

                                         **TARTER KRINSKY & DROGIN LLP**
                                         Counsel to Deborah J. Piazza, as Chapter 11 Trustee

                                    By: s/ Jill Makower
                                           Scott S. Markowitz, Esq.
                                           Deborah J. Piazza, Esq.
                                           Jill Makower, Esq.
                                           1350 Broadway, 11th Floor
                                           New York, New York 10018
                                           (212) 216-8000
                                           smarkowitz@tarterkrinsky.com
                                           dpiazza@tarterkrinsky.com
                                           jmakower@tarterkrinsky.com

**EXHIBIT A**

Fill in this information to identify the case:

Debtor name: BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. aka Bronx Miracle Gosepl Tabernacle, In

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF NEW YORK

Case number (if known): 19-12447

☐ Check if this is an amended filing

Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                       12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).
   ■ No. Go to Part 2.
   ☐ Yes. Go to line 2.

### Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** Nonpriority creditor's name and mailing address
829 Holding Corp
c/o Keith E. Thompson $ Mae
2934 Pearsall Avenue
Bronx, NY 10469

Date(s) debt was incurred: June 2009
Last 4 digits of account number: Property taken/Church Debt

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: This property 6 family was roped in by Newel Funding as Borek declared the Church to be in default.. Borek had the 829 Burke Avenue Bronx transferred to a new companyaround June 2009, as the Church had defaulted. 829 Hold. corp valued 1.4m

Is the claim subject to offset? ■ No ☐ Yes

Amount: $1,400,000.00

**3.2** Nonpriority creditor's name and mailing address
Clair & Gjersten
4 New King St. Ste 140
White Plains, NY 10604

Date(s) debt was incurred: 2016
Last 4 digits of account number: _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: Legal fees demanded

Is the claim subject to offset? ■ No ☐ Yes

Amount: $6,000.00

**3.3** Nonpriority creditor's name and mailing address
Con Edison
JAF Station Post Box 1702
New York, NY 10116

Date(s) debt was incurred: 2019
Last 4 digits of account number: _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
■ Disputed

Basis for the claim: Electricity

Is the claim subject to offset? ■ No ☐ Yes

Amount: $3,850.00

---

Official Form 206E/F                Schedule E/F: Creditors Who Have Unsecured Claims                page 1 of 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        33685        Best Case Bankruptcy

*Keith Elijah Thompson* (signature)

| Debtor | BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. aka Bronx Miracle Gosepl Tabernacle, In | Case number (if known) | 19-12447 |
|---|---|---|---|
| | Name | | |

**3.4** Nonpriority creditor's name and mailing address
Cynthia Williams
1045 E. 226th Street
Bronx, NY 10466
Date(s) debt was incurred **2011, 2017**
Last 4 digits of account number **Church Member**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$20,000.00

Basis for the claim: **Long time church member, Loan provided to the Church for the repairs and administrative expenses. She also contributed to the legal fees for the Church.**

Is the claim subject to offset? ■ No  ☐ Yes

**3.5** Nonpriority creditor's name and mailing address
Erold Williams
854 East 217 Street
Bronx, NY 10467
Date(s) debt was incurred **2010, 2015,**
Last 4 digits of account number **Church Member**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$50,000.00

Basis for the claim: **Loan provided by Mr. Williams for the Church for administrative expenses. The Church has continued to admit the liability and has been continuing to commit itself to makiing payments, thus renewing the loan obligaion.**

Is the claim subject to offset? ■ No  ☐ Yes

**3.6** Nonpriority creditor's name and mailing address
Franklyn Robinson
3003 Wilson Avenue
Bronx, NY 10469
Date(s) debt was incurred **2016**
Last 4 digits of account number __

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$25,000.00

Basis for the claim: **Mr. Robinson executed electrical work upgraded, carpentary. Worked as a maintenance man until closure. For the labor, work performed, owed 25k.**

Is the claim subject to offset? ■ No  ☐ Yes

**3.7** Nonpriority creditor's name and mailing address
Horace Hall
85 Harper Ct.
Bronx, NY 10466
Date(s) debt was incurred **2014-2020**
Last 4 digits of account number **Church Member and Plumber**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$15,000.00

Basis for the claim: **Mr. Hall is the Church Plumber. He has been paid only partial payments for his work. He is owed at least 15,000 to 20,000. He changed the water and sewer pipes many a times. Installed all the bathrooms [5] after dismantling the old ones**

Is the claim subject to offset? ■ No  ☐ Yes

**3.8** Nonpriority creditor's name and mailing address
Kyesss Corp
/s/ Keith E. Thompson
2934 Pearsall Avenue
Bronx, NY 10469
Date(s) debt was incurred **2008, June 2009**
Last 4 digits of account number **Mortgages given for the Church**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$1,600,000.00

Basis for the claim: **Kyesss corp mixed use bldg dceptively mortgaged to grant Church purchase money. Two mortgages [$425k Chur] plus $325k ch on march 18, 2008 and Borek took over the property worth 1.6 million. church loan excuse to take over by Borek Newell**

Is the claim subject to offset? ■ No  ☐ Yes

*/s/ Keith Elijah Thompson*

| Debtor | BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. aka Bronx Miracle Gosepl Tabernacle, In | Case number (if known) | 19-12447 |
|---|---|---|---|

**3.9** Nonpriority creditor's name and mailing address
Mr. Bernel Richardson
4359 Furman Avenue Apt 3B
Bronx, NY 10466
Date(s) debt was incurred  2018-19
Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$8,000.00

Basis for the claim: Payments for Church: Legal fees to Cardenas $2000 (2019); Accountant (Glenn): $1000 (2018): Accountant (Husband) ($1000) Paid to the contractor (Mcdonald): $1250 (2019). Has assisted the Church for legal compliances, litigation, reviewing.

Is the claim subject to offset? ■ No  ☐ Yes

**3.10** Nonpriority creditor's name and mailing address
Ms. Annie Moore
2031 Strang AVenue
Bronx, NY 10466
Date(s) debt was incurred  Since 2014
Last 4 digits of account number  Church Member

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$10,000.00

Basis for the claim: Loans given towards the expenses of the Chuch inlcuding repairs since 2014

Is the claim subject to offset? ■ No  ☐ Yes

**3.11** Nonpriority creditor's name and mailing address
Ms. Carolyn Skinner
218 Country Clud Dr.
Florida
Florida, NY 10921
Date(s) debt was incurred  2011
Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$25,000.00

Basis for the claim: Monies paid for the legal fees and other admin expenses of the Church. Promissory note etc. executed addendums added, renewed, the records are confiscated unlawfully by the Operating Trustee.

Is the claim subject to offset? ■ No  ☐ Yes

**3.12** Nonpriority creditor's name and mailing address
Ms. Hermin Young
642 East 222nd Street
Bronx, NY 10467
Date(s) debt was incurred  2015 onwards, ongoing basis until the closure of the Church
Last 4 digits of account number  Church

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$40,000.00

Basis for the claim: Loan for Church legal fees $15,000 to Gordon. Also she paid monies for repair, purchase materials, and admin expenses.

Is the claim subject to offset? ■ No  ☐ Yes

**3.13** Nonpriority creditor's name and mailing address
Ms. Jean Weiss
928 Duncan Street
Bronx, NY 10469
Date(s) debt was incurred  2018, 2019
Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$2,500.00

Basis for the claim: Ms. Weiss purchased the Churches bathroom accessories, toilet seats. She had also used her credit card for the Church. Receipts in the Church files, improperly confiscated by the Operating Trustee.

Is the claim subject to offset? ■ No  ☐ Yes

| | |
|---|---|
| Debtor | BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. aka Bronx Miracle Gosepl Tabernacle, In |
| | Name |
| Case number (if known) | 19-12447 |

**3.14** Nonpriority creditor's name and mailing address
Ms. jeanette Brown
15 South First Avenue
No. 281
Mount Vernon, NY 10550

Date(s) debt was incurred  **Since 2012 until the petition filing date**
Last 4 digits of account number  _

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Ms. Brown package as an admin sec. since 2012: $1500 for rent and $600 a week salary. Rent paid only $1200. 300x 12=3600 x 8 =28,800 rental arrears. Salary paid $200 a week balance $400 a week. 400x52=20,800 x 8 years=166,400 salary.**

Is the claim subject to offset? ■ No ☐ Yes

$195,200.00

---

**3.15** Nonpriority creditor's name and mailing address
Ms. Maxime Rose Hall
2925 Mathew Aveue
Bronx, NY 10467

Date(s) debt was incurred  **2010**
Last 4 digits of account number  **Church**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Ms. Hall is a nurse and former member. She loaned $25,000 to the Church. Church did receive $25,000 towards the expenses of the old Church.**

Is the claim subject to offset? ■ No ☐ Yes

$25,000.00

---

**3.16** Nonpriority creditor's name and mailing address
Ms. Princess Dubdad
1779 2nd Avenue Apte Se
New York, NY 10128

Date(s) debt was incurred  **2012**
Last 4 digits of account number  **Church**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Ms. Dubdad loaned the Church, one time payment. Legal fees. To the best of memory of Sister Brown [Sec. Chuch Admin], there is a record reflecting the loan. However, Chuch records have been confiscated improperly and not been given back.**

Is the claim subject to offset? ■ No ☐ Yes

$10,000.00

---

**3.17** Nonpriority creditor's name and mailing address
Pastor Keith Elijah Thompson
2934 Pearsall Avenue
Bronx, NY 10469

Date(s) debt was incurred  **2014 until Petition date July 2019**
Last 4 digits of account number  **1980**

As of the petition filing date, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim: **Since 2014 until Petition Month July 2019. Salary: 1000/week. Housing allowance $2200/month. Actual salary paid: 400/week, Total Balance owed: $171,600 (Salary). Housing dues owed to pastor: $52,800 (2016-17) (2020, 5 mnths $11k)**

Is the claim subject to offset? ■ No ☐ Yes

$224,000.00

---

### Part 3: List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

### Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

| | | Total of claim amounts |
|---|---|---|
| 5a. Total claims from Part 1 | 5a. $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + $ | 3,659,550.00 |

---

Official Form 206 E/F    Schedule E/F: Creditors Who Have Unsecured Claims    Page 4 of 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

*/s/ Keith Elijah Thompson*

| Debtor | BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, INC. aka Bronx Miracle Gosepl Tabernacle, In | Case number (if known) | 19-12447 |
|---|---|---|---|
| | Name | | |

5c. Total of Parts 1 and 2
Lines 5a + 5b = 5c.

5c.    $    3,659,550.00

*Keith Elijah Thompson* (signature)