UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case No. 19-12447 (DSJ)

IN RE:

**Bronx Miracle Gospel Tabernacle Word**
**Of Faith Ministries**

             **Debtor**
-----------------------------------------------------------X

### Debtor Bronx Miracle Gospel Tabernacle Word of Faith Ministries and its Christian Congregants' Motion to Withdraw the Reference to the Bankruptcy Court

     Currently pending before the bankruptcy court are two motions, one to dismiss the Chapter 11 case of Miracle Gospel Tabernacle Word Of Faith Ministries (the "Debtor") and second for final fee compensation of the operating trustee and her legal team. In light of the attached second circuit decision dated February 23, 2022, and the damage claims of the Debtor resulting from violation of fiduciary duty by an involuntary and improperly imposed operating trustee and liquidation of the Debtor in violation of the Bankruptcy Code as well as well as other violations by the operating trustee and her legal team, violating the Free Exercise Clause and Establishment Clause; The Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4, and The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. resulting in damages and for reasons as detailed in the attached affirmation in support of the motion, the Debtor and its Christian members whose faith have been violated hereby moves pursuant to 28 U.S.C § 157(d) to request withdrawal of the reference of the *entire case* to the bankruptcy court and set up a briefing schedule to address the issues raised herein.

Dated: New York New York
   April 11, 2022

                                             /s/Karamvir Dahiya
                                                  Karamvir Dahiya
                                       Dahiya Law Offices, LLC
                                    75 Maiden Lane Suite 606
                                    New York New York 10038
                                             Tel: 212 766 8000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X   Case No. 19-12447

IN RE:

**Bronx Miracle Gospel Tabernacle Word**
**Of Faith Ministries**

            **Debtor**
---------------------------------------------------------X

## Motion to Withdraw the Reference

Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc., the Church together with its Christian members Rev. Dr. Keith Elijah Thompson, Pastor, Rev. Yvonne Mae Thompson, Minister Jeanette Y. Brown, Elder Cynthia Williams, Elder William Samuel Wright, Deacon Franklyn Robinson, Deacon Carlington McDonald, Deacon Steve Burton, Deaconness Sharon Burton, Deaconess Annie Moore, Deaconess Jean Weise, Deaconess Winsome Ferguson, Nadine McDonald, Missionary Hermin Young, Missionary Dalia Ross, Missionary In a Griffiths, Missionary Valedericka Fraser, Missionary Etta Brown, Missionary Norma Johnson, Icymay Thomas, Marcia Campbel, Freddie Campbell, Tracey-Ann Moore, Sonia Graham, Kerry-Ann Davis, Yvette McDonald, Karen Lindsay, Susan Moore, Keith Ferguson, Maxine Ferguson, Andrea Ferguson, Sharon Campbell, Paulette Campbell, Keith Elijah Thompson, Jr. Shavonne, Thompson, Shalene Thompson, Sharice Thompson, Alexander Boswell, Barbara Daley, Camille Walton, Marion Sergent Hall, Horace Hall, Barbara Goodwin, Winsome Maxwell, Murcent Brown, Marie Moore Vangeline, Campbell, Sharon Redley, Sarah Hall, Phillicia Rose Brown, Lorna Fagan, Pearline Boothe-Panton, Elouise Bacchus, Beryl Morrison, Lucille Moore, Anthony Edwards, Harrison Winchester, Marjorie Winchester, Myrtle Brown, Johanna Daughma, Kemmar Daughma, Margaret Robinson, Leroy Robinson, Anthony Hyatt, Jr, Jennifer Stubbs, Lynden

Stubbs, Joseph Quanioo, Zepheria Illidge, and Barbara Bennett (collectively, "Bronx Miracle") *moves now for withdrawal of reference to the bankruptcy court* of case no. 19-12447 (Bankruptcy Court, SDNY). We had tried it with a writ, however the Second Circuit reminded us of the linear route,

> Bronx Miracle could have sought withdrawal of the reference to the bankruptcy court using the available procedure but did not do so. See 28 U.S.C. § 157(d); S.D.N.Y. Local Bankruptcy Rule 5011-1 (outlining the procedure for filing a motion to withdraw the reference of a case or proceeding to the Bankruptcy Court).

In re: *Bronx Miracle Gospel Tabernacle Word of Faith Ministries*, et al, 20-3313-br (Feb 23, 2022, Second Circuit). **Ex. A.** We were admonished to do that and that is what we do now. We request withdrawal of reference as the bankruptcy case owing to its unique position birthing a few issues that warrants consideration or vindication of rights or protections of the churches in bankruptcy proceedings. Bronx Miracle Church has been wiped out, physically, financially, and spiritually, thanks to the short cuts by operating trustee, her team and a usurious creditor. We are fighting for justice. However, we need ruling on issues that were and are being raised *denovo* now as a part of the withdrawal of reference.

Withdrawal of reference is mandatory in this case. The district court may always withdraw the reference of a case (or part of a case) to the bankruptcy court and re-assert its exclusive jurisdiction. Indeed, article III is the watchword for federal judicial powers being exercised over private parties,

> The district court *may* withdraw, in whole or in part, any case or proceeding referred under this section, *on its own motion* or on timely motion of any party, for cause shown. The district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title II and

> other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § I 57(d) (emphases supplied). The district court my withdraw the reference sua-sponte, for both withdrawal, permissive or mandatory. "Just as the 'ultimate decision' whether to invoke [a] magistrate [judge]'s assistance is made by the district court, bankruptcy courts hear matters solely on a district court's reference, §157(a), which the district court may withdraw *sua sponte* or at the request of a party, §157(d)." *Wellness Intern. Network v. Sharif,* 135 S. Ct. 1932 (2015). Withdrawal of reference here is actually revesting the case with the court of original jurisdiction, i.e. the district court with the case. We request the withdrawal of reference for several reasons. The withdrawal here is actually mandatory. The history the bankruptcy case and what transpired is a tragic image of travesty of justice and a loot in the name of law. The religious rights of the movants have been trampled. "In far too many places, for far too long, our first freedom has fallen on deaf ears." *Roman Cath. Diocese of Brooklyn v. Cuomo,* 141 S. Ct. 63, 70, 208 L. Ed. 2d 206 (2020). The laws unresolved and at stake and abused are those related to First Amendment, The Religious Land Use and Institutionalized Persons Act 42 U.S.C. § 2000cc et seq. (RLUIPA), The Religious Freedom Restoration Act of 1993 42 U.S.C. § 2000bb through 42 U.S.C. § 2000bb-4 (RFRA) and the legal fact which has been completely ignored Churches cannot be liquidated without consent in a bankruptcy forum—neither the policy nor the reading of the bankruptcy code permits the same.

**Brief Background**

Owing to pressure by a usurious lender Thomas Borek (Borek), the Church sought under protection under Chapter 11 on July 28. 2019. Borek's company Newell Funding has a judgment against the Church, from the state court for the money loaned at a rate exceeding 30% interest rate. On December 9, 2020, Newell Funding moved for appointment of an operating trustee or granting

3

relief from automatic stay. On January 8, 2020, the bankruptcy court signed the order appointing the Chapter 11 Operating Trustee further instructing the Office of the United States Trustee to appoint such an Operating Trustee. On January 27, 2020, the bankruptcy court approved Ms. Deborah Piazza as the Operating Trustee. At the time the bankruptcy court appointed the operating Church, the debtor did not have any attorney representing their interest. On February 11, 2020, Ms. Piazza the Operating Trustee moved to have own law firm, Tarter Trinsky & Drogin LLP (Tarter) to be retained as the counsel for liquidation of the Church.

The very day the bankruptcy court ordered Tarter's retention. Attorneys, Jill Makower and Scott Markowitz took the leading role in coordinating with Borek and his agents for the sale of the Church. On March 18, 2020, Ms. Makower wrote to the bankruptcy "to request a Court conference to address the Debtor's flagrant obstruction of the Trustee's efforts to sell the Debtor's prayer house a real property located at 2910 Barnes Avenue, Bronx, New York (the "Property")." Also, the Operating Trustee "request[ed]entry of an order enforcing the Trustee's right to have a locksmith change the locks and authorizing the appropriate authorities to remove any occupants from the Property [Church]." *Ibid.*

On a hearing on March 23, 2020, the bankruptcy court in a memorandum decision stated that, "[o]nce the Court directed the appointment of a chapter 11 trustee and approved Ms. Piazza's appointment as the Trustee, the debtor ceased to be a debtor in possession and the Trustee became the representative of the estate. 11 U.S.C. § 323(a). Any entity in possession, custody or control of property that the Trustee could use, sell or lease under Bankruptcy Code § 363 was required to deliver the property to the trustee and account for the property or its value. 11 U.S.C. § 542(a)." On March 24, the bankruptcy court ordered to "immediately surrender the Debtor's real property located at 2910 Barnes Avenue, Bronx, New York (the "Property") to the Trustee free of any

occupants and to deliver all keys to the Property to the Trustee's agent and proposed real estate broker, Nico Rossi of Tamerlain Realty and further,

> . . . the Trustee is authorized to take all steps necessary or appropriate to obtain immediate possession of the Property and remove and/or request that the New York City Police Department or any other law enforcement officers acting within their authority remove, any and all unauthorized occupants from the Property, including without limitation Reverend Keith Elijah Thompson, Minister Jeanette Y. Brown, Deacon Bernel Arthur Richardson, and any other Agents and any other persons associated with the Debtor, and to immediately cause the locks on the Property to be changed and take any other necessary or appropriate steps to secure the Property . . .
>
> ORDERED, that Matthew Cochran or Gabriel Bonanno or any other locksmith associated with ASK Locksmith or any other locksmith selected by the Trustee are authorized to enter the Property by removing the locks on the Property, to change the locks . . . .
>
> . . . Reverend Keith Elijah Thompson, Minister Jeanette Y. Brown and Deacon Bernel Arthur Richardson) and contractors are hereby directed to immediately vacate the Property and are prohibited from entering the Property at any time except upon further order of this Court. . .
>
> ORDERED that any violation of this Order or interference with the execution of this Order may result in a finding of contempt and imposition of monetary or other sanctions against the person(s) who violate or interfere with the execution of this Order. ….

Bankruptcy court Order dated March 23, 2020. The Order absolutely bereft of any respect that it is a Church and that there are a Christians impacted by such an order, orders the closure of the Church in preparation for its sale. On March 24, 2020, the Church was taken over by the zealous trustee and her legal team. All the bibles, beads, books, objects of sacraments and prayers were confiscated. And the Church was locked. All services related to any programs related to funeral, wedding and or other religious services were derailed. The Church lost its member, and the members lost the Church. The Operating Trustee instructed the Pastor and other Christians that they could pray remotely. And the Trustee's attorney Mr. Markowitz told the senior church members that Ms. Piazza, the Trustee is their new boss This comment by the Trustee's attorney

offended the members and one of them reminded the attorney that there is only one Boss in the Church and that is Christ.

On April 1, 2020, the Operating Trustee moves for appointment of Tamerlane Realty Corp as the real estate broker for sale of the Church. The very next day, on April 2, 2020, the bankruptcy court enters order approving the appointment of the said real estate broker, who was but an agent of Thomas Borek. On April 17, 2020, the bankruptcy court ordered Church's account holding banks, Chase and TD Bank to produce the Church's bank statements, paperwork, and other account related documents to Ms. Jill Makower the Operating Trustee's counsel. On May 29, 2020, the Operating Trustee moved the bankruptcy court to sell the Church house free and clear of liens through an auction and bidding procedure with the hearing scheduled for June 18, 2020. However, neither the Church nor the loan guarantors on the underlying Church loan, the Pastor was served. The affidavit of service reflects a service upon Monte Chandler, Esq. who did not share with the Church the motion filed by the Operating Trustee for its sale. On June 18, 2020, the bankruptcy court approved the motion for sale of the Church-House and the attendant bidding procedures. Now, the counsel for the Operating Trustee serves the entire group of interested parties with the notice of the approval of the sale and bidding unlike the scheduling of the motion for hearing on this motion.

On July 20, 2020, the sale of the Church House took place via Zoom attended only by seven bidders for a sum of $2.8m. The auction started and concluded in 30 minutes. None of the Church member or Pastor or their attorney was allowed to access Zoom sale. It was told that it was a close/private auction and was opened only for those who had submitted the bid. Thus, a

solid structure prime real property [worth more than $5.5m] and a worship house was sold for one third of price and without due process. The buyer has taken over possession of the Church with all its furniture and religious artifacts.

On July 23, 2020, the bankruptcy court approved the sale in all aspects. On August 5, 2020, the Church moved with the Order to Show Cause (OSC) to set aside the sale and vacate the appointment of the trustee for reasons including violation of RFRA and RLUIPA, First Amendment and including the Bankruptcy Code. The bankruptcy court ordered hearing for August 14, 2020, with the parties to submit their opposition to the requisitioned relief by August 13, 2020. Owing to paucity of time no Reply could be filed to the factual incorrect assertions by the lender and the Operating Trustee. It was alleged that the way the seizure of the Church happened—bibles, beads, cloaks, sacraments, confessional records, computers, other belongings and then the trustee demanding passwords for the church all amounted to "becoming involved in the ecclesiastical functions of the church." See *Lemon v. Kurtzman,* 403 U.S. 602, 615 (1971). These concerns were expressed to the bankruptcy court. This appointment of the trustee and resulting, seizure of the Church and ouster of the Christians and their belongings violated the Church autonomy, RFRA, RLUIPA and excessive entanglement proscribed by the Establishment Clause.

On August 17, 2020, the bankruptcy court denied the Church requested relief without considering all issues raised in the OSC and denying request to brief the issues further. The Church had serious racketeering claims against Newell Funding, the bankruptcy judge denied the opportunity to the Debtor to bring those claims. He made it very clear that ("any claims for affirmative relief against Newell belong to the estate, and can only be raised by the trustee." Very serious allegations were made and brought to the attention of the bankruptcy court

7

that operating trustee's business judgment etc. was completely taken over by the lender, who was responsible for driving the Church to bankruptcy. The Church's due process and property rights etc. had been eclipsed by the involuntary imposition of the Appellee-Trustee who hijacked the bankruptcy process who in turn was monopolized by direction from the lender Newell Funding. The Church along with its members filed a writ request with the district court with an Order to Show Cause on September 10, 2020. The district court very next morning dismissed the request for preliminary relief along with under writ petition. There was an appeal taken to the second circuit.

On February 23, 2022, the Second Circuit denied the writ, observing among other things that the writ could not be granted as the Debtors and other appellants, the Christian members had not sought the regular process of withdrawal of reference. The second circuit absolutely abstained from deciding the core issues of application of RFRA, RLUIPA and violation of Frist Amendment and attendant damages owing to such violation. Also, the second circuit did not decide the issue of if the bankruptcy court could ever liquidate the Church in light of proscription against such liquidation in bankruptcy process without the consent of the Church. Chapter 11 bankruptcy filing was not a consent. Ex. A.

Meanwhile, the loot of the Church has continued. All sale proceeds have been wiped out in the name of law. We have seen tremendous greed by Tarter and gross incompetence, as the Borek was made whole by transfer of other buildings of value by the pastor the Church, a dramatic fact that which was deliberately overlooked by the Trustee and their legal team—the trustee wanted quick money.  We did not get justice, rather its miscarriage.

**Withdrawal of Reference is mandatory**

Withdrawal of reference is a very important here for issues, rather recurring issues (1) if the bankruptcy court could order liquidation of the Church when the bankruptcy code prohibits such a liquidation; (2) if RLUIPA, RFRA and First Amendment applies to an operating trustee, appointed by the U.S. Trustee Office; and (3), if the Debtor is entitled to damages for violation of the said provision and if so, then Tarter and its and team must be denied any legal fees, rather they must turn over all sale proceeds to the Church. Church worth exceeding $5.5 million sold for 2.8 and then paying the monies to a usurious lender who was already paid; then taking away the rest in legal fees. What happened to the Church and its members who are also creditors? Who was working for whom? What happened to the fiduciary duties of the Trustee? This is a "a religious corporation, one of a class of litigants that the Legislature has determined to be entitled to special safeguards." *Berlin v. New Hope Holiness Church of God, Inc.,* 93 A.D.2d 798, 799, 460 N.Y.S.2d 961, 963 (1983).

The bankruptcy judge decisions dramatically narrowed the scope of the RFRA's protections and improperly applied the law our circuit. There is a fear now with the religious denomination that they cannot enter into bankruptcy protection as they will be stripped off their religious rights and or other federal protections or face financial ruin and the loss of church Property. An article III adjudication is a must for the instant debtors and other debtors that which might face similar situation.

Section 157(d) of Title 28 mandates withdrawal of reference to the bankruptcy courts, if the district "determines that resolution of the proceeding requires consideration of both title II and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 USC §157. Here without any doubt the Church raised issues require substantial

and material consideration of a complex federal first amendment issues those reinforced and fortified by the Congressional grant of RFRA and RLUIPA, which indeed regulates organizations or activities affecting interstate commerce, as well as other federal statutes. Accordingly, the reference to the "Bankruptcy Court" should be withdrawn.

Despite the fact that district courts have "original and exclusive jurisdiction of all cases under title 11," 28 U.S.C. § 1334(a), a district court may "refer[] to the bankruptcy judges for the district" any or all bankruptcy cases. 28 U.S.C. § 157(a). Since 1984, all bankruptcy cases in this district have been referred to the bankruptcy courts and this practice continues unabated. It is a blanket referral.

The word "shall" in section 157 of Title 28 refers to a mandatory withdrawal. It imposes a mandatory condition on district courts. In *In re Combustion Equipment Associates, Inc.,* 67 B.R. 709,711 (S.D.N.Y. 1986), the district court rejected the argument that the statutory term "shall" actually means "may." The court indicated that "[n]ot only is the word 'shall' unambiguous on its face, but the legislative history, which is controlling, supports the conclusion that withdrawal is mandatory" where substantial and material consideration of federal statutes other than the Bankruptcy Code is necessary to resolve the case or proceeding. *Id*. Indeed, the legislative history of 28 U.S.C. § 157(d) makes clear that when laws affecting interstate commerce "are material to resolution of the proceeding," withdrawal of the proceeding to the district court is mandatory. 130 Congo Rec. § 6081 (daily ed. June 19, 1984) (remarks of Sen. De Concini) See also, *In re Chateaugay Corp.,* 193 B.R. 669 (S.D.N.Y. 1996) (withdrawal required where a significant interpretation of non-Code statute needed, when non-Code issues dominate, or when nonbankruptcy federal law governs cases significantly and conflicts with relevant bankruptcy law); *In re C-TC 9th Ave.,* 177 B.R. 760 (N.D.N.Y. 1995) (mandatory withdrawal where resolution of

claims require substantial and material consideration of non-Code law with more than a *de minimis* impact on interstate commerce); *United Nat'l Ins. Co. v. Vicars Ins. Agency* (*In re Vicars Ins. Agency*), 96 F.3d 949 (7th Cir. 1996).

The consideration of the RFRA and RLUIPA cannot be dispensed easily without an article III adjudication. Indeed, the issue of a RFRA is overriding in this, case, the trustee could not have been appointed by and under the Bankruptcy Code and definitely Bankruptcy Code is not exempted from the reach of RFRA and RLUIPA—these two, religion related protection needs an interpretation and enforcement. *Contemporary Lithographers Inc. v. Hibbert* (*In re Contemporary Lithographers Inc.*), 127 B.R. 122 (M.D.N.C.1991); *Michigan Milk Producers Ass'n v. Hunter*, 46 B.R. 214 (N.D. Ohio 1985); accord *PBGC v. Official Parent Creditors' Comm.* (*In re Chateaugay Corp.*), 108 B.R. 27 (S.D.N.Y. 1989). Thus, the withdrawal of the reference is necessary and mandatory. See also *In re Cablevision S.A.*, 315 B.R. 818, 821 (S.D.N.Y. 2004) ("matters 'must be withdrawn under § I57(d) if they require the bankruptcy court to substantially interpret Federal statutes which affect interstate commerce. '") (quoting *City of New York v. Exxon Corp.,* 932 F.2d 1020, 1026 (2d Cir. 1991). Similarly, since RFRA and RLUIPA regulates the organizations, the withdrawal of reference is mandatory. See for instance *Burwell, Secretary of Health and Human Services, et al. v. Hobby Lobby Stores, Inc., et al.* (No. 13-354), 134 S. Ct. 2751 (2014((extending federal RFRA defenses to closely held, for-profit corporations). The Free Exercise Clause protects not just persons, but persons collectively exercising their religion through churches or other religious denominations, religious organizations, schools, private associations, and even businesses. See also, *Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania,* 140 S. Ct. 2367, 207 L. Ed. 2d 819 (2020)(holding RFRA overrides Affordable Care Act's contraceptive mandate for religious organizational employers). Thus, there is no doubt that this

case calls for interpretation of the federal laws RFRA and RLUIPA related to religious organizations. There is also no doubt that these religious organizations and activities have an impact on interstate commerce. This is a classic case that requisitions withdrawal of reference, as the "resolution of the proceeding requires consideration of both title II and other laws of the United States regulating organizations or activities affecting interstate commerce."

Very respectfully the Church and its Christian members assert that they are entitled to damages for whatever that has been done to them by the operating trustee and her legal team. And we also assert that bankruptcy code allows neither an operating trustee appointment nor a liquidation of Church as we saw happening here. The appointment of an operating trustee for a Church creates several constitutional issues which needs to be addressed. Also closely related issue is the right forum for filing of a lawsuit against the operating trustee for the damages in light of the "maybe" application of Barton doctrine. *Barton v. Barbour*, 104 US. 126 (1881).[1] *Barton* doctrine speaks about the proper forum for claims against the court appointed receiver or an officer. Is it the bankruptcy court or the district court? The bankruptcy case is deemed filed with the district court as it is the court of original jurisdiction. 28 U.S.C. § 1334. And the cases are referred 28 U.S.C. § 157(1), to the bankruptcy units, 28 U.S.C. § 151—is that a transfer of jurisdiction?

The whole Christian congregants of the Church offended and damaged by the operating trustee and her legal teams, seeks redressal, but the bankruptcy jurisprudence is very unsettled about the foregoing issues as Justice Scalia observed in his concurrence in *Stern v. Marshall,* 564 U.S. 462, 504 2011) ("The sheer surfeit of factors that the Court was required to consider in this case should arouse the suspicion that something is seriously amiss with our jurisprudence in this

---

[1] It might not even be applicable, as the operating trustee are not appointed by the court, rather their appointment stems from the bankruptcy code—it is the statute which governs the authority for appointment and functions of the operating trustee.

area). We very respectfully state that the Church has been treated unfairly and has not been heard—the bankruptcy court could not have given short shrift without running afoul of justice.

Now the operating trustee has filed two applications with the bankruptcy court, one for final fees which wipes away the last nickel of the sale proceeds and dismissal of the case that leave the Church with no justice.

Wherefore, we request withdrawal of reference and setting up an expedited briefing schedule for the issues raised.

Dated: New York New York
April 9, 2022

/s/karamvirdahiya
Karamvir Dahiya
Dahiya Law Offices, LLC
75 Maiden Lane Suite 606
New York New York
Tel: 212 766 8000
karam@daiiya.law

20-3313-br
In re: Bronx Miracle Gospel Tabernacle Word of Faith Ministries, et al

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of February, two thousand twenty-two.

Present:    ROSEMARY S. POOLER,
            ROBERT D. SACK,
            WILLIAM J. NARDINI,
                *Circuit Judges*.

_____

IN RE: BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, THE CHURCH, REV. DR. KEITH ELIJAH THOMPSON, PASTOR, REV. YVONNE MAE THOMPSON, MINISTER JEANETTE Y. BROWN, ELDER CYNTHIA WILLIAMS, ELDER WILLIAM SAMUEL WRIGHT, DEACON FRANKLYN ROBINSON, DEACON CARLINGTON MCDONALD, DEACON STEVE BURTON, DEACONESS SHARON BURTON, DEACONESS ANNIE MOORE, DEACONESS JEAN WEISE, DEACONESS WINSOME FERGUSON, NADINE MCDONALD, MISSIONARY HERMIN YOUNG, MISSIONARY DALIA ROSS, MISSIONARY INA GRIFFITHS, MISSIONARY VALEDERICKA FRASER, MISSIONARY ETTA BROWN, MISSIONARY NORMA JOHNSON, ICYMAY THOMAS, MARCIA CAMPBELL, FREDDIE CAMPBELL, TRACEY-ANN MOORE, SONIA GRAHAM, KERRY-ANN DAVIS, YVETTE MCDONALD, KAREN LINDSAY, SUSAN MOORE, KEITH FERGUSON, MAXINE FERGUSON, ANDREA FERGUSON, SHARON CAMPBELL, PAULETTE CAMPBELL, KEITH ELIJAH THOMPSON, JR., SHAVONNE THOMPSON, SHALENE THOMPSON, SHARICE THOMPSON, ALEXANDER BOSWELL, BARBARA DALEY, CAMILLE WALTON, MARION SERGENT HALL, HORACE HALL, BARBARA GOODWIN, WINSOME MAXWELL, MURCENT BROWN, MARIE MOORE, SHARON REDLEY, VANGELINE CAMPBELL, SARAH HALL,

PHILLICIA ROSE BROWN, LORNA FAGAN, PEARLINE BOOTHE-PANTON, ELOUISE BACCHUS, BERYL MORRISON, LUCILLE MOORE, ANTHONY EDWARDS, HARRISON WINCHESTER, MARJORIE WINCHESTER, MYRTLE BROWN, JOHANNA DAUGHMA, KEMMAR DAUGHMA, MARGARET ROBINSON, LEROY ROBINSON, ANTHONY HYATT, JR., JENNIFER STUBBS, LYNDEN STUBBS, JOSEPH QUANIOO, ZEPHERIA ILLIDGE, BARBARA BENNETT,

*Petitioners*.

───────────────────────────────────────────
BRONX MIRACLE GOSPEL TABERNACLE WORD OF FAITH MINISTRIES, THE CHURCH, REV. DR. KEITH ELIJAH THOMPSON, PASTOR, REV. YVONNE MAE THOMPSON, MINISTER JEANETTE Y. BROWN, ELDER CYNTHIA WILLIAMS, ELDER WILLIAM SAMUEL WRIGHT, DEACON FRANKLYN ROBINSON, DEACON CARLINGTON MCDONALD, DEACON STEVE BURTON, DEACONNESS SHARON BURTON, DEACONESS ANNIE MOORE, DEACONESS JEAN WEISE, DEACONESS WINSOME FERGUSON, NADINE MCDONALD, MISSIONARY HERMIN YOUNG, MISSIONARY DALIA ROSS, MISSIONARY INA GRIFFITHS, MISSIONARY VALEDERICKA FRASER, MISSIONARY ETTA BROWN, MISSIONARY NORMA JOHNSON, ICYMAY THOMAS, MARCIA CAMPBELL, FREDDIE CAMPBELL, TRACEY-ANN MOORE, SONIA GRAHAM, KERRY-ANN DAVIS, YVETTE MCDONALD, KAREN LINDSAY, SUSAN MOORE, KEITH FERGUSON, MAXINE FERGUSON, ANDREA FERGUSON, SHARON CAMPBELL, PAULETTE CAMPBELL, KEITH ELIJAH THOMPSON, JR., SHAVONNE THOMPSON, SHALENE THOMPSON, SHARICE THOMPSON, ALEXANDER BOSWELL, BARBARA DALEY, CAMILLE WALTON, MARION SERGENT HALL, HORACE HALL, BARBARA GOODWIN, WINSOME MAXWELL, MURCENT BROWN, MARIE MOORE, SHARON REDLEY, VANGELINE CAMPBELL, SARAH HALL, PHILLICIA ROSE BROWN, LORNA FAGAN, PEARLINE BOOTHE-PANTON, ELOUISE BACCHUS, BERYL MORRISON, LUCILLE MOORE, ANTHONY EDWARDS, HARRISON WINCHESTER, MARJORIE WINCHESTER, MYRTLE BROWN, JOHANNA DAUGHMA, KEMMAR DAUGHMA, MARGARET ROBINSON, LEROY ROBINSON, ANTHONY HYATT, JR., JENNIFER STUBBS, LYNDEN STUBBS, JOSEPH QUANIOO, ZEPHERIA ILLIDGE, BARBARA BENNETT,

*Petitioners-Appellants,*

2

v. 20-3313-br

HON. STUART M. BERNSTEIN, BANKRUPTCY COURT JUDGE, IN HIS OFFICIAL CAPACITY,[1] DEBORAH J. PIAZZA, CHAPTER 7 TRUSTEE, IN HER OFFICIAL CAPACITY,

*Defendants-Appellees*.

_____

| | |
|---|---|
| Appearing for Appellants: | Karamvir Dahiya, Dahiya Law Offices, LLC, New York, N.Y. |
| Appearing for Appellee Deborah J. Piazza: | Michael Z. Brownstein, Tarter Krinsky & Drogin LLP (Jill Makower, *on the brief*), New York, N.Y. |

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Bronx Miracle Gospel Tabernacle Word of Faith Ministries, Inc., together with its members (collectively, "Bronx Miracle"), appeals from the September 11, 2020 decision and order of the United States District Court for the Southern District of New York (Nathan, *J.*) denying their petition for a writ of prohibition and mandamus, as well as their request for an emergency stay of a sale of their real property. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Because the notice of appeal limits itself to the September 11 order denying the petition for mandamus, the standard of review is not de novo, as Bronx Miracle urges. "The traditional use of the writ in aid of appellate jurisdiction both at common law and in the federal courts has been to confine the court against which mandamus is sought to a lawful exercise of its prescribed jurisdiction." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (brackets omitted). To be entitled to the issuance of a writ of mandamus, petitioners must "demonstrate a clear abuse of discretion or conduct amounting to usurpation of the judicial power to be entitled to issuance of the writ." *See Mallard v. U.S. Dist. Court for S. Dist. Iowa*, 490 U.S. 296, 309 (1989) (internal quotation marks, alterations, and citations omitted). A writ of mandamus may be obtained only in cases with "exceptional circumstances or . . . extraordinary significance." *In re United States*, 680 F.2d 9, 12 (2d Cir. 1982).

Issuance of the writ is subject to "three demanding conditions that must be satisfied." *In re United States*, 945 F.3d 616, 623 (2d Cir. 2019). First, "the petitioner must have no other adequate means to attain the relief it desires." *Id.* (internal quotation marks and bracket omitted).

---

[1] Judge Stuart M. Bernstein was named as a respondent in the mandamus petition filed in the district court. He declined to file a brief or otherwise participate in this appeal.

Second, "the petitioner must satisfy the burden of showing that [its] right to issuance of the writ is clear and indisputable." *Id.* (internal quotation marks omitted). Third, "the issuing court must be satisfied that the writ is appropriate under the circumstances." *Id.* (internal quotation marks omitted).

Bronx Miracle sought three forms of relief from the district court: an emergency stay of the sale of the church property; removal of the trustee and the restoration of Bronx Miracle to debtor-in-possession status; and withdrawal of the reference to the bankruptcy court.[2] As it failed to show it can satisfy any of the conditions necessary to obtain a writ, we affirm the district court's order.

Bronx Miracle's claim for an emergency stay of the sale of the church property is moot, as the sale order was not stayed and the sale was later consummated. Section 363 of the Bankruptcy Code "creates a rule of statutory mootness which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c) so long as the sale was made to a good-faith purchaser and was not stayed pending appeal." *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 247 (2d Cir. 2010) (internal quotation marks and citation omitted).

Nor is Bronx Miracle able to show entitlement to a writ to remove the trustee and restore Bronx Miracle to debtor-in-possession status, or for the withdrawal of reference to bankruptcy court. Among other things, Bronx Miracle has not shown that it lacked an adequate alternative means, instead of an extraordinary writ of mandamus, for each form of relief. With respect to removal of the trustee, Bronx Miracle failed to take a timely appeal to the district court, even though it could have done so. "[M]andamus will not issue merely as a substitute for ordinary appellate review." *United States v. Lasker*, 481 F.2d 229, 232 (2d Cir. 1973). Likewise, Bronx Miracle could have sought withdrawal of the reference to the bankruptcy court using the available procedure, but did not do so. *See* 28 U.S.C. § 157(d); S.D.N.Y. Local Bankruptcy Rule 5011-1 (outlining the procedure for filing a motion to withdraw the reference of a case or proceeding to the Bankruptcy Court). Given the availability of this alternative means of seeking the requested relief, there was no basis for Bronx Miracle to seek a writ of mandamus from the district court.

We have considered the remainder of Bronx Miracle's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

---

[2] In its briefs before this Court, Bronx Miracle also suggested that it was entitled to an additional form of relief—damages. However, at oral argument, counsel for Bronx Miracle conceded that the issue of whether it was entitled to damages was not properly raised before the district court, and therefore is not at issue in the present appeal. We accordingly consider only the remaining three forms of relief discussed in the text.